201.  At all relevant times herein, Plaintiffs have a right to equal protection and under the due process under the federal and state constitutions not to be deprived of their constitutionally protected interest in their property.

202.  At all times relevant herein, the Defendants were state actors, or private persons, jointly engaged with state officials in the challenged action, and are acting "under color" of law for purposes of this action.

203.  The CITY allowed instituted a policy-practice and/or custom of allowing building permits to be issued without prior ARC approval and then for no legitimate legal reason after Plaintiffs had obtained a vested property interest in the building by investing in excess of Five Hundred Thousand ($500,000.00) Dollars in the restoration of their building the CITY unlawfully revoked said building permit and demanded that Plaintiffs restore the building to its prior appearance.

204.  The only explanation is that the CITY has discriminated against Plaintiffs because of the political pressures from the community as caused to be swayed by the illegal conduct the McGRANE, CUMMINGS and ARC-NAG Enterprise Defendants.

205.  By depriving the land owners-Plaintiffs of their rights to equal protection after issuing the building permit and after Plaintiffs had obtained a vested right in the permit and then without legal justification revoking said permit, Plaintiff were denied the due process rights because while at times the MUNICPAL Defendants affording others the right to by-pass the ARC, Plaintiffs were denied their vested rights,

notwithstanding their accrual expenses, wherein by said conduct the CITY MUNICPLE Defendant(s) insinuated itself into the conspiracy and metamorphosed the individual actors into State actors wherein they actually knew and allowed McGRANE, CUMMINGS, and the ARC-NAG Enterprise to continue the acts of illegal revocation by allowing McGRANE, CUMMINGS and CRABB on behalf of the ARC-NAG Enterprise to proceed to force Plaintiff to submit an application to the ARC, forcing Plaintiffs to appear before the ARC so as to have the ARC review their previously approved plans, while actually knowing that the ARC did not have the proper sworn or qualified members to review said plans and that the application would be rejected because of political and public pressure but did nothing to correct the illegal acts of McGRANE, CUMMINGS, CRABB and KELSON on behalf of the ARC-NAG Enterprise and/or CORPORATON COUNSEL.

206.   Acting under the color of law, Defendants worked a denial of Plaintiffs' rights, privileges, or immunities secured by the United States Constitution or by Federal law and guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and the New York State Constitution to wit, they sought and got court orders based on their misrepresentations.

207.   As a result of Defendants' concerted unlawful and malicious conduct, Plaintiffs were both deprived of their rights to equal protection of all the laws and to due process of law, of their right to their property, and the due course of justice was

impeded, in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

208.  Plaintiffs were harmed, have incurred considerable legal debt which would not otherwise have been incurred, and has suffered the loss of use of their building, have been displaced form the community, lost confidence in and experience feelings of betrayal by the CITY of NEWBURGH and can no longer remain in the CITY or otherwise help rebuild the CITY and have suffered other damages.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT III

**Conspiracy To Interfere With Civil Rights In Violation Of 42 U.S.C. § 1985(1)&(3)**

**[CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,     KING, CRACOLICI DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)**

209.   Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "208" inclusive, with the same force and affect as though they were more fully set forth herein at length.

210.   Plaintiffs are informed and believe that, each of the illegal incidents described in paragraphs "1-198", above, were planned and ordered within the State of New York by Defendants acting in their official capacity, individually or as a coconspirator and ARC-NAG Enterprise members.

211.   Plaintiffs are informed and believe that, the purpose and intent of Defendants individual and collective tactics, in   planning and organizing the aforementioned illegal taking of Plaintiffs' vested property interest  was to illegally prevent the   CITY-MUNICIPLE-Defendant(s)  in  their  respective offices from effectively establishing-executing a policy-practice of by-passing the ARC for safety and/or economic reasons,   and that in other words, these tactics were designed to intimidate, the CITY MANGER McGRANE, CUMMINGS and the CITY COUNCIL and COPRORATON COUNCIL from effectively administering governmental policy-

practice and custom and to cause injury to Plaintiffs in the taking of their property.

212. Plaintiffs are informed and believe that, so as to prevent the CITY-MUNICIPLE-Defendant(s) from performing their duties   at least two or more Defendants in this State conspired to prevent, by force, intimidation, and/or threat, the CITY-MUNICIPLE-Defendant(s) from holding their office, trust, or place of confidence under the a duly formed governmental body in the CITY, and/or obstructed the discharging of their duties thereof; and/or attempted to induce by like means said officers to fail to perform said office as required to be performed while engaged in the lawful conduct thereof, and as such have molested Plaintiffs, interrupted, hindered, and/or impeded said officer in the discharge of their official duties to said Plaintiffs.

213. Plaintiffs are informed and believe that, Defendants agreed and conspired among themselves, and with others, to interrupted, hindered, and/or impeded disrupt, harass, intimidate, and otherwise harm Plaintiffs in the exercise of their Constitutional and civil rights and to prevent Plaintiffs from continuing to effectively exercise these rights by conspiring among themselves and with others to influence and utilize CITY-MUNICIPLE-Defendant(s) to actively interrupted, hindered, and/or impeded, disrupt, harass, intimidate, and otherwise harm Plaintiffs in the taking of their property and in the exercise of their Constitutional and civil rights and to prevent Plaintiffs from continuing to effectively exercise these rights.

214. Plaintiffs are informed and believe, that Defendants' aforementioned conspiracy to prevent Plaintiffs from effectively exercising these rights was predicated upon animus toward Plaintiffs because of the MUNICIPLE Defendant(s) establishment of their policy and practice of by-passing the ARC and their status as out of state investors not welcomed in the CITY of Newburgh.

215. Plaintiffs are citizen of the United States of America, and can legally invest and own property in an absentee status in all of the States and territories of the U.S.

216. Plaintiffs have been illegally prevented from effectively owning said property by intimidation, and other illegal conduct, perpetrated by Defendants in this action which as result of exercising Plaintiffs' rights, Plaintiffs were injured in their person and property by the means described in detail above.

217. As a result of Defendants' conspiracy to prevent Plaintiffs from exercising their rights of ownership, Plaintiffs, suffered substantial damages to their personal property costing in loss valuable time and substantial money damages, including the money spent over the past year to defend themselves against Defendants' false accusations of bribery and other cost.

218. As a result of Defendants' conspiracy to prevent Plaintiff-DOLLINGER from exercising his rights, Plaintiff-DOLLINGER has suffered substantial damages to his good reputation in the community-county because his character has been severely and unjustifiably maligned.

219. As a result of Defendants' conspiracy to prevent Plaintiff-DOLLINGER from exercising his rights, Plaintiff- DOLLINGER has suffered substantial damages in the form of mental anguish and emotional distress.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT IV

### Fraud By Omission Or Nondisclosure

**[CITY  MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,    KING, CRACOLICI, DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)**

220.   Plaintiffs repeat and reallege and incorporate by reference the allegations in paragraphs "1" through "219" above with the same force and effect as if herein set forth.

221.   The policy-practice and/or custom of issuing building permits without prior ARC approval is a valid exercise of the retained powers of local government officials and should not to be lightly disregarded, because investors-land owners must be able to rely on the governmental officials in their official capacities and must be able to rely on the policies-practices adopted by local officials without fear that the policy-practice or custom will fall victim to political or community pressure.

222.   When a land owner pays the fees for, and receives a lawfully issued building permit, and undertakes the expenditure of construction the result is a trust between the parties.

223. When McGRANE exercised the MUNICIPAL Defendant(s) policy making powers and CUMMINGS instituted the practice of issuing the Plaintiffs a building permit for 96 Broadway, and then issued stop work orders based on political pressures and community outcry without KELSON disclosing to the ARC and/or the public that they were exercising their reserved governmental powers and were instead revoking the building permit or otherwise stopping the project due to the political and community pressures they knew the reasons given, that the permit was mistakenly issued, to be neither true nor accurate, and a misrepresentation, wherein they were attempting to defraud Plaintiffs and the public by nondisclosure.

224. By their intentional withholding of the truth and failure to be truthful about their policy and practice of by-passing the ARC and intentionally issuing Plaintiff their building permit the repeated misrepresentations of McGRANE, CUMMINGS and KELSON caused Plaintiffs expenses that were reasonably foreseeable as a possible result of the defendants intentional acts.

225. The Defendants are responsible not only for their outright untrue statements, but also for forcing Plaintiffs to appear before the ARC, especially when the had actual knowledge that the ARC was without the proper members to render a decision on Plaintiffs' appilication.

226. Plaintiffs were harmed and have been caused to incur considerable legal expenses in order answer the false claims and have been suffering from anxiety, a feeling of hopelessness, loss of trust, loss of confidence in and feelings of betrayal by the justice system, shock, and emotional scarring, all compensable as emotional distress, and other damages.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the

defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT V

### Common Law Conspiracy
**[CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI. DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)**

227. Plaintiffs repeat and reallege and incorporate by reference the allegations in paragraphs "1" through "226" above with the same force and effect as if herein set forth.

228. All the Defendants **(a)** had an illegal object to be accomplished; **(b)** had an agreement on the illegal object or illegal course of action, to wit, to deprive Plaintiffs of their right to the equal protection of the laws, specifically, the right to build and restore their own property; **(c)** performed one or more unlawful overt acts; and **(d)** caused Plaintiffs damages that were a direct result of those acts.

229. In furtherance of their object, defendants did two or more overt acts against the plaintiffs. Those unlawful overt  acts include, but are not limited to, the

facts outlined in paragraphs "1" through "226" above and amount to an illegal conspiracy under the law.

230. All Defendants are liable for their acts, because Plaintiffs suffered harm and damages, for the reasons stated above and as a direct result of those acts.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT IV

### Negligent Infliction Of Emotional Distress

**[CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI. DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)**

231.   Plaintiff-DOLLINGER repeats and realleges and incorporates by reference the allegations in paragraphs "1" through "229" above with the same force and effect as if herein set forth.

232.   Defendants CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI, DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) continually negligently inflicted emotional distress on the Plaintiff-DOLLINGER.

233.   The CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI. DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) had a continuing affirmative duty to perform their official and quasi-official duties in such a manner as not to inflict emotional distress on Plaintiff-DOLLINGER.

234.   Defendants CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI, DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) breached their duties to Plaintiff-DOLLINGER.

235.   Plaintiff-DOLLINGER was by the appointment of GABOR to a post on the CITY Arts commission, wherein said act was grossly negligent, careless, reckless

and otherwise an act of bad faith inasmuch as the CITY had commenced a civil action against Plaintiffs-DOLLINGER wherein as a direct defense the CITY-McGRANE knew or should have known that a claim or defense would have involved GABOR and the allegations of bribery.

236.   Plaintiff-DOLLINGER suffered not only physical symptomatologies but also, as a consequence of the physical injury, mentally by breach of duties in the administration of the law.

237.   Plaintiff-DOLLINGER was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of set forth above in paragraphs "1" through "229".

238.   As a result of Defendants negligent conduct, DOLLINGER has suffered and will continue to suffer physical symptomatologies, such as severe, continuous headaches and pains in his extremities, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the

defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT VII

**[CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)**

### Intentional Infliction Of Emotional Distress

239. Plaintiff repeats and realleges and incorporate by reference the allegations in paragraphs "1" through "238" above with the same force and effect as if herein set forth.

240. Defendants intentionally and deliberately inflicted emotional distress on DOLLINGER by interfering with his civil rights and conspiring against him, and publishing false accusation about him and thereby destroying his trust in the judicial system.

241. Plaintiff-DOLLINGER was deeply humiliated by the appointment of GABOR to a post on the CITY Arts commission, wherein said act was grossly negligent, careless, reckless and otherwise an act of bad faith inasmuch as the CITY

had commenced a civil action against Plaintiffs-DOLLINGER the CITY-McGRANE-CORPROATON COUNSEL-KELSON knew or should have known that a direct claim or defense would have involved GABOR and the allegations of bribery related to CUMMINGS and the Plaintiffs receipt of the building permit.

242. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

243. The actions of the Defendants were the cause of DOLLINGER's distress.

244. DOLLINGER is a reasonable man.

245. The emotional distress sustained by DOLLINGER, was severe and of a nature that no reasonable man could be expected to endure.

246. As a result of the Defendants' extreme and outrageous conduct, DOLLINGER has suffered and with a high degree of likelihood, will continue to suffer mental pain and anguish, embarrassment, humiliation that he was so betrayed by the judicial system, and severe emotional trauma.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,  KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the

defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT VIII

### Abuse of Process

**[CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI, DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively and as MUNICPLE Defendant(s)**

247.   Plaintiff repeats and realleges and incorporate by reference the allegations in paragraphs "1" through "246" above with the same force and effect as if herein set forth.

248.   With respect to the events between January 2006 and continuing to date, wherein the CITY filed false stop work orders and demanded that Plaintiffs submit an application to the ARC after lawfully issuing Plaintiff their building permit for 96 Broadway, and of which the CITY filed a false civil complaint in the Orange County Supreme Court failing to disclose the truth of the circumstances by which said building permit was issued and demanding the Plaintiffs restore their building to its prior appearance, the filing of those false stop work orders forced appearance before the

ARC, and that of the false the civil complaint was an effort to take Plaintiffs ownership interest in their property by claiming that when CUMMINGS issued Plaintiffs' their building permit he was mistaken.

249. The intent and purpose of Defendants in planning, ordering, the filing of the complaint demanding that the building be restored to it former appearance was a taking of Plaintiffs' property and in response to political and community pressures.

250. There was never any real legal basis upon which to substantiate the taking of Plaintiffs' vested property but it was the intent and purpose of Defendants in this action to use the legal process to appease political and community pressures by contriving the truth in the practice and policy of the CITY in issuing building permits without prior ARC approval and a that the claimed mistake was a fabrication, which could then be and was/is being exploited regardless of veracity.

251. As a result of Defendants' illegal use of the legal process, Plaintiffs have suffered substantial financial damages, including the money he has spent over the past year to restore their building.

252. As a result of Defendants' illegal use of the legal process, Plaintiffs-DOLLINGER have suffered substantial damages in their property and in particular DOLLINGER to his good reputation in the community because his character has been severely and unjustifiably maligned.

253. As a result of Defendants' illegal use of the legal process, Plaintiff-

DOLLINGER and his FIRM's ability to practice law in the City of Newburgh and through Orange County, New York was unfairly and unjustifiably undermined.

254.    As a result of Defendants' illegal use of the legal process, Plaintiff has suffered substantial damages in the loss of their property and in the form of mental anguish and emotional distress.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, the CITY MUNICIPLE Defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,   KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

### COUNT VIII

### Libel, Slander and Deformation

**CRABB, GABOR, KELSON,   KING, CRACOLICI DOE's 1-10 and ROEs 1-10, Each Individually The ARC-NAG Enterprise Members Collectively**

255.  Plaintiff repeats and realleges and incorporate by reference the allegations in paragraphs "1" through "254" above with the same force and effect as if herein set forth.

256.  By knowingly and falsely publishing their continuing manifesto and false messages over the internet as designed to discredit and otherwise illegally sway public opinion against Plaintiffs and so as to injure Plaintiffs' in their application before the ARC,  and then again by repeating the same false allegations to the CITY's Chief CORPORATON COUNSEL and before the CITY COUNCIL meeting, each being non-privileged communications, or otherwise made at  a public forum CRACOLICI and GABOR individually and/or on behalf of the ARC-NAG Enterprise members were able to cast a cloud of suspicion over the Plaintiffs having them become the object of hatred, contempt, ridicule and obloquy because they falsely published claims alleging that Plaintiffs were criminals and had bribed the CITY building inspectors so as to illegally obtain their building permit and/or otherwise receive favorable treatment.

257.  As a result of the acts perpetrated as described above, Plaintiffs-DOLLINGER have suffered substantial financial damages, including the money spent over the past year to defend against Defendants' false accusation of bribery.

258.  As a result of the acts perpetrated as described above, Plaintiffs-DOLLINGER-the FIRM have suffered and will suffer substantial monetary damages to their  property  and  DOLLINGER  to  his   good   reputation   in   the   community

because his character has been severely and unjustifiably maligned.

259.   As a result of the acts perpetrated by Defendant as described above, DOLLINGER has suffered from substantial mental anguish and emotional distress.

260.   There is absolutely no legal justification whatsoever for Defendants false publications, nor is there any justification for any of the other acts perpetrated by Defendants as described in detail, above.

261.   At all times material hereto, the CARCOLICI and GABOR on behalf of the ARC-NAG Enterprise members were able to cast a cloud of suspicion over the Plaintiffs having them become the object of hatred, contempt, ridicule and obloquy because the ARC-NAG Enterprise falsely published claims over the internet alleging that Plaintiffs were criminals and had bribed the CITY building inspector CUMMINGS so as to illegally obtain their building permit, and bribed Hunter so as to force the owners of 113 Liberty Street, Newburgh, New York to sell the building to Plaintiff-Dollinger.

**WHEREFORE,** Plaintiff demands judgment for the violation of his civil rights against all the defendants, CRABB, GABOR, KELSON, KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and the ARC Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment the defendant(s), McGRANE, CUMMINGS, CRABB, GABOR, KELSON,

KING, CRACOLICI DOE's 1-10 and ROEs 1-10, each individually and as ARC-NAG

Enterprise Members collectively and as CITY MUNICPLE Defendant(s) jointly and

severally, for punitive damages in an amount to be determined by the jury, plus the

costs of this action, including attorney's fees, and such other relief deemed to be just,

fair, and appropriate.

Dated: Newburgh, New York
       July 23, 2007
                        Yours, etc.,_____

                             DOUGLAS R. DOLLINGER, ESQ.(5922)
                             Pro Se Attorney for Plaintiff(s)
                             P.O. Box 1111
                             113 Liberty Street
                             City of Newburgh
                             Newburgh, New York 12550
                             Tele. (845) 562-9601