UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
96 BROADWAY, LLC, ET AL.,

                   plaintiffs,

-against-

THE CITY OF NEWBURGH, ET AL.,

                   defendants,
----------------------------------------X

**DECLARATION**

07 CIV. 6689 (SCR)

    Nicholas A. Pascale, Esq., an attorney at law duly admitted to practice before this Court, affirms under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

### INTRODUCTION

    1.   I am associated with the law firm of TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC, attorneys for defendant, THE CITY OF NEWBURGH (hereinafter referred to as "CITY") in the above captioned matter.

    2.   This declaration is submitted, together with the accompanying memorandum of law, in support of the CITY'S motion pursuant to FRCP 12(b)(1) and FRCP 12(b)(6) dismissing this action for want of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For all the reasons set forth the complaint must be dismissed.

## Background and Procedural Posture

3. The facts underlying this matter are also set forth in a motion to remand filed by the CITY in a companion case at 07 CV 6419 (SCR), ECF Docket #3-5). To avoid burdening the Court with duplicative materials, the Court is respectfully referred to the companion matter 07 CV 6419 (SCR) at ECF Docket #3-5 for a more detailed recapitulation of the facts.

4. The facts underlying both this matter and the companion matter are essentially the same. Summarizing them, in essence, in the companion case the CITY is seeking a direction from the Court that, in compliance with THE CITY OF NEWBURGH Code, the defendants therein secure the premises located at 96 Broadway, to restore the premises, it's condition and appearance to *status quo ante*, and restraining defendants from performing any work until they act in conformity with Article V of THE CITY OF NEWBURGH Code.

5. In this case (07-CV-6689), 96 Broadway, LLC and its principal members Douglas R. Dollinger, Esq., Michael Molus and Carol Molus (hereinafter sometimes collectively referred to as "plaintiffs" or sometimes individually referred to as "96 Broadway, LLC"; "Dollinger" or "M. Molus" or "C. Molus") have filed an action as plaintiffs against the CITY and certain CITY officials and employees

as well as certain individuals not affiliated with the CITY. A copy of the complaint filed in this matter is annexed as Exhibit "A".

6. The plaintiffs have interposed a large array of claims in their complaint. See, Exhibit "A". However, the plaintiffs fail to state any claim upon which relief may be granted. Moreover as to certain of the claims advanced by plaintiffs, this court lacks subject matter jurisdiction.

7. The CITY respectfully submits that the federal claims alleged by the plaintiffs should be dismissed. The state common law claims should also be dismissed both in the exercise of this court's discretion not to retain jurisdiction of pendent state law claims and because the claims are wholly lacking in merit. Accordingly, the complaint must be dismissed.

### The Plaintiffs' Claims

8. Because the complaint is somewhat prolix, obtuse and repetitive it is useful to block out the plaintiff's apparent claims, addressing each in sequence.

9. In summary, the complaint purports to seek an order from this Court directing the issuance of certain building permits, that certain stop work orders be vacated and that the CITY be enjoined from "interfering" with plaintiff's work on its building at 96 Broadway. See, exhibit "A" at page 2.

10. The request for that relief appears to be premised on alleged violations of the plaintiffs' rights under the Constitution

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100

of the United States of America and the State of New York. *See*, exhibit "A" at pages 2-3. *See*, Exhibit "A".

### Plaintiffs' Count I- "Permanent Injunction Relief" [sic].

11. Read liberally this count apparently seeks an order from this Court directing the CITY to vacate its stop-work orders to plaintiffs and to re-instate building permits which have been revoked by the CITY. This claim, which presents issues purely of local and state law, should be dismissed because a) that applicable statute of limitations has expired; b) even had the statute not expired, the complaint must be dismissed by virtue of plaintiffs' failure to comply with the notice of claim provisions of New York General Municipal Law §50-e.

12. To the extent this claim purports to allege an unconstitutional taking of plaintiff's property without payment of just compensation, this action is not yet ripe for adjudication in this Court since the plaintiff has not yet been denied the payment of just compensation through available and adequate state procedures and therefore no actionable constitutional injury has occurred. Since the plaintiff has failed to first exhaust its remedies in state court it cannot yet complain that its constitutional right to receive compensation has been denied. Therefore this action must be dismissed since it is unripe and since this Court, therefore, lacks subject matter jurisdiction pursuant to FRCP 12(b)(1).

13. There is no allegation in the plaintiff's complaint that it has complied with the state litigation requirement, which is a prerequisite to the commencement of a takings claim under section 1983, nor is there any allegation that the State of New York's procedures in that regard are either unavailable or inadequate. There is no question but that the plaintiff's complaint must be dismissed. The City further submits that since the statute of limitations governing the claimant's state law remedies has expired, this claim will never ripen and should therefore not only be dismissed, but dismissed with prejudice.

### Plaintiffs' Count II – "Conspiracy To Interfere With Plaintiffs' Equal Protection and Due Process Right" [sic].

14. To the extent that the plaintiffs purport, in their Count II, to allege violation of their equal protection and due process rights same must be dismissed.

15. The plaintiff's Equal protection claims must fail because the complaint fails to allege the existence of a comparator or comparators with whom the plaintiff's claim to be prima facie identical such that any disparate treatment between the said comparator or comparators cannot be the product of a rational and legitimate governmental policy or of mistake.

16. The plaintiffs' Due Process claims fail because they do not allege and cannot allege that [plaintiffs] had a valid property interest in the granting of the building permit and that the

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100

defendants infringed that property interest in an arbitrary or irrational manner.

**Plaintiffs' Count III - "Conspiracy To Interfere With Civil Rights In Violation of 42 U.S.C. §1985(1) & (3)"**

17. The invocation of 42 U.S.C. §1985(1) & (3) is inappropriate and must fail. Even if all the facts alleged in the pleadings are taken as true, as they must be on a motion of this type, a claim of conspiracy to interfere with civil rights has not been adequately plead and does not lie on the facts alleged here.

18. The section 1985(1) claims fail because, *inter alia*, this one is simply not the type of embraced by either the plain text or the spirit of the statute. For instance, there is no allegation that any of the defendants have acted wrongfully to prevent an officer of the United States from performing his or her duties. This is a local dispute over compliance with local codes between the CITY and the plaintiffs. It approaches the sublime to argue that the facts alleged by plaintiffs amount to a section 1985(1) claim. This statute was intended to protect the implementation of federal civil rights by federal officers. No reading of the complaint supports such a claim.

19. Likewise, the plaintiff's section 1985(3) claims must fail. Aside from the fact that the predicate elements of a conspiracy to injure civil rights, an act in furtherance thereof, and a bona fide injury are not alleged, there is simply no allegation nor can there be that the plaintiffs are members of a suspect class. The fact that

one of the plaintiffs is a lawyer who maintains his office in the CITY and that the other plaintiffs may be from out of state is insufficient.

### Pendent State Law Claims

20. Aside from the above mentioned federal claims the plaintiffs have interposed a number of common law state claims pendent to this Court's federal question jurisdiction. The Plaintiffs allege the following state law claims in the complaint: Count IV - "Fraud By Omission or Nondisclosure"; Count V - "Common Law Conspiracy"; Count VI - "Negligent Infliction of Emotional Distress"; Count VII - "Intentional Infliction of Emotional Distress"; Count VIII - "Abuse of Process"; and Count IX- "Libel, Slander, Defamation". As set forth in the accompanying Memorandum of Law; since the federal claims should all be dismissed this court need not; in the exercise of its discretion retain jurisdiction over these purely state law claims. Should the Court grant the CITY'S motion to remand the companion case to state court, this would be doubly appropriate as the two cases rest on common facts.

21. Moreover, these common law state claims are all barred by virtue of the plaintiff's failure to comply with New York notice of claim statute. Moreover, as set forth in the memorandum of law, these claims fail on their merits and are insufficiently alleged such that even on the facts alleged they fail to state a claim upon which relief may be granted.

## Exhibits

22. The following documents, together with the accompanying memorandum of law, are offered in support of this motion:

Plaintiffs' Complaint (07-CV-6689)           "A"

Article V of the CITY Code                   "B"

## Relief Requested

23. Wherefore, defendant, CITY, respectfully requests entry of an order:

A) Granting this motion in its entirety dismissing the plaintiffs' complaint pursuant to FRCP 12(b)(1) and 12(b)(6); and

B) For such other and further relief as this Court may deem just, proper, and equitable.

Dated:   Newburgh, New York
         October 19th 2007

                                    _____
                                    NICHOLAS A. PASCALE, ESQ. (NP-5766)

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100