UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
96 BROADWAY, LLC, ET AL.,

                    plaintiffs,           **MEMORANDUM OF LAW**

-against-
                                          07 CIV. 6689 (SCR)

THE CITY OF NEWBURGH, ET AL.,

                    defendants,

--------------------------------X


==============================
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
PURSUANT TO FRCP RULE 12(b)(1) and 12(b)(6)
==============================


                        Yours, etc.,

                        TARSHIS, CATANIA, LIBERTH,
                        MAHON & MILLIGRAM, PLLC
                        Attorneys for Defendants
                        One Corwin Court PO Box 1479
                        Newburgh, New York 12550
                        Tel. No. (845) 565-1100


OF COUNSEL:  NICHOLAS A. PASCALE, ESQ. (NP-5766)

## TABLE OF CONTENTS

**Page**

Table of Authorities ............................................... 3

Argument .......................................................... 6

    I.    Plaintiffs' claims for an unconstitutional taking without the payment of just compensation must fail............... 6

    II.   Plaintiffs' Count II – "Violation of Equal Protection" rights must be dismissed in that plaintiffs fail to allege sufficient facts to make out such claims................ 12

    III.  Plaintiffs' Count II – "Violation of Due Process" rights must be dismissed in that plaintiffs fail to allege sufficient facts to make out such claims................ 14

    IV.  Plaintiffs' Count III – "Conspiracy to Violation Civil Rights" under section 1985(1) must be dismissed in that plaintiffs fail to allege sufficient facts to make out such claims.................................................. 19

    V.   Plaintiffs' Count III – "Conspiracy to Violation Civil Rights" under section 1985(3) must be dismissed in that plaintiffs fail to allege sufficient facts to make out such claims.................................................. 20

    VI.  Plaintiffs' Count I Claims For a Permanent Injunction must fail...................................................... 22

Conclusion ........................................................ 33

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

## TABLE OF AUTHORITIES

Federal Cases

Am. Tower LP v. City of Huntsville, 295 F.3d 1203, 1207
(11th Cir. 2002) ............................................... 26

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) ........ 32

Bizzarro v. Miranda, 394 F.3d 82, 89 (2d Cir. 2005) ............... 27

Bridgestone/Firestone v. Recovery Credit Servs., 98 F.3d 13,
19 (2d Cir. 1996) ............................................... 28

Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994) .................... 32

Deepwells Estates, Inc. v. Incorporated Village of Head of the
Harbor, 973 F.Supp. 338 (E.D.N.Y., 1997) .................. 8, 9, 11

Ford Motor Credit Co. v. N.Y. City Police Department,
394 F.Supp.2d 600 (S.D.N.Y., 2005) ............................. 8,9

Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) ... 21

Gamble v. Eau Claire County, 5 F.3d 285 (7th Cir., 1993) ....... 8, 10

Gray v. Darien, 927 F.2d 69, 73 (2d Cir. 1991) .................... 21

Grillo v. New York City Transit Authority, 291 F.3d 231, 234
(2d Cir. 2002) ................................................. 22

Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 503
(2d Cir. 2001) ............................................. 15, 17

HBP Assocs. v. Marsh, 893 F. Supp. 271, 278 (S.D.N.Y. 1995) ........ 11

Jews for Jesus, Inc. v. Jewish Community Relations Council
of New York, Inc., 968 F.2d 286, 290-91 (2d Cir.1992) .............. 21

Kush v. Rutledge, 460 U.S. 719, 724 (1983) ....................... 20

Lawson v. Conn., 999 F.2d 536 (2d Cir. 1993) ..................... 19

MacDonald, Sommer & Frates v. County of Yolo, 477 U.S. 340, 348,
91 L. Ed. 2d 285, 106 S. Ct. 2561 (1986) .......................... 6

Clubside, Inc. v. Valentin, 468 F.3d 144, 159
2d Cir. 2006) .......................................... 12, 13, 15

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100

Rector, Wardens, & Members of Vestry of St. Bartholomew's Church
v. New York, 728 F. Supp. 958 (S.D.N.Y., 1989)............... 18, 19

Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005)........ 13, 14

Pascoag Reservoir & Dam, LLC v. The State of Rhode Island,
337 F.3d 87(1st Cir., 2003)............................... 8, 9, 10

R-Goshen LLC v. Goshen, 289 F. Supp. 2d 441 (S.D.N.Y. 2003)....21, 22

RRI Realty Corp. v. Southampton, 870 F.2d 911, 919 (2d Cir. 1989).. 15

San Remo Hotel, L.P., et al. v. City and County of San Francisco,
125 S.Ct. 2491, 162 L.Ed.2d 315, 545 U.S. 323 (2005)...........8, 10

Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003)......... 31

Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 127 S. Ct.
1184, 1192 (U.S. 2007).....................................22

Smith v. Guilford Bd. of Educ., 226 Fed. Appx. 58, 63
(2d Cir. 2007)..................................................... 29

Sudarsky v. City of New York, 24 Fed. Appx. 28 (2d Cir. 2001).... 6, 7

Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725 (U.S. 1997).. 6, 7

United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130,
16 L. Ed. 2d 218 (1966)............................................. 23

Valencia ex rel. Franco v. Lee, 316 F.3d 299, 304-05 (2d Cir.
2003)............................................................... 23

Vandor, Inc. v. Militello, 301 F.3d 37 (2d Cir., 2002)...........8, 9

Villager Pond, Inc. v. Town of Darien, 56 F.3d 375
(2d Cir., 1995)..................................................... 9

Volmar v. N. Shore Hosp., 216 Fed. Appx. 136 (2d Cir. 2007)........ 23

Williamson County Regional Planning Commission v. Hamilton Bank
of Johnson City, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126
(1985)........................................................... 8, 9

Willowbrook v. Olech, 528 U.S. 562 (U.S. 2000).................... 12

State Cases

Howell v New York Post Co., 81 N.Y.2d 115, 122, 612 N.E.2d 699,
596 N.Y.S.2d 350.................................................... 30

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100

Johnson v New York City Bd. of Educ., 270 A.D.2d 310, 312, 704
N.Y.S.2d 28....................................................... 29

La Barbera v. Town of Woodstock, 2006 NY Slip Op 3488, 3 (3d dept.,
2006)............................................................. 32

Merrill v. Friends Acad., 298 A.D.2d 439, 440 (2d Dept,. 2002)..... 25

Murphy v American Home Prods. Corp., 58 N.Y.2d 293, 303,
461 N.Y.S.2d 232,448 N.E.2d 86.................................... 30

Sarnelli v. City of New York, 256 A.D.2d 399...................... 11

Federal Statutes

28 U.S.C. § 1367(a)............................................... 22

L. Ed. 2d 720 (1988). See 28 U.S.C. § 1367(c)(3).................. 23

State Statutes

New York State Const. Art. I..................................... 11

N.Y. Em. Dom. Proc. Law section 101.............................. 11

New York CPLR 217................................................ 26

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

## Argument

## Point I:

## Plaintiff's Claims For A Taking Must Fail

Read liberally, it appears that the plaintiffs' complaint alleges that the CITY has taken their property without the payment of just compensation. However, there are a variety of infirmities which mandate dismissal of this claim.

A) *There is no "regulatory" taking of Plaintiffs' property.*

In the first instance, the CITY has not physically taken the plaintiffs' property at 96 Broadway. Accordingly, the plaintiff's must be claiming a "regulatory" taking of their property rights by virtue of the denials of the Certificate of Appropriateness and the Building Permits.

It is well settled law that:

> In order to state a claim for regulatory takings, plaintiff must show first that the regulation has taken his property by going "too far" and second that any proffered compensation is not just. MacDonald, Sommer & Frates v. County of Yolo, 477 U.S. 340, 348, 91 L. Ed. 2d 285, 106 S. Ct. 2561 (1986); *Cf.* Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725 (U.S. 1997).

Sudarsky v. City of New York, 24 Fed. Appx. 28 (2d Cir. 2001).

There is no question but that the facts alleged in the complaint fail to support any claim that regulation by the CITY has gone "too far"; it is simply not stated as such. Even were the court to read such an allegation into the complaint it would nevertheless not lie because the facts alleged are that the CITY is requesting the

plaintiffs to comply with existing code by coming before the
Architectural Review Commission (ARC) for a Certificate of
Appropriateness. It is undisputed that the plaintiffs, ultimately,
refused to recognize or go before the ARC and thus it is unknown if
plaintiffs would be granted such a Certificate.

It is not the CITY that has gone "too far" by insisting
plaintiff's comply with the zoning code, but the plaintiffs who have
not "gone far enough" by refusing to comply. In any event the ARC
only has oversight concerning alterations to the exterior of the
premises; so plaintiffs would be hard pressed to allege or make the
showing that the ARC process has totally divested the premises of any
use or developable potential. Cf. Suitum v. Tahoe Reg'l Planning
Agency, 520 U.S. 725 (U.S. 1997). Thus, there has been no regulatory
taking in this case. Sudarsky, supra.

B) Plaintiffs have not been denied "just compensation".

Even if the complaint adequately pleads a "regulatory taking" it
must nevertheless fail because plaintiffs have concededly failed to
comply with the so-called "state litigation" requirement.

It is a well settled rule of law that a landowner may not
prosecute a claim in federal court that a governmental entity, other
than the federal government, has taken real property without
providing just compensation unless that landowner has first sought
compensation through all available state procedures. The claims of
landowners who have not complied with the so-called "state litigation

requirement" are not ripe for adjudication by a federal court and

therefore must be dismissed for want of subject matter jurisdiction.

See, e.g., San Remo Hotel, L.P., et al. v. City and County of San

Francisco, 125 S.Ct. 2491, 162 L.Ed.2d 315, 545 U.S. 323 (2005);

Williamson County Regional Planning Commission v. Hamilton Bank of

Johnson City, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985);

Vandor, Inc. v. Militello, 301 F.3d 37 (2d Cir., 2002); Ford Motor

Credit Co. v. N.Y. City Police Department, 394 F.Supp.2d 600

(S.D.N.Y., 2005); Deepwells Estates, Inc. v. Incorporated Village of

Head of the Harbor, 973 F.Supp. 338 (E.D.N.Y., 1997); see also,

Pascoag Reservoir & Dam, LLC v. The State of Rhode Island, 337 F.3d

87 (1st Cir., 2003); Gamble v. Eau Claire County, 5 F.3d 285 (7th

Cir., 1993) [Posner, J].

Ripeness is jurisdictional, and is an outgrowth of the

requirement of Article III of the United States Constitution that

federal courts hear only cases or controversies. See, Vandor, Inc.,

supra; Ford Motor Credit Co. , supra. Although the courts have

recognized exceptions to the state exhaustion requirement in other

contexts, the Supreme Court has recently re-affirmed the two part

ripeness inquiry set forth by the Supreme Court in Williamson County.

See, San Remo Hotel, L.P., et al. v. City and County of San

Francisco, supra.

The Supreme Court, in Williamson County, supra, established a

two-part ripeness inquiry for takings claims. In order to become ripe

for consideration by a federal court it must first be shown that:

> 1) the governmental entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue (the "final decision" requirement), and
>
> 2) the claimant property owner has first sought just compensation for the taking from the state government if a procedure is available to the claimant (the "state action" requirement).

*See*, <u>Williamson County</u>, *supra*; <u>Vandor</u>, *supra* [*held*, a takings claim is unripe where a remedy potentially is available under the state constitution's provision, *citing*, <u>Villager Pond, Inc. v. Town of Darien, 56 F.3d 375 (2d Cir., 1995)</u>("Thus, before a plaintiff may assert a federal takings claim, he must first seek compensation from the state if the state has a reasonable, certain and adequate provision for obtaining compensation.")]; <u>Ford Motor Credit Co.,</u> *supra*; <u>Pascoag Reservoir & Dam, LLC</u>, *supra*.

As set forth above, there is no regulatory taking here, but even if there is one so alleged, the claim nevertheless fails by way of being unable to meet the second <u>Williamson County</u> requirement, because the plaintiffs have not first sought to recover compensation through all available state procedures. Significantly, the plaintiffs' complaint filed in this action is devoid of allegations that it has first sought recourse through available state procedures. *See*, <u>Deepwells Estates, Inc.</u>, *supra*.

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

There has been no constitutional injury in this case since the plaintiffs have not received a final denial of compensation for any taking by the CITY after exhausting all available state procedures. *See, e.g.,* San Remo Hotel, L.P., et al., *supra* [Rhenquist, C.J., concurring].

This is so because the right protected by the duty of just compensation inures not to the land or its use but merely to the market value of that which has been taken, and therefore the landowner cannot complain that a constitutional right has been denied until the landowner has exhausted the remedies available for obtaining a compensation award or equivalent relief from the state. *See, e.g.,* Gamble v. Eau Claire County, 5 F.3d 285 (7th Cir., 1993) [Posner, J].

More succinctly stated, the Fifth Amendment (as made applicable to the states through the Fourteenth Amendment and made actionable by section 1983) proscribes takings without *just compensation*, therefore no constitutional violation occurs until *just compensation* has been denied, and if a state provides an adequate procedure for seeking just compensation, no constitutional violation occurs until just compensation has been denied. *See,* Pascoag Reservoir & Dam, LLC, *supra.*

The plaintiffs complain that the CITY has taken their property by declining to issues a Certificate of Appropriateness and by revoking a previously issued Building Permit.

However, the State of New York recognizes an action to recover damages for such cases of "inverse condemnation" by the State or its municipalities. *See, e.g.,* Deepwells Estates, Inc., *supra*; *see also,* NEW YORK STATE CONST. ART. I, SECTION 7; Sarnelli v. City of New York, 256 A.D.2d 399; 681 N.Y.S.2d 578 (2d Dept., 1998) [recognizing that inverse condemnation is an appropriate theory under New York state law for granting damages to a landowner injured by the taking of real property by an entity having condemnation powers but which has not resorted to formal condemnation proceedings under N.Y. Em. Dom. Proc. Law section 101 et seq.].

Moreover, that procedure fulfills all constitutional requirements. *See,* HBP Assocs. v. Marsh, 893 F. Supp. 271, 278 (S.D.N.Y. 1995) [*Held*, New York has established a procedure for the pursuit of just compensation claims, EDPL § 101, et. seq., and that procedure fulfills all constitutional requirements].

Here, plaintiff has not first resorted to and exhausted all available state court remedies. Therefore, on the foregoing authority and its progeny, that part of the complaint in this action, the gravamen of which is one for compensatory damages resulting from an alleged taking, must be dismissed for want of ripeness.

Point II:

**Plaintiffs' Claims Based On Equal Protection Must Fail.**

To the extent that the complaint claims violations of the plaintiffs rights to Equal Protection of the law, same must fail.

Initially, there is no claim that the plaintiffs are members of a so-called "suspect class" or that any unlawful discrimination claimed to have be sustained by them was based upon their membership in such a class.

Accordingly, the only possible and recognized claim left to plaintiffs is a so-called "Class of One" or <u>Olech</u> type claim. *See*, <u>Willowbrook v. Olech, 528 U.S. 562 (U.S. 2000)</u>. Such a claim is not sufficiently alleged in the complaint and as such it must be dismissed.

The Second Circuit has set forth a very particular test for plaintiffs alleging so-called "Class of One" claims. The test adopted in this Circuit requires an extremely burdensome showing reflecting the principal that such claims ought to be rare.

In the <u>matter of Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006)</u> the Court held:

> Accordingly, to succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100

Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).

Moreover, the burden to make such a showing is very high:

> [C]lass-of-one plaintiffs must show an extremely
> high degree of similarity between themselves and
> the persons to whom they compare themselves. *See*
> Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir.
> 2005). This showing is more stringent than that
> used at the summary judgment stage in the
> employment discrimination context. Id. at 105.
> This is because "the existence of persons in
> similar circumstances who received more favorable
> treatment than the plaintiff" in a class-of-one
> case "is offered to provide an inference that the
> plaintiff was intentionally singled out for
> reasons that so lack any reasonable nexus with a
> legitimate governmental policy that an improper
> purpose--whether personal or otherwise--is all
> but certain." Id.

Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir.
2006).

In the first instance, the plaintiffs do not allege or identify

a comparator and certainly not one that is prima facie identical.

*See*, Neilson, 409 F.3d 100, 104 (2d Cir. 2005).

The claims must fail on that ground alone. In any event it is

clear that, even accepting all the allegations in the complaint as

true, the CITY has a legitimate and rationally based governmental

interest in enforcing its Zoning Code and requiring the plaintiffs to

comply with the processes imbued in that Code, including but not

limited to applying for a Certificate of Appropriateness from the

ARC.

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

It must be emphasized that the ARC declined to issue a Certificate on the basis that the plaintiffs failed to recognize the ARC and failed to appear at the ARC hearing where the Certificate would have been considered.

More to the point, there is no allegation in the Complaint that the CITY has ever treated a comparator, *prima facie* identical to the plaintiffs, differently (ie. by excusing compliance with the ARC process) for reasons wholly lacking any connection with a legitimate, rationally based governmental interest.

Accordingly, the "Class of One" Equal Protection Claims, if such there are, must fail. *See,* Clubside, Neilson, *supra*; *see also,* Prestopnik v. Whelan, 2007 U.S. App. LEXIS 19612, 3-5 (2d Cir., August 16th, 2007).

### Point III:

#### Plaintiffs' Claims Based On Due Process Must Fail.

To the extent that the complaint claims violations of the plaintiffs' rights to substantive Due Process, same must fail.

The plaintiffs appear to claim that the denial of the Certificate of Appropriateness and/or the revocation of the Building Permit by the CITY violated their Due Process rights.

To prevail on their claim that the plaintiffs were denied a property right by conduct that violated the substantive due process standards of the Fourteenth Amendment, plaintiffs must show (1) that they had a valid property interest in the granting of the Certificate

of Appropriateness and/or in the granting of the Building Permit, and
(2) that the defendants infringed that property interest in an
arbitrary or irrational manner. *See*, Clubside, Inc. v. Valentin, 468
F.3d 144, 152 (2d Cir. 2006); Harlen Assocs. v. Inc. Vill. of
Mineola, 273 F.3d 494, 503 (2d Cir. 2001). Plaintiffs make no such
allegations here, and to the extent same can be inferred from the
facts alleged in the complaint, a claim for violation substantive Due
Process rights nevertheless fails.

In that regard, the Second Circuit applies a strict "entitlement
test" in land use regulation cases to determine if the abridgement of
an asserted property right is cognizable under the substantive
component of the Due Process Clause.

This analysis focuses on whether the entity asserting the
property right has a "legitimate claim of entitlement" to have its
application granted. As a general rule, "entitlement turns on whether
the issuing authority lacks discretion to deny the permit, *i.e.*, is
required to issue it upon ascertainment that certain objectively
ascertainable criteria have been met." Harlen Assocs. v. Inc. Vill.
of Mineola, 273 F.3d 494, 503-504 (2d Cir. 2001); RRI Realty Corp. v.
Southampton, 870 F.2d 911, 919 (2d Cir. 1989).

In this case there is no question but that the plaintiffs
have no 'legitimate claims of entitlement' to either a Building
Permit or a Certificate of Appropriateness. The enabling state and
city ordinances vest the Building Inspector and the Architectural

Review Commission with a great deal of discretion. Courts should look to the enabling local legislation. Here that would be Chapter 300, Article V of the City Code (Exhibit "B") which provides among other things the powers vested in the ARC:

A. The Review Commission shall exercise **aesthetic judgment** so as to maintain the character of historic and architectural design districts, or a landmark, and to prevent construction, reconstruction, alteration or demolition which would be out of harmony with the style, materials, colors, line and details of same.

The decision making criteria guiding the ARC evinces broad discretion to grant or deny the Certificate of Appropriateness based on their own "aesthetic judgment" (*See*, Chapter 300, Article V of CITY Code at Exhibit "B"):

Determinations on applications. There are three general guiding principles:

> (1) Designated properties which contribute to the character of an historic district or architectural design district shall be retained, with their historic or architectural features altered as little as possible;

> (2) Any alteration of a designated property shall be compatible with its historic character, as well as with the surrounding district; and

> (3) New construction shall be compatible with the district in which it is located and with the design guidelines established for such district.

There are also six specific guiding criteria:

> (1) The general design, character, and appropriateness to the property of the proposed

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

alteration or new construction.

(2) The scale of proposed alteration or new construction in relation to the property itself, surrounding properties, and the neighborhood.

(3) Texture, materials, and color and their relation to similar features of other properties in the neighborhood.

(4) Visual compatibility with surrounding properties, including proportion of the property's front facade, proportion and arrangement of windows and other openings within the facade, roof shape, and the rhythm of spacing of properties in streets, including setback.

(5) The importance of historic, architectural or other features to the significance of the property.

(6) The proposed action's consistency with design guidelines established for an historic or architectural design district.

*See*, Chapter 300, Article V of CITY Code at Exhibit "B".

The ARC could not be vested with **more** discretion to grant, deny or otherwise modify the application for a Certificate of Appropriateness. Therefore it is clear that plaintiffs have no protected property interest in either the Certificate of Appropriateness or the Building Permits since, *inter alia*, the ARC had broad discretion to grant, deny or modify the application for a Certificate of Appropriateness and because the Building Permit was obtained by plaintiffs on the clear misrepresentation or mistake of fact that a Certificate had already been obtained.

In Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 505 (2d Cir. 2001) the Court summed up the problem with the Complaint in

this case:

> We repeat the admonition that federal courts should not become zoning boards of appeal. State courts are better equipped in this arena and we should respect "principles of federalism . . . [and avoid] unnecessary state-federal conflict with respect to governing principles in an area principally of state concern." Litigants do themselves a disservice when they attempt to clothe state causes of action in the garb of a federal claim while ignoring available state remedies.

Respectfully, this is precisely what these plaintiffs have done here. The state law and the city ordinance clearly provide that an individual aggrieved by a decision of the ARC not to issue a Certificate of Appropriateness has 30 days to file an Article 78 action to seek re-dress in State Court. This was not done here, for whatever reason, and these plaintiffs have taken the impermissible step of attempting to clothe state causes of action in the garb of a federal claim while ignoring available state remedies. The claim for violation of substantive due process rights fails, utterly, and should be dismissed. *See, generally*, matter of Rector, Wardens, & Members of Vestry of St. Bartholomew's Church v. New York, 728 F. Supp. 958 (S.D.N.Y. 1989) [Rejecting due process claims flowing from denial of certificate of appropriateness to modify exterior of historic church.]; Boczar v. Kingen, 2000 U.S. Dist. LEXIS 11615 (D. Ind. 2000) [Noting there is no protected property right in a building permit which was obtained in violation of another ordinance such as here where no certificate of appropriateness was first obtained from the ARC].

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

It is clear that even if everything the plaintiff alleges
is true there can be no substantive due process claim in this case
since, as a matter of law, there is no protected property interest in
either the Certificate of Appropriateness or the Building Permit. The
substantive due process claims must fail. *See*, Rector, Wardens, &
Members of Vestry of St. Bartholomew's Church v. New York, 728 F.
Supp. 958 (S.D.N.Y. 1989); Boczar v. Kingen, 2000 U.S. Dist. LEXIS
11615 (D. Ind. 2000).

### Point IV:

### Plaintiffs' Claims Based On Section 1985(1) Must Fail.

The section 1985(1) claims must fail because, *inter alia*,
this case is simply not the type embraced by either the plain text or
the spirit of the statute. For instance, there is no allegation that
any of the defendants have acted wrongfully to prevent an officer of
the United States from performing his or her duties. This is a local
dispute over compliance with local codes between the CITY and the
plaintiffs. It approaches the sublime to argue that the facts alleged
by plaintiffs amount to a section 1985(1) claim. This statute was
intended to protect the implementation of federal civil rights by
federal officers. No reading of the complaint supports such a claim.
See, Lawson v. Connecticut, 1991 U.S. Dist. LEXIS 1862, 8-9 (S.D.N.Y.
1991)(aff'd by Lawson v. Conn., 999 F.2d 536 (2d Cir. 1993))["Section
1985(1) is inapplicable . . . because it provides a remedy against
conspiracies that impede "the performance of official duties by

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

federal officers." <u>Kush v. Rutledge, 460 U.S. 719, 724 (1983)</u>. Thus,

its protections extend exclusively to federal officers."]; *Accord*,

<u>Sash v. City of New York</u>, 2006 U.S. Dist. LEXIS 59488 (S.D.N.Y.

2006).

Point V:

### Plaintiffs' Claims Based on Section 1985 (3) Must Fail

Likewise, the plaintiff's section 1985(3) claims must fail.

Aside from the fact that the predicate elements of a conspiracy to

injure civil rights, an act in furtherance thereof, and a bona fide

injury are not sufficiently alleged, there is simply no allegation

nor can there be that the plaintiffs are members of a suspect class.

The fact that one of the plaintiffs is a lawyer who maintains his

office in the CITY and that the other plaintiffs may be from out of

state is insufficient. Moreover for a conspiracy claim to lie there

must be and underlying wrongful act which the parties are alleged to

have conspired to commit. As above because there is no takings, due

process, or equal protection violation here there, of course, can be

no conspiracy to commit same.

It has been held that:

> To state a civil rights conspiracy under §
> 1985(3), a plaintiff must allege: 1) a
> conspiracy; 2) for the purpose of depriving,
> either directly or indirectly, any person or
> class of persons of the equal protection of the
> laws, or of equal privileges and immunities under
> the laws; and 3) an act in furtherance of the
> conspiracy; 4) whereby a person is either injured

> in his person or property or deprived of any
> right or privilege of a citizen of the United
> States.

Gray v. Darien, 927 F.2d 69, 73 (2d Cir. 1991).

> Moreover, the Second Circuit has held that "an
> action will lie under [Section] 1985(3) when a
> Plaintiff is injured by a private conspiracy to
> interfere with his constitutional rights, so long
> as there is 'some racial, or perhaps otherwise
> class-based, invidiously discriminatory animus
> behind the conspirators' action.'" Jews for
> Jesus, Inc. v. Jewish Community Relations Council
> of New York, Inc., 968 F.2d 286, 290-91 (2d
> Cir.1992) (quoting Colombrito v. Kelly, 764 F.2d
> 122, 130 (2d Cir.1985)). The "class-based animus"
> requirement applies with equal force to claims of
> conspiracy under color of state law. Gagliardi v.
> Village of Pawling, 18 F.3d 188, 194 (2d Cir.
> 1994). The Supreme Court added the "class-based
> animus" requirement "in order to prevent
> [Section] 1985(3) from being broadly--and
> erroneously--interpreted as providing a federal
> remedy for all 'tortious, conspiratorial
> interferences with the rights of others.'" Jews
> for Jesus, 968 F.2d at 291.

R-Goshen LLC v. Goshen, 289 F. Supp. 2d 441 (S.D.N.Y. 2003).

In this case, the plaintiffs' complaint fails on all counts.
First, as demonstrated above the plaintiffs here cannot show any
interference with any federal right as their takings, due process,
and equal protection claims all fail. Perhaps just as significant is
the utter failure of the pleadings to allege any fact demonstrative
of racial or suspect class based animus as the spring board for the
alleged conspiratorial deprivation of constitutional rights. This
failure is fatal and requires dismissal of the plaintiffs' section
1985(3) claims. See, generally, R-Goshen LLC v. Vill. of Goshen, 289

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100

F. Supp. 2d 441, 455 (S.D.N.Y. 2003)(*citing*, Grillo v. New York City Transit Authority, 291 F.3d 231, 234 (2d Cir. 2002)["In order to survive a motion for summary judgment on his … 1985(3) conspiracy claims, [Plaintiff] must come forward with at least some credible evidence that the actions of individual [Defendants] were motivated by racial animus or ill-will"). Accordingly, plaintiffs' section 1985(3) claims must fail.

Point VI:

### A) Plaintiffs Pendent State Law Claims Must Fail

Preliminarily, each of plaintiffs' state claims must fail since the plaintiff has failed to comply with New York's notice of claim statute. Likewise, this court should, in the exercise of discretion decline to retain pendent jurisdiction of these claims since the federal claims, as above, are not extant.

The United States Supreme Court has held that "a district court declining to adjudicate state-law claims on discretionary grounds need not first determine whether those claims fall within its pendent jurisdiction." *See*, Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 127 S. Ct. 1184, 1192 (U.S. 2007).

However, it is clear that:

> In an action in which the federal court has jurisdiction by reason of the presence of federal-law claims, the court may exercise supplemental jurisdiction (which has its origins in the judicial doctrine of pendent jurisdiction) over related claims asserted under state law. *See* 28 U.S.C. § 1367(a). It is well established, however, that "[n]eedless decisions of state law

should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

Thus, in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."; Valencia ex rel. Franco v. Lee, 316 F.3d 299, 304-05 (2d Cir. 2003).

Volmar v. N. Shore Hosp., 216 Fed. Appx. 136 (2d Cir. 2007).

In this case, since it has been demonstrated above that the plaintiffs' federal claims must be dismissed this Court should decline, in the exercise of its discretion, to entertain the merits, such as they may be, of the plaintiffs' state law claims. This is particularly appropriate in this case since, should the Court grant the motion of the CITY to remand the companion case to State Court, judicial economy, fairness, efficiency, and the elimination of dual proceedings in separate courts would be well served since this case and the companion case stand on nearly identical facts. The Court should decline to entertain the state law claims on those grounds. See, Volmar, supra.

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100

B) <u>Plaintiffs' Claims For a Permanent Injunction Must Fail</u>

Should this Court elect to retain pendent jurisdiction of the remaining state law claims; such claims should nevertheless be dismissed. Plaintiffs' claims for a permanent injunction must fail. In the first instance the claims are barred by the applicable statute of limitations. In essence the plaintiffs, in their Count I, seek injunctive relief from this Court requiring the CITY to forbear from enforcing its zoning code with regard to plaintiff's building; to vacate certain stop work orders and to restore their building permit.

Section 300-28(D) of the CITY Code states:

> Appeals. Any person aggrieved by a decision of the Commission relating to hardship or a certificate of appropriateness may, within 30 days of the decision, file a notice of petition pursuant to Article 78 of the Civil Practice Law and Rules to the Supreme Court.

*See*, Exhibit "B".

Accordingly, to the extent that the plaintiffs are aggrieved by the decision of the Architectural Review Commission to deny plaintiffs request for a Certificate of Appropriateness, the plaintiffs' remedy was to, within 30 days of the decision, file a notice of petition pursuant to Article 78 of the New York Civil Practice Law and Rules. It is uncontested fact that the Architectural Review Commission (ARC) denied the plaintiffs' application on May 8th, 2007. It is likewise uncontested that plaintiffs did not commence an Article 78 proceeding within 30 days thereof or by June 8th, 2007. This action was filed on July 25th, 2007 and does not seek relief

under Article 78 of the New York Civil Practice Law and Rules. Accordingly, this action is both untimely and outside the scope of relief authorized by the CITY Code. Thus, that part of Count I which purports to have this Court effectively overrule the May 8th, 2007 decision of the ARC is time barred and should be denied on that ground. *See, e.g.,* Merrill v. Friends Acad., 298 A.D.2d 439, 440 (2d Dept,. 2002).

As the issuance of a Certificate of Appropriateness is a prerequisite to the issuance of a Building Permit the request to have this Court overrule the determination of the CITY Building Department to issue a stop work order and to revoke the previously issued Building Permit should likewise be denied.

In any event, that claim is time barred. New York Civil Practice Law and Rules §217 provides:

> Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he represents in law or in fact

NY CLS CPLR § 217 (2007).

It is not disputed that the CITY issued certain stop work orders directed at the plaintiffs' premises at 96 Broadway between May and June 2006 effectively withdrawing a building permit which had been issued in March 2006 and conditioning vacatur of those stop work orders and re-instatement of the building permits upon, inter alia, the plaintiffs' obtaining a Certificate of Appropriateness from the

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

CITY ARC.

Accordingly, under <u>New York CPLR 217</u> the plaintiffs had four months from the date the stop work orders were issued withdrawing the building permit to challenge those actions. It is undisputed that the plaintiffs filed no Article 78 action within four months. Indeed, plaintiffs filed no action at all until this one was commenced in July 2007 well over a year later. Therefore the claims for injunctive relief seeking vacatur of the stop work orders and re instatement of the building permits are untimely. *See, generally,* <u>Kaufman v. Vill. of Mamaroneck, 286 A.D.2d at 667 (2d Dept., 2001)</u>.

It should also be noted that the plaintiffs have failed to comply with the notice of claim provisions of New York General Municipal Law §50-e which are a prerequisite to bringing an action against a municipality such as the CITY. Plaintiff's undisputed failure to do so mandates dismissal of Count I and all other counts to which the provisions of the General Municipal Law apply with equal force. *See, e.g.,* <u>Kaufman, supra.</u>

More to the point the relief sought by the plaintiffs: the reversal of decisions made by the ARC and the CITY Building Department are perhaps outside this Court's traditional bailiwick. *See, e.g.,* <u>Am. Tower LP v. City of Huntsville, 295 F.3d 1203, 1207 (11th Cir. 2002)</u> ["Land use decisions are basically the business of state and local governments."]. The plaintiffs cite to no federal enabling statute which would give this Court the power to overrule

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

the decisions challenged here. In Count I the Plaintiff is merely requesting this Court sit as a sort of board of review over the substance of the local decision. Courts have routinely discouraged this kind of relief. *See, e.g.,* Bizzarro v. Miranda, 394 F.3d 82, 89 (2d Cir. 2005) [*noting* that federal courts should not review the actions of local government for correctness but rather should focus their review on whether the actions of the local board were constitutional]; *see also,* Allen v. Conlon, 2007 U.S. App. LEXIS 17926, 13-14 (1st Cir. 2007) [noting that a federal court should avoid being transmogrified into a 'a supercharged version of a local zoning board -- a zoning board on steroids, as it were'].

Accordingly, this Court should decline to engage in wholesale review of the actions of the ARC and the CITY building department. This is doubly so where plaintiffs had at their disposal available and adequate state remedies in the form of an Article 78 action of which they chose not to avail themselves.

C) The Balance of The State Law Claims Must Be Dismissed.

Apart from a request for a permanent injunction, plaintiffs allege the following state law claims:

> 1. Fraud By Omission or Nondisclosure;
> 2. Common Law Conspiracy; 3. Negligent Infliction of Emotional Distress; 4. Intentional Infliction of Emotional Distress; 5. Abuse of Process; 6. Liber, Slander, and Defamation.

Each of these claims must fail because, in the first instance, plaintiffs have failed to comply with New York's notice of claim

27

statute. *See, generally,* <u>Kaufman v. Vill. of Mamaroneck, 286 A.D.2d
at 667 (2d Dept., 2001)</u>. It is uncontested that the plaintiffs have
failed, utterly, to serve a notice of claim upon the CITY as to any
of these claims and the Court should dismiss them on that ground
alone.

   1. <u>The Claim of Fraud by Omission or Nondisclosure Fails</u>.

   ~~In the first instance the allegations of Fraud are grossly~~
insufficient and unparticular. *See,* Exhibit "A" at pages 67-69.
As required by Fed. R. Civ. P. 9(b) "In all averments of fraud or
mistake, the circumstances constituting fraud or mistake shall be
stated with particularity."

   The most liberal reading of pages 67-69 of plaintiff's complaint
appears to aver that plaintiffs maintain that they have been
defrauded by the CITY'S nondisclosure of the "true reasons" for the
revocation of their building permit. This, does not fraud make.

   To prove fraud under New York law, "a plaintiff must show that
(1) the defendant made a material false representation, (2) the
defendant intended to defraud the plaintiff thereby, (3) the
plaintiff reasonably relied upon the representation, and (4) the
plaintiff suffered damage as a result of such reliance." *See,*
<u>Bridgestone/Firestone v. Recovery Credit Servs., 98 F.3d 13, 19 (2d
Cir. 1996)</u>.

   The plaintiffs have not clearly alleged any of the above
elements. In any event, it is far from clear that the purported "non-

disclosure of the alleged'true reasons' for revocation of the
plaintiffs' building permit is a material false representation that
the plaintiffs have reasonably relied upon in any way. There is
simply no allegation that the plaintiffs acted or declined to act on
the alleged misrepresentation. Accordingly, a claim for fraud cannot
lie.

### 2. The Claim of Common Law Conspiracy Fails.

The plaintiffs' common law conspiracy claim requires short
shrift. As set forth above, Plaintiffs' alleged equal protection
claims should properly be dismissed. Thus, the state common-law
conspiracy claims, appear to be based on the equal protection claims
must likewise be dismissed as there is no underlying wrong to act as
the subject of the alleged conspiracy. *See*, Smith v. Guilford Bd. of
Educ., 226 Fed. Appx. 58, 63 (2d Cir. 2007).

### 3. & 4. The Infliction of Emotional Distress Claims Fail.

It is well settled precedent in New York State that:

> Although physical injury is no longer a necessary
> element of a cause of action for negligent
> infliction of emotional distress, such a cause of
> action generally must be premised on conduct that
> unreasonably endangers the plaintiff's physical
> safety or causes the plaintiff to fear for his or
> her physical safety (Johnson v New York City Bd.
> of Educ., 270 A.D.2d 310, 312, 704 N.Y.S.2d 281);
> Batra v. D'Youville Coll., 2001 N.Y. App. Div.
> LEXIS 1750, 3-4 (4[th] Dept., 2001)

In this case, the Plaintiffs failed to allege that defendants
did anything to either endanger them or cause them to fear for their
safety. Hence, this claim must fail on that ground alone. The alleged

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100

act giving rise to this claim for negligent infliction of emotional distress, near as can be gleaned from the pleadings, is the appointment of co-defendant Michael Gabor to the CITY "Arts" commission. It begs creduility to allege, as plaintiffs do, that the appointment of an individual to an Arts commission could either unreasonably endanger the plaintiffs' physical safety or cause the plaintiffs to fear for their physical safety. This claim should be dismissed.

Further the claims for intentional infliction of emotional distress must fail. It has been held that:

> A cause of action for intentional infliction of emotional distress requires, *inter alia*, an allegation of extreme and outrageous conduct. That requirement is difficult to satisfy because it means conduct "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" (Murphy v American Home Prods. Corp., 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 448 N.E.2d 86; see, Howell v New York Post Co., 81 N.Y.2d 115, 122, 612 N.E.2d 699, 596 N.Y.S.2d 350). The allegations in this case do not meet that standard.

Batra v. D'Youville Coll., *supra*.

Again, the sole allegation in the complaint which it claimed supports plaintiffs' intentional infliction of emotional distress claim emanates from the appointment of Mr. Gabor to the Arts Commission. It is difficult to envision a scenario where appointment of an individual to a civic post will be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'. Frankly, the allegations do not rise to the standard and this claim (IIED) should be dismissed.

    5. <u>The Claim of Abuse of Process Fails</u>.

    To the extent the abuse of process claim rests upon a "taking" of the plaintiff's property the claim, as above must fail. <i>See</i>, Exhibit "A" at pages 76-78.

    In New York, "a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." <u>Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994)</u>; <u>Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003)</u>.

    Quite simply the plaintiffs' claims in this regard fail because there is no allegation that the "process" at hand was so employed for any reason other than the legitimate ends of the process. Indeed, as gleaned from the pleadings it appears that the plaintiffs' abuse of process claims emanate from the CITY'S enforcement of its zoning code "in response to political and community pressure". Since that motivation is neither an "intent to do harm" nor to "obtain a collateral objective" the claim fails. <i>See</i>, <u>Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003)</u>.

    6. <u>The Claims of Libel, Slander, and Defamation Fail</u>.

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

In the first instance, it should be made clear that:

> "Defamation" includes the torts of libel (usually written) and slander (usually oral).[citations omitted].

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007).

The elements of a defamation claim are "[1] a false statement, [2] published without privilege or authorization to a third party, [3] constituting fault as judged by, at a minimum, a negligence standard, and [4] either caus[ing] special harm or constitut[ing] defamation per se." See, Four Directions Air, Inc. v. United States, 2007 U.S. Dist. LEXIS 72882 (S.D.N.Y. 2007).

It should also be noted that the statute of limitations for defamation is one year. Thus most if not all of the alleged defamatory statements whether written or spoken were published well over one year prior to the date of these pleadings. These claims ought to be dismissed on that ground alone. See, Four Directions Air, Inc., supra.

More to the point, there is a strict requirement of alleging special harm or defamation per se. Neither is alleged in this complaint. Accordingly, the defamation type claims fail and should be dismissed. See, Matter of La Barbera v. Town of Woodstock, 2006 NY Slip Op 3488, 3 (3d dept., 2006)[Held, defamation claims dismissed where, inter alia, there was a conceded failure to plead special economic or pecuniary harm.]

## Conclusion

WHEREFORE, based upon the foregoing, the CITY respectfully requests that the Court grant its motion to dismiss the Complaint and that the said Complaint be so dismissed in its entirety, and that it be granted such other and further relief as this Court may deem just, proper and equitable, including the costs and reasonable attorney fees incurred.

TARSHIS, CATANIA, LIBERTH,
MAHON & MILLIGRAM, PLLC

By: _____
NICHOLAS A. PASCALE (NP-5766)
Attorneys for Defendant
City of Newburgh
One Corwin Court
P.O. Box 1479
Newburgh, New York 12550
Tel. No. (845) 565-1100

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  ·  NEWBURGH, N.Y. 12551  ·  (845) 565-1100