UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT : STATE OF NEW YORK
----------------------------------------------------------------X

96 BROADWAY LLC, its members, DOUGLAS R.
DOLLINGER, MICHAEL MOLUS and CAROL
MOLUS, DOUGHLAS R. DOLLINGER and the
LAW OFFICES OF DOUGLAS R. DOLLINGER,
individually and other so similarly situated,

                               Plaintiffs,

     -against-

THE CITY OF NEWBURGH, NICHOLAS VALENTINE,
in his capacity as Mayor of the CITY OF NEWBURGH,
THE NEWBURGH CITY COUNCIL, its Councilpersons,
REGINA ANGELO, GEORGE BOWLES, SALVATORE
CRACOLICI, MARYANN DICKINSON in their capacity
as members of THE NEWBURGH CITY COUNCIL,
SALAVATORE CRACOLICI, individually, JEANNE
McGRANE as NEWBURGH CITY MANAGER and
individually, THE NEWBURGH CITY BUILDING
DEPARTMENT, WILLIAM CUMMINGS as former
Building Inspector for the CITY OF NEWBURGH and
individually, THE NEWBURCH CITY ARCHITECTURAL
REVIEW COMMISSION, MARY CRABB in her capacity
as Chairperson, and individually, PETER KING in his
capacity as a member of The Newburgh City Architectural
Review Commission and individually, CORPORATION
COUNSEL FOR THE CITY OF NEWBURGH,
MICHELLE KELSON, in her capacity as Assistant
Corporation Counsel and individually, MICHAEL
GABOR, JOHN DOES 1-10 and JANE ROES 1-10,
and NEWBURGHERS FOR ACCOUNTABILITY IN
GOVERNMENT,

                              Defendants.
----------------------------------------------------------------X

                           07 CIV. 6689(SCR)

                           **NOTICE OF
                           CROSS MOTION**

S I R S :

     PLEASE TAKE NOTICE that upon the annexed declaration of MONTE J.
ROSENSTEIN, ESQ., dated November 14, 2007, the exhibits annexed hereto and upon all the
prior pleadings attached to the primary motion herein, and the proceedings heretofore had
herein, the undersigned will cross-move this Court before the Honorable Stephen C. Robinson

at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601 on the 19th day of December, 2007 at 10:00 o'clock in the forenoon of that day for an

ORDER dismissing the Complaint as against the defendant, William Cummings, pursuant to rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"); and for such other and further relief as to this Court may seem just and proper with costs and reasonable counsel fees incurred herein.

DATED:     November 14, 2007
           Middletown NY

                                            _____
                                            MONTE J. ROSENSTEIN  (7673)
                                            Attorney for Defendant *Cummings*
                                            250 Crystal Run Road/PO Box 2215
                                            Middletown, New York  10940
                                            (845) 692-8006

TO:    Douglas R. Dollinger, Esq.
       Attorney for Plaintiffs
       113 Liberty Street, Newburgh, NY  12550

       Nicholas A. Pascale, Esq.
       Tarshis Catania Liberth Mahon & Milligram
       Attorneys for Defendant *City of Newburgh*
       One Corwin Court/PO Box 1479
       Newburgh, NY  12550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT : STATE OF NEW YORK
-----------------------------------------------------------------X

96 BROADWAY LLC, its members, DOUGLAS R.
DOLLINGER, MICHAEL MOLUS and CAROL
MOLUS, DOUGHLAS R. DOLLINGER and the
LAW OFFICES OF DOUGLAS R. DOLLINGER,
individually and other so similarly situated,                                    07 CIV. 6689

                          Plaintiffs,

          -against-
                                                                                 DECLARATION
                                                                                 IN SUPPORT
THE CITY OF NEWBURGH, NICHOLAS VALENTINE,
in his capacity as Mayor of the CITY OF NEWBURGH,
THE NEWBURGH CITY COUNCIL, its Councilpersons,
REGINA ANGELO, GEORGE BOWLES, SALVATORE
CRACOLICI, MARYANN DICKINSON in their capacity
as members of THE NEWBURGH CITY COUNCIL,
SALAVATORE CRACOLICI, individually, JEANNE
McGRANE as NEWBURGH CITY MANAGER and
individually, THE NEWBURGH CITY BUILDING
DEPARTMENT, WILLIAM CUMMINGS as former
Building Inspector for the CITY OF NEWBURGH and
individually, THE NEWBURCH CITY ARCHITECTURAL
REVIEW COMMISSION, MARY CRABB in her capacity
as Chairperson, and individually, PETER KING in his
capacity as a member of The Newburgh City Architectural
Review Commission and individually, CORPORATION
COUNSEL FOR THE CITY OF NEWBURGH,
MICHELLE KELSON, in her capacity as Assistant
Corporation Counsel and individually, MICHAEL
GABOR, JOHN DOES 1-10 and JANE ROES 1-10,
and NEWBURGHERS FOR ACCOUNTABILITY IN
GOVERNMENT,

                          Defendants.
-----------------------------------------------------------------X

          MONTE J. ROSENSTEIN, ESQ., being duly admitted to practice in the State of New

York and in the U.S. Federal District Court for the Southern District hereby affirms, under

penalties of perjury, that he is the attorney for the defendant, William Cummings, the former

Building Inspector for the City of Newburgh, in the above matter and, as such, is familiar with

the facts and circumstances surrounding this matter. This Affirmation is submitted in support

of the present cross-motion to dismiss this action against defendant William Cummings in all respects pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

As the primary motion indicates, this is an action pursuant to Sections 1983 and 1985 of Title 42 of the U.S. Code for the alleged violations of the plaintiff's constitutional rights. The action also seeks various relief directed against the City of Newburgh as well as a number of pendant State claims against William Cummings, the former Building Inspector of the City of Newburgh, and others.

The State claims include fraud, common-law conspiracy, negligent infliction of emotional distress, intentional infliction of emotional distress, and abuse of process. There is also a State claim for libel and slander, but it does not appear to be directed in any way toward Mr. Cummings.

With respect to the State claims, the plaintiff's Complaint fails to allege that any Notice of Claim was ever served on the City of Newburgh within the 90-day period prescribed by Section 50-e of the General Municipal Law of New York.

It is well settled that where a Complaint alleges tortious conduct against a municipality, or a municipal agent or employee, as in the present case, a Notice of Claim must be served on the municipality as a condition precedent to the action against the employee of the municipality. The foregoing is true even where the employees, alone, are being sued rather than the municipality.

This requirement is especially clear where the municipality has, in addition to a common-law obligation to indemnify the employee, a statutory obligation to do so. Here, by virtue of Local Law No. 6 of 1981 of the City of Newburgh, amended by Local Law No. 1 of 2001 (attached), the City has set forth, by Local Law, its obligation to indemnify employees

2

sued in the course of employment with the City. In such cases, the obligation to serve a Notice of Claim under Section 50-e on the municipality itself is even more compelling.

Based on the foregoing cases, and the provisions of Section 50-e, it is abundantly clear that the plaintiff's failure to serve the City with a Notice of Claim within the 90-day period mandates a dismissal of all State claims set forth in the Complaint against Mr. Cummings.

Moreover, Section 215 of the CPLR in New York provides a one (1)-year statute of limitations for intentional torts. Here, the Complaint alleges that Mr. Cummings, the Building Inspector at the time, wrongfully issued a Stop Order to the plaintiffs on May 2, 2006 prohibiting them from further construction on their building after he had initially issued a Building Permit for same. It is further alleged that he did so as the result of political pressure and as part of a conspiracy involving himself and others and that this constituted an abuse of process, the intentional infliction of emotional distress, fraud, and common-law conspiracy.

The act of Mr. Cummings in issuing the Stop Order took place on May 2, 2006, whereas the present action was not instituted until July 25, 2007, well beyond the one (1)-year statute of limitations set forth in the CPLR, Section 215 for intentional acts which would clearly include any conspiracy to carry out the other intentional acts.

By virtue of plaintiff's failure to file a Notice of Claim within ninety (90) days, per Section 50-e of the General Municipal Law, and further failure to commence this action within one (1) year per Section 215 of the CPLR, the pendant State claims against Mr. Cummings must be dismissed as a matter of law.

With regard to the Federal cause of action against Mr. Cummings, it appears that all three (3) Federal claims are based on the same constitutional violations, namely, an unconstitutional taking of plaintiff's property, a violation of plaintiff's due process rights, and a violation of plaintiff's right to equal protection. Count I seeks a permanent injunction to

3

require the defendants, including the City, to vacate the Stop Orders previously issued, and to restore the Building Permit in question. Obviously, since Mr. Cummings is no longer associated with the City of Newburgh in any capacity and resigned many months ago, he is an improper defendant with respect to that claim for injunctive relief and would have no power to carry out any of the acts requested, even if he were directed to do so. Based on the foregoing, Count I must be dismissed as against Mr. Cummings, as a matter of law.

Count II seeks to recover damages against Mr. Cummings and others with respect to a conspiracy to interfere with the aforesaid equal protection and due process rights of the plaintiffs which allegedly resulted in a taking of plaintiff's property without just compensation. It is submitted, however, that no valid claim for violation of the equal protection clause, or violation of the plaintiff's due process rights, or taking, are set forth therein and, therefore, there cannot be any liability for conspiring to violate same. Specifically, to set forth a valid cause of action on the equal protection claim, the plaintiffs must allege that they were selectively treated in a different manner than others similarly situated based on impermissible considerations such as race, religion, or the like, or that the plaintiffs were treated differently to prohibit them from exercising a constitutional right.

In the present case, there is no allegation that the plaintiffs were treated differently because of race or religion, nor are any facts alleged to indicate the defendants acted to intentionally prohibit the plaintiff from exercising a constitutional right. If anything, the defendants were acting with respect to a local matter concerning land use which was entirely within their discretion.

Moreover, in order to assert a violation of equal protection, the plaintiff must depict another project roughly equivalent to the project in question, having similar aspects and

4

characteristics. Here, no similar project which was treated differently in any respect is alleged in the Complaint.

Indeed, not one, single project similarly situated has been named in the plaintiff's Complaint which was treated in a different manner than the plaintiffs. The foregoing is a fatal flaw to the equal protection claim herein.

Additionally, no valid due process claim is set forth in the Complaint in Count II. It is well settled that in order for a plaintiff to have a Federal Court invoke jurisdiction over a local land use determination, a plaintiff must first establish that it possessed a valid property interest in a benefit that was entitled to constitutional protection and, in order to establish such property interest, the plaintiff must first establish a legitimate claim of entitlement to the benefit in question.   In this case, plaintiff has no constitutional entitlement to the final approval of the construction of his building, and must comply with all of the local requirements before entitled to such approval.

If the plaintiffs believed that the City or Mr. Cummings wrongfully issued the Stop Order in question, they had an absolute right to commence an Article 78 proceeding to have that action reviewed.    The plaintiffs' failure to do so renders the present claim of a constitutional "taking" premature since it is well settled that State administrative remedies must first be exhausted before a Takings claim is ripe for Federal jurisdiction.   The four (4)-month statute of limitations to commence that judicial review of the actions of the City and Mr. Cummings in issuing the Stop Order has now expired per Section 217 of the CPLR.

Count III, based on a conspiracy to interfere with civil rights in violation of Section 1985 of Title 42 of the U.S. Code, must also fail as against Mr. Cummings.

Under the foregoing Section, to state a cause of action a plaintiff must allege that a conspiracy took place for the purpose of depriving a person or a class of persons of equal

5

protection whereby a person is damaged or deprived of a right or privilege as a citizen of the U.S.

In the present case, since there is no valid claim set forth in the Complaint for a Federal taking, or violation of due process or equal protection, there can be no conspiracy to deprive the plaintiffs of these constitutional rights. Moreover, the deprivation must not simply be based on an interference with the rights of others, but there must first be some class-based discriminatory animus behind the conspirator's actions. Here, no such class-based animus is alleged and, absent same, the Section 1985 claim must be dismissed.

Based on all of the foregoing, as more fully addressed in the accompanying Memo of Law, the present Complaint against Mr. Cummings must be dismissed as a matter of law.

WHEREFORE, defendant William Cummings respectfully requests that an Order be issued dismissing the Complaint herein against him in all respects, together with such other and further relief as the Court may deem just and proper.

DATED:    November 14, 2007
          Middletown NY

MONTE J. ROSENSTEIN (7673)

6

**CODE OF THE CITY OF NEWBURGH NEW YORK, v25 Updated 03-15-2007 / THE CHARTER / ARTICLE III, Municipal Officers / § C3.92. Defense and indemnification of officers and employees. [Added 10-13-1981 by L.L. No. 6-1981; amended 10-22-2001 by L.L. No. 1-2001]**

### § C3.92. Defense and indemnification of officers and employees. [Added 10-13-1981 by L.L. No. 6-1981; amended 10-22-2001 by L.L. No. 1-2001]

A. The City of Newburgh hereby elects to confer upon its officers and employees, except its officers and non-bargaining-unit employees as set forth in Subsection D below, the benefits provided by Chapter 277 of the Laws of 1981 and § 18 of the Public Officers Law and to be held liable for the costs incurred under the provisions of such law for the defense and indemnification of its officers and employees.

B. The City of Newburgh further elects, under § 18, Subdivision 2(b), of the Public Officers Law, to confer the benefits of such section on the employees of the Newburgh Industrial Development Agency, except its non-bargaining-unit employees as set forth in Subsection D below, and to be held liable for the costs incurred under these provisions.

C. The benefits conferred by this section on the members of the Police Department shall be in addition to the benefits conferred upon such employees by § 50-j of the General Municipal Law and contractual provisions.

D. Intent; definitions; defense and indemnification; conditions; limitations.

   (1) Council intent. The purpose of this section is to provide legal and financial protection for those employees and officers defined in Subsection D(2) below from lawsuits and other proceedings which may be brought against them in their individual capacity for omissions or actions taken while acting within the scope of their employment. By enactment of this section, the City does not intend to establish or enlarge any direct liability of the City, or to limit or otherwise abrogate any existing right or responsibility of the City or its officers or employees with regard to indemnification or legal defense.

   (2) Definitions. As used in this section, the following terms shall have the meanings indicated:

      (a) EMPLOYEE -- Any person, whether or not compensated, holding a position by election, appointment or employment as a non-bargaining-unit employee in the service of the City, or a volunteer expressly authorized by the appropriate City official to act for the benefit of the City, including any of its agencies, boards or commissions, but shall not include an independent contractor or any member of any

I

district or authority created by the City. The term "employee" shall include a former non-bargaining-unit employee, a non-bargaining-unit employee's estate, or a judicially appointed personal representative. For purposes of this section, the term "employee" shall also include members, officers and other persons appointed to, or employed as non-bargaining-unit employees of the Industrial Development Agency of the City.

(b) CORPORATION COUNSEL -- The duly appointed Corporation Counsel or such Assistant Corporation Counsel designated to act on behalf of the Corporation Counsel.

(3) City to provide for defense of employees.

(a) If an employee complies with the provisions of Subsection D(5) of this section, the City, through the office of the Corporation Counsel, or through any applicable insurance program maintained by the City, shall provide for the defense of the employee in any civil action or proceeding in any state or federal court, or any proceeding before an administrative agency, arising out of any alleged act or omission which occurred or is alleged to have occurred while the employee was acting within the scope of his or her public employment or duties. For purposes of this section, the determination of whether an employee was acting within the scope of his or her employment will be made by the City Manager, upon the advice of the Corporation Counsel, consistent with then prevailing law. Notwithstanding the above, no act can be so determined to be within the scope of employment if the commission of such act resulted in a conviction of a Class A misdemeanor or higher crime under the New York State Penal Law or similar federal crime under Title 18 of the United States Code. This duty to provide for a defense shall not arise where such action or proceeding is brought by or on behalf of the City against such employee.

(b) Subject to the conditions set forth in Subsection (a) of this subsection, the employee shall be entitled in such action or proceeding to be represented by the Corporation Counsel, or counsel designated by the Corporation Counsel, at no cost to the employee. The employee shall be entitled to representation by private counsel of his or her choice in such action or proceeding at the expense of the City whenever the Corporation Counsel determines, based upon an investigation and review of the facts and circumstances of the case and of the prevailing law, that a conflict of interest exists between the employee and the City, or whenever a Court of competent jurisdiction determines that a conflict of interest exists and that the employee is entitled to be represented by counsel of his or her choice at the expense of the City. Upon such a determination, the Corporation Counsel shall notify the employee in writing that the employee is entitled to be represented by private counsel of his or her

2

*PC/Codebook*
*City of Newburgh, NY*

choice at the expense of the City. The Corporation Counsel may require, as a
condition of the payment of the fees and expenses of such private counsel, that
appropriate groups of such employees be represented by the same counsel. If the
employee or group of employees is entitled to representation by private counsel
under the provisions of this section at the expense of the City, the Corporation
Counsel shall so certify this to the City Manager. Attorney fees and litigation
expenses shall be paid to such private counsel only to the extent of appropriate and
reasonable rates prevailing in Orange County, as determined by the Corporation
Counsel. Such attorney fees and litigation expenses shall be paid by the City to such
private counsel from time to time while such action or proceeding is pending, upon
submission by the private attorney of a detailed bill itemizing a description of the
work performed, the hours worked, the rate per hour, and disbursements. However,
no extraordinary disbursements or fees shall be paid to such private counsel unless
prior written consent of the Corporation Counsel was obtained. Such private counsel
shall conform to all record keeping and notifications required by the Corporation
Counsel. [Amended 8-11-2003 by L.L. No. 2-2003]

(g) Any dispute with respect to representation of multiple employees by a single counsel,
the reasonableness of attorney fees, or the amount of litigation expenses, shall be
resolved by a court of competent jurisdiction upon motion or by way of a special
proceeding.

(d) Where the employee delivers process and a written request for a defense to the
Corporation Counsel as required by Subsection D(5) of this section, the Corporation
Counsel shall take the necessary steps on behalf of the employee, including the
retention of private counsel as provided in this section, to avoid entry of a default
judgment against the employee pending a resolution of any issue pertaining to the
obligation of the City to provide a defense.

(4) City to provide for indemnification of employees.

(a) If an employee complies with the provisions of Subsection D(5) of this section, the
City shall indemnify and save harmless the employee in the amount of any final
judgment, order or decision obtained against such employee in any civil action or
proceeding in any state or federal court, or any proceeding before an administrative
agency, or in the amount of any City-approved settlement of any such action or
proceeding, arising out of any alleged act or omission which occurred or is alleged to
have occurred while the employee was acting within the scope of his or her public
employment. For purposes of this section, the determination of whether an employee
was acting within the scope of his or her public employment will be made by the
City Manager, upon the advice of the Corporation Counsel, consistent with then

3

prevailing law. Notwithstanding the above, no act can be so determined to be within the scope of employment if the commission of such act resulted in a conviction of a Class A misdemeanor or higher crime under the New York State Penal Law or similar federal crime under Title 18 of the United States Code. This duty to indemnify shall not arise where such action or proceeding is brought by or on behalf of the City against such employee.

(b) The amount of any such judgment, order, or decision obtained against such employee, or the amount of any City-approved settlement, for which the City will indemnify and save harmless an employee consistent with this section, includes any amounts designated as compensatory, special, punitive, or other damages, including sanctions, fines, costs and attorneys' fees.

(c) Any proposed settlement of such action or proceeding, for which indemnification by the City is sought, shall be reviewed and approved only in accordance with this section. No employee will be indemnified or saved harmless by the City in accordance with this section in connection with any settlement unless such settlement is so reviewed and approved.

(d) Upon the entry or finalization of such final judgment, order or decision against the employee, or upon the settlement of the action or proceeding, the employee shall cause a copy of such judgment, order, decision or approved settlement to be served personally, or by certified or registered mail, within 30 days of the date of entry, finalization or settlement, upon the Corporation Counsel. If such judgment, order, decision or settlement is not inconsistent with the provisions of this section, the City Manager, upon the advice of the Corporation Counsel, shall certify it for payment.

(5) Conditions.

(a) The duty to defend, indemnify and save harmless as set forth by this section shall be conditioned upon delivery by the employee to the Office of the Corporation Counsel of the original or a true and complete copy of any notice of claim, summons, complaint, process, notice, demand or pleading as soon as possible, but in no event later than 10 days after the employee is served with such document or prior to the return date of such document, whichever is sooner, and the full cooperation of the employee in the defense of such action or proceeding, and in the defense of any action or proceeding against the City based upon the same or related acts or omissions, and in the prosecution of any appeals thereof. The above-noted delivery of said notices of claim, summonses, complaints, processes, notices, demands or pleadings shall be deemed as a request by the employee that the City provide for his or her defense and indemnification pursuant to this section.

4

(b) Consistent with this section, the determination as to whether the City will defend and/or indemnify the employee will be based upon an investigation of the facts and circumstances of the matter. The City Manager, in accordance with this section, shall make this determination within a reasonable time after the completion of such investigation. Such determination shall be final, except as provided below.

(c) Such determination shall be in writing and mailed promptly by the Corporation Counsel to the employee. If the determination is adverse in whole or in part to the employee, it shall state the facts and reasons therefor.

(d) A determination favorable to the employee may thereafter be revised and/or revoked for good cause. The revised determination, or the revocation of such determination, shall be in writing and mailed by the Corporation Counsel promptly to the employee, and shall state the facts and reasons therefor.

(e) A special proceeding brought pursuant to Article 78 of the New York Civil Practice Law and Rules shall be the exclusive method by which an employee aggrieved by a determination may seek review of the determination. If, as a result of such judicial review, the employee ultimately obtains a reversal of the determination, the City shall reimburse the employee for the attorney fees and costs charged the employee in obtaining the reversal, to the extent that such fees and costs were reasonable and necessary.

(6) Limitation of benefits. The benefits of this section shall inure only to employees as defined herein and shall neither enlarge nor diminish the rights of any other party, nor shall any provision of this section be construed to affect, alter or repeal any provision of the Workers' Compensation Law.

(7) Effect on other laws. This section shall not in any way affect the obligation of any claimant to give notice to the City under § 50-e of New York General Municipal Law, or any other provision of any law.

(8) Applicability. The provisions of this section shall apply to all actions and proceedings then pending on the effective date of this section, or thereafter instituted.

(9) Construction of provisions. Except as otherwise specifically provided in this section, the provisions of this section shall not be construed in any way to establish or enlarge any direct liability of, or to impair, alter, limit, modify, abrogate or restrict any immunity available to or conferred upon, the City or any unit, entity, officer or employee of the City, or any right to a defense and/or indemnification provided for any City officer or employee by, in accordance with, or by reason of, any other provision of county, state or federal statutory, regulatory or common law.

(10) Savings clause. If any provision of this section, or the application thereof to any person or circumstance, is held unconstitutional or invalid in part by any court of competent jurisdiction, such holding of unconstitutionality or invalidity shall in no way affect or impair any other provision of this section or the application of any such other provision to any other person or circumstance.

**CODE OF THE CITY OF NEWBURGH NEW YORK, v25 Updated 03-15-2007 / THE CHARTER / ARTICLE III, Municipal Officers / § C3.93. Certain officials authorized to issue and serve legal process. [Added 6-13-1977 by L.L. No. 1-1977; amended 9-14-1987 by L.L. No. 4-1987]**

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT : STATE OF NEW YORK

X----------------------------------------------------------------------X

07 CIV. 6689  (SCR)

96 BROADWAY LLC, et al

Plaintiffs,

-against-

THE CITY OF NEWBURGH, et al

Defendants.

X----------------------------------------------------------------------X

# MEMO  OF  LAW

## ON BEHALF OF DEFENDANT WILLIAM CUMMINGS

### In support of defendants' motion to dismiss plaintiffs' Complaint pursuant to FRCP Rule 12(b)(1) and 12(b)(6)

X----------------------------------------------------------------------X

MONTE J. ROSENSTEIN, ESQ (7673)
Attorney for Defendant *Cummings*
250 Crystal Run Road
Post Office Box 2215
Middletown, New York  10940
(845) 692-8006

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................. i

POINT I

THE STATE CLAIMS SET FORTH IN THE
PLAINTIFFS' COMPLAINT AGAINST
DEFENDANT WILLIAM CUMMINGS MUST
BE DISMISSED ................................................................. 1

POINT II

COUNT I OF THE COMPLAINT FAILS TO
ALLEGE A VIABLE CAUSE OF ACTION AGAINST
DEFENDANT WILLIAM CUMMINGS ............................ 2

POINT III

THE COMPLAINT FAILS TO ALLEGE THE
ESSENTIAL ELEMENTS REQUIRED FOR AN EQUAL
PROTECTION CLAIM ..................................................... 3

POINT IV

NO VALID CLAIM FOR A "TAKING" BY THE
DEFENDANT WILLIAM CUMMINGS IS SET FORTH
IN THE COMPLAINT ..................................................... 4

POINT V

THE COMPLAINT FAILS TO ASSERT A VALID
CAUSE OF ACTION AGAINST DEFENDANT CUMMINGS
BASED ON SECTION 1985(1) AND (3) ............................ 5

POINT VI

NO VALID CLAIM AGAINST DEFENDANT CUMMINGS
BASED ON VIOLATION OF DUE PROCESS IS SET
FORTH IN THE COMPLAINT .......................................... 5

CONCLUSION .................................................................. 7

# TABLE OF AUTHORITIES

**Page**

Alifiers vs. American Airlines, *89 AD 2d 206* ................................................ 2

Carey vs Mt. Desert Island Hospital, *156 F. 3d 31 (1st Circ. 1998)* ..................... 3

Colombrito vs. Kelly, *764 F. 2d 122 (2nd Circ. 1985)* ................................ 5

Dartmouth Review vs. Dartmouth College, *889 F. 2d 130* ............................. 3

Gagliardi vs. Village of Pawling, *18 F. 3d 188 (2nd Circ. 1994)* ..................... 5

Jastrzebski vs. City of New York, *423 F. Supp. 669* .................................... 1

Kaluczky vs. City of White Plains, *57 F. 3d 211 (2nd Circ. 1995)* ..................... 6

Kirschner vs. Zoning Board of Appeals of Valley Stream, *924 F. Supp. 385* .......... 3

Kush vs. Rutledge, *460 U.S. 719* ........................................................ 5

LaTrieste Restaurant and Cabaret, Inc. vs Village of Port Chester,
*40 F.3d 587 (2nd Circ. 1994)* ............................................................. 3

Leclair vs Saunders, *627 F. 2d 606 (2nd Circ. 1980)* ................................ 3

Natale vs. Town of Ridgefield, *170 F. 3d 258 (2nd Circ. 1999)* ..................... 6

Nielson vs. D'Angelis, *409 F. 3d 100 (2nd Circ. 2005)* ............................. 4

RRI Realty Co. vs. Southampton, *870 F. 2d 911* ...................................... 6

Sorge vs. City of New York, *56 Misc. 2d 414; 288 NYS 2d 78* ..................... 1

Southview Assc. vs. Bongartz, *980 F. 2d 84 (2nd Circ. 1992* ..................... 4

Sullivan vs. Town of Salem, *805 F. 2d 81 (2nd Circ. 1986* ....................... 6

Washington Square Post No. 1212 vs. City of New York, *808 F. Supp. 264* ........... 1

i

## TABLE OF AUTHORITIES                                                    Page

Williamson County Regional Planning Commission  vs.  Hamilton Bank,
*473 US 172*  ....................................................................................  4

Willowbrook  vs.  Olech, *528 U.S. 562 (U.S. 2000)*  .........................................  4

Zahra  vs.  Town of Southold, *48 F. 3d 674 (2nd Circ. 1995)*  .............................  6

## POINT    I

### THE STATE CLAIMS SET FORTH IN THE
### PLAINTIFF'S COMPLAINT AGAINST DEFENDANT
### WILLIAM CUMMINGS MUST BE DISMISSED

A review of the Complaint herein clearly shows that no allegation is set forth therein with respect to the service of a Notice of Claim on the City of Newburgh within the ninety (90) day statutory requirement of Section 50-e of the General Municipal Law.

Under State law, a plaintiff must plead and prove compliance with Section 50-e as a condition precedent to any tortuous State claim against the municipality or an employee thereof. Although the service of a Notice of Claim is not required for commencement of a Federal Action for violation of civil rights, the failure to timely serve same bars all pendant State claims asserted in the Federal action against the municipality or its employees. *Jastrzebski  vs.  City of New York*, 423 F. Supp. 669; *Washington Square Post No. 1212 vs.  City of New York*, 808 F. Supp. 264.

The requirement of serving the Notice of Claim on the municipality in any action against an employee thereof is especially clear where the municipality has, in addition to a common-law obligation to indemnify the employee, a statutory obligation to do so. *Sorge vs.  City of New York*, 56 Misc. 2d 414; 288 NYS 2d 78. Here, by virtue of Local Law No. 6 of 1981 of the City of Newburgh, amended by Local Law No. 1 of 2001, the City has set forth, by Local Law, its obligation to indemnify employees sued in the course of employment with the City. By virtue of the foregoing, there can be no question

1

that the plaintiff's failure to serve a Notice of Claim on the City bars the present action against Mr. Cummings. *Alifiers vs. American Airlines, 89 AD 2d 206.*

Moreover, the State claims for a common-law conspiracy, fraud, intentional infliction of emotional distress, and abuse of process are all intentional in nature and are barred by Section 215 of the CPLR which provides a one (1)-year statute of limitations for intentional acts. Here, the act of Mr. Cummings in issuing the Stop Order in question took place on May 2, 2006, according to the Complaint, but this action was not commenced until July 25, 2007, well over one (1) year later. Thus, all of those claims are barred by the statute of limitations.

## POINT    II

### COUNT  I  OF THE COMPLAINT FAILS TO ALLEGE A VIABLE CAUSE OF ACTION AGAINST DEFENDANT WILLIAM CUMMINGS

Count I of the Complaint seeks an injunction against the City of Newburgh and Mr. Cummings, but it is undisputed that Mr. Cummings resigned from the City months ago, so he could not comply with any injunctive relief even if it were granted since he has absolutely no power to do so. Obviously, Mr. Cummings is an improper party defendant in Count I.

2

## POINT    III

## THE COMPLAINT FAILS TO ALLEGE THE ESSENTIAL ELEMENTS REQUIRED FOR AN EQUAL PROTECTION CLAIM

In the present case, the plaintiffs do not allege any facts indicating that they are members of any class claimed to have been discriminated against by virtue of race, religion, or the like. In the absence of same, the equal protection claim is barred on their claim that they are being treated differently than one in a similar situation for some impermissible reason. *LaTrieste Restaurant and Cabaret, Inc.   vs    Village of Port Chester*, 40 F.3d 587 (2nd Circ. 1994); *Leclair  vs  Saunders*, 627 F. 2d 606 (2nd Circ. 1980).

To recover on such claim, the plaintiff must set forth facts identifying others involved in another, similar project who was treated differently for some unconstitutional reason. Here, no such individuals involved in a comparable project are set forth in the Complaint and, without same, no valid cause of action is asserted. *Dartmouth Review vs.  Dartmouth College*, 889 F. 2d 130; *Kirschner  vs.   Zoning Board of Appeals of Valley Stream*, 924 F. Supp. 385; *Carey  vs  Mt. Desert Island Hospital*, 156 F. 3d 31 (1st Circ. 1998)

The requirement of specifically identifying a similar project under similar circumstances which was treated in a different manner is especially stringent in these so-called "Class of One" actions, and the failure to sustain the burden of proof requires a

3

dismissal of the equal protection claim herein. See *Willowbrook vs. Olech*, 528 U.S. 562 (U.S. 2000); *Nielson vs. D'Angelis*, 409 F. 3d 100 (2nd Circ. 2005).


## POINT    IV

## NO VALID CLAIM FOR A "TAKING" BY DEFENDANT WILLIAM CUMMINGS IS SET FORTH IN THE COMPLAINT

Although the Complaint herein appears to assert a claim against the defendant Cummings for a "Taking" of plaintiff's property as a result of Mr. Cummings' action in issuing a Stop Order in alleged violation of the plaintiff's civil rights, it is submitted that no valid cause of action exists against an individual for an alleged "Taking" of real property without just compensation, and such claim can only be made against a governmental entity such as the City herein.

Clearly, any action by Mr. Cummings, however improper, could not divest the plaintiffs of their property since Mr. Cummings simply has no power to do so. Moreover, the plaintiffs have not exhausted their administrative remedies available under State law with respect to any "Taking", and any claim for a "Taking" is thus premature and must be dismissed. See *Williamson County Regional Planning Commission vs. Hamilton Bank*, 473 U.S. 172; *Southview Assc. vs. Bongartz*, 980 F. 2d 84 (2nd Circ. 1992).

4

## POINT    V

### THE COMPLAINT FAILS TO ASSERT A VALID CAUSE OF ACTION AGAINST DEFENDANT CUMMINGS BASED ON SECTION 1985 (1) AND (3)

It is well settled that under Section 1985(1), a claim must allege that the defendants conspired to interfere with the performance of official Federal duties by Federal officers. *Kush vs. Rutledge*, *460 U.S. 719*. In the present case, no Federal officers are involved nor are any Federal duties involved. There is simply no basis for the claim in question.

Section 1985(3) requires allegations that the defendants conspired to deprive a person of equal protection, but the claim must allege that there was some "class based animus" which motivated the conspiracy, such as race or religion. *Colombrito vs. Kelly*, *764 F. 2d 122 (2nd Circ. 1985)*. Here, no such claims are alleged and the Complaint must be dismissed accordingly. *Gagliardi vs. Village of Pawling, 18 F. 3d 188 (2nd Circ. 1994)*.

## POINT    VI

### NO VALID CLAIM AGAINST DEFENDANT CUMMINGS BASED ON VIOLATION OF DUE PROCESS IS SET FORTH IN THE COMPALINT

It is well settled that to assert a valid due process claim, a plaintiff must first establish that he has absolute entitlement to the property right allegedly being infringed upon. If, in fact, the municipality or its agent had any discretion at all to deny the

5

property interest (in this case, the permit), no valid due process claim exists. *Natale vs. Town of Ridgefield*, 170 F. 3d 258 (2nd Circ. 1999); *Zahra vs. Town of Southold*, 48 F. 3d 674 (2nd Circ. 1995); *RRI Realty Co. vs. Southampton*, 870 F. 2d 911.

Obviously, all of the conditions required for approval of the building had not been completed, the plaintiff had no such entitlement to the permit, and no valid due process rights existed.

Here, it is undisputed that plaintiffs never appeared before the Architectural Review Commission, as required by the City Code, before a Building Permit could be issued.

Plaintiffs' failure to comply with the City Code with respect thereto invalidates any alleged entitlement to a Building Permit and provided the City with authority to stop work on the project until that condition was met. If Mr. Cummings or the City erred in issuing the permit, or thereafter issuing the Stop Order, it is still not the type of governmental action which is protected by Section 1983. *Kaluczky vs. City of White Plains*, 57 F. 3d 211 (2nd Circ. 1995).

Moreover, it is well settled that in such cases, the Federal Courts should be careful not to become involved in areas of local concern involving land use determinations. *Sullivan vs. Town of Salem*, 805 f. 2d 81 (2nd Circ. 1986).

6

## CONCLUSION

BASED ON ALL OF THE FOREGOING, THE COMPLAINT AS AGAINST THE DEFENDANT, WILLIAM CUMMINGS, SHOULD BE DISMISSED AS A MATTER OF LAW.

Respectfully submitted,

MONTE J. ROSENSTEIN  (7673)
Attorney for Defendant *Cummings*
250 Crystal Run Road
Post Office Box 2215
Middletown, New York  10940
(845) 692-8006

7