UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

96 BROADWAY, LLC, ET AL.,       )  HON. STEPHEN ROBINSON

)

               Plaintiff(s),   )

     vs.             )  Case No.: 07CV 6689(SCR)

)

)

)

)

THE CITY OF NEWBURGH, ET AL.,  )

)

)

         Defendant(s).   )

)

---

## MEMORANDUM OF LAW IN OPPOSITION TO THE CITY's MOTIONS TO DISMISS PURSUANT TO FRCP 12 (b)( 1) and (6)

---

*Respectfully submitted,*

DOUGLAS R. DOLLINGER, Pro-se
Attorney for Defendant 96 Broadway
40 Matthews Street
Village of Goshen
Goshen, New York 10924
Tele. (845) 294.2771
Fasc. (845) 294.2772

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTORITIES………………………………………... iii-vii

PRELIMINARY STATEMENT…………………………………… 1

II   FACTUAL CLAIMS……………………………………… 2-4

III   POINT ……………………………………………………... 5-13

NO NOTICE OF CLAIM IS REQUIRED FOR THE PLAINTFFS' STATE LAW CLAIMS ASSERTED AGAINST CUMMING'S IN EITHER HIS OFFICAL CAPACITY OR HIS INDIVIDUALLY, NOR I S ANY REQUIRED RELATIVE TO THE PLAINTFFS' ALLEGED CIVIL RIGHTS VIOLATION 5-11

**Plaintiffs' State Law Claims-Statute of Limitations** 11-13

1.   **Fraud By Omission-Nondisclosure-Count IV** 11
2.   **Common Law Conspiracy-Count V** 12
3.   **Infliction of Emotional Distress-Counts VI and VII** 12

IV  POINT …………………………………………………….. 13-15

THE CLAIMS BEFORE THE COURT ARE RIPE FOR FEDERAL JUDICIAL REVIEW BECAUSE THE CITY'S ACTIONS IN REVOKING PLAINTIFFS' VESTED PROPERTY, THEIR BUILDING PERMIT, WAS ARBITRARY, CAPRICIOUS AND OTHERWISE WITHOUT A RATIONAL BASIS AND AN INTENTIIONAL VIOLATION OF THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE PLAINTIFFS, WHICH, AS SUCH ,VESTS SUBJECT MATTER JURISDICTION IN THIS COURT 13-15

Standard Of Review For Ripeness Defense……………………….... 14

V POINT……………………………………………………….. 15

THE COMPLAINT      SUFFICIENTLY      ALLEGES  MULTIPLE
CAUSES      OF      ACTION      FOR            VIOLATIONS  OF
PLAINTIFFS'  CONSTITUTIONAL  AND    CIVIL        RIGHTS        16

Standard of Review...................................................................     17

Argument................................................................................     17

    A.    Section 1983 provides Claims......................................     20-25

    B. Plaintiffs' Equal Protection Claims...............................     25-29

    C. Plaintiffs' Substantive Due Process Claims......................     29-32

    D. Plaintiff's Conspiracy claims.......................................     29-31

        1983 (3) Conspiracy.........................................     31

        1985 (3) Conspiracy .......................................     32

   CONCLUSION..................................................................     33

   AFFIDAVIT OF SERVICE.................................................     34

## TABLE OF AUTHORITIES

Page(s)

Arlington Hgts. v Metropolitan Hous. Corp., 429 US 252, 267 ................................................ 25

Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998) ................................................ 14 and 18

Barry v Barchi, 443 US 55, 64, n 11) ................................................ 28

Battalla v. State of New York 10 NY2d 237, 240-242. ................................................ 45

Beare v. Byrne, 103 A.D.2d 814, 478 N.Y.S.2d 44 (2d Dep't 1984), aff'd 67 N.Y.2d 922
493 N.E.2d 238, 502 N.Y.S.2d 135 (1986). ................................................ 38

Bello v Walker, 840 F2d 1124, 1129, cert denied 488 U.S. 851, 488 U.S. 868. ................................................ 27

Bender v New York City Health and Hosps. Corp., 38 N.Y.2d 662, 668, 382 N.Y.S.2d 18, 345............ 8

Brady v Town of Colchester, 863 F2d 205, 216................................................ 21,24 26 and 29

Board of Mangers Of Soho Int'l Arts Condo. V. City of New York, 01Civ.1226(DAB).
(S.D.N.Y. 09/08/2004) ................................................ 22

Bovsun v. Sanperi, 61 NY2d 219, 231................................................ 13

Church of St. Paul & St. Andrew v. Barwick, 67 N.Y.2d 510, 521). ................................................ 10

Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). ................................................ 29

Cipolla v. County of Rensselaer, 129 F. Supp. 2d 436, 457 (N.D.N.Y. 2001) ................................................ 10

City of Buffalo v Chadeayne, 134 N.Y. 163, 165................................................ 31

City of Canton v. Harris, 489 U.S. 378, 385, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989) ................................................ 18

City of St. Louis v. Praprotnik, 485 U.S. 112, 130, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988) ................................................ 18

Cohane v. Nat'l Collegiate Athletic Ass'n ex rel. Brand, No. 05-5860-cv, 2007 WL 247710, at
*1 (2d Cir. Jan. 25, 2007)................................................ 15 and 18

Coniston Corp. v Village of Hoffman Estates, 844 F2d 461, 467) ................................................ 21

Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ................................................ 14 and 16

Euclid v Ambler Co., 272 US 365, 395. ................................................ 30

Frazier v. City of New York, No. 96 Civ. 3345(HB), 1997 WL 214919, *2 (S.D.N.Y. Apr.24, 1997)
................................................ 5

French Investing Co. v City of New York, 39 N.Y.2d 587, cert denied 429 US 990) ....................... 8

Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) ...................................... 42

Grasso v. Schenectady County Pub. Library, 30 A.D.3d 814, 818, 817 N.Y.S.2d 186 (3d Dep't 2006)
.......................................................................................... 8

Greenbriar, Ltd. v City of Alabaster, 881 F2d 1570............................................. 21 and 25

Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338
(1971). .................................................................................... 42

Harris v County of Riverside, 904 F.2d 497, 501.......................................... 20 and 28

Hertz Corp., 1 F.3d at 125................................................................ 14 and 16

In re AES Corp., 825 F. Supp. at 583. ................................................... 14 and 16

Int'l Shared Servs., Inc. v. County of Nassau, 222 A.D.2d 407, 408, 634 N.Y.S.2d 722, 724
(2d Dep't 1995). ........................................................................... 8

LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester, 40 F.3d 587, 590 (2d Cir. 1994....... 22

LeClair v. Saunders, 627 F.2d 606, 608-10 (2d Cir. 1980) ................................... 24

Lisa's Party City, Inc. v. Town of Henrieta, 185 F.3d 12, 16(2nd Cir.
1999................................................................................... 23

Logan v Zimmerman Brush Co., 455 US 422, 430........................................ 25

Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)...................................... 14

Matter of Bayswater Health Related Facility v Karagheuzoff, 37 N.Y.2d 408, 373 N.Y.S.2d 49,
335 N.E.2d 282 ......................................................................... 14

Matter of Caponi v Walsh, 228 App Div 86, 89. ......................................... 31

Matter of Daley v Greece Cent. School Dist. No. 1, 21 A.D.2d 976, affd 17 N.Y.2d 530.)
.......................................................................................... 7

Matter of Deas v Levitt, 73 N.Y.2d 525, 531, cert denied 493 US 933)...................... 27

Matter of Putnam Armonk v Town of Southeast, 52 A.D.2d 10, 14-15.......................... 31

Matter of Sibarco Stas. v Town Bd., 24 N.Y.2d 900........................................ 31

Matter of Temkin v Karagheuzoff, 34 N.Y.2d 324, 357 N.Y.S.2d 470, 313 N.E.2d 770.................... 14

McCarthy, 2007 WL 967937, at *4………………………………………………    14 and 16

McMillian v. Monroe County, 520 U.S. 781, 117 S. Ct. 1734, 1736, 138 L. Ed. 2d 1 (1997)…………    18

Natural Res. Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006)……………………    14 and 16

Northern Westchester Professional Park Assocs. v Town of Bedford, 60 N.Y.2d 492…………………    8

Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005)……………………………    15 and 16

Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)……………    18

Pace Resources v Shrewsbury Twp., 808 F2d 1023………………………………………    21

Patsy v Florida Bd. of Regents, 457 US 496……………………………………………    14

Parratt v Taylor, 451 US 527, 535………………………………………………………    21 and 25

Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)…………    18, 20, 24 and 28

Pennsylvania Coal Co. v Mahon, 260 US 393, 415……………………………………    8

Padavan v. United States, 82 F.3d 23, (2d Cir. 1996) ……………………………………    18

Praprotnik, 485 U.S. at 129-30, 108 S. Ct. 915……………………………………………    18 and 28

Rounseville v. Zahl, 13 F.3d 625, 632 (2d Cir. 1994)……………………………………    30

Ryan Ready Mixed Concrete Corp. v Coons, 25 A.D.2d 530………………………………    7

Shelton v City of Coll. Sta., 780 F.2d 475, 483 [5th Cir], cert denied 479 US 822………………………    30

Silverman v. City of New York, No. 98-CV-6277, 2001 WL 218943, at 10 (E.D.N.Y. Feb. 2, 2001)………………………………………………………………………    10

Southview Assocs. v Bongartz, 980 F.2d 84, 96, 102 [2d Cir 1992], cert denied sub nom……………    16, 28 and 30

Southview Assocs. v Individual Members of Vt. Envtl. Bd., 507 US 987 [1993]……………………    9  and 29

Spence v Zimmerman, 873 F2d 256, 258………………………………………………    25

St. Louis v Praprotnik, 485 US 112, 123-124………………………………………    20 and 27

Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002)……………………………………    15 and 16

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) ……………………………    14 and 16

Town Of Orangetown, v. Magee Et Al., 88 N.Y.2d 41 9 (Ct. Appeals 1996)............................... 11

Villager Pond., Inc., v. Town of Darien, 56 F.3D 375 (2d Cir. 05/17/1995)............................... 9

Walker v. City of New York, 974 F.2d at 297.................................................................. 20

Wheeler v City of Pleasant Grove, 664 F.2d 99 [5th Cir 1981]............................................. 29

Williamson County Regional Planning Commisison v. Hamilton Bank of Johnson City,
   473 U.S. 172, 105 S. Ct. 3108, 87 Led. 2nd 126 (1985)............................................. 9, 11, 15

Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)........................ 21

Yale Auto Parts v Johnson, 758 F.2d 54, 59 [2d Cir 1985].............................................. 27

## CIVIL PRACTICE RULES-STATUTES                    Page(s)

Fed Rule Civ. P. 12(b)(1)...................................................................................... 1, 5 and 18

Fed Rule Civ. P. 12(b)(6) ..................................................................................... 1,16 and 17

Fed Rule of Civ. P. 15(a ) .................................................................................... 43

Newburgh CITY Code, Article V............................................................................. 2 and 24

Newburgh CITY Code, Ch 300[12-11-2000] §300-81 ................................................. 2, 11, 25
                                                                                             and 27

New York  Gen. Mun. Law, Art. 4, § 50-e. ............................................................. 9 and 37

New York  Gen. Mun. Law, Art. 4, § 50-i. .............................................................. 5

Title 28 USC § 1367............................................................................................ 17

Title 42 USC § 1983 (3)...................................................................................... 17, 18, 20
                                                                                             and 31

Title 42 USC § 1985(1) and (3)............................................................................ 15,16,17, 18
                                                                                             19,22, and 26

5th Amendments to the US Constitution.................................................................. 17

14th Amendments to the US Constitution................................................................ 17

## PRACTICE COMMONTARIES                    Page(s)

McKinney's Cons. Laws of NY, Book 7B, CPLR §3101:7 .................................................... 15

Stein, Regulatory Takings and Ripeness in the Federal Courts, op. cit., at 15; 1 ............................ 15 and 29

Schwartz and Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees § 3.13, at 204-205 [2d ed]... 15

Comer, Municipal Liability Under Section 1983................................................................... 27

Prosser, Torts [4th ed], § 54, at 330.............................................................................. 45

The Rationale Underlying the Final Authority Doctrine, 44 Vand L Rev 341 [1991]...................... 27

# I

## <u>PRELIMINARY STATEMENT</u>

For the most part, the legal arguments set forth on behalf of the Defendant, WILLIAM CUMMING's for dismissal of the Complaint pursuant to Fed Rule Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and Fed Rule Civ. P. 12(b)(6), for failure to state a claim are similar to those of the CITY OF NEWBURGH ("CITY").

However, they rely on differences in the application of the law related to the individual legal duties and liabilities concerning the factual allegations of the Complaint. **[CUMMING's Memorandum of Law.]**

Once again, as was true of the arguments presented by the CITY, in each instance, as will be shown below, the basis for dismissal as claimed in the Motions are in error of the claims pled and the law. Consequently, they should be rejected by this Court.

In general, the Complaint alleges that the CITY, due to an illegal interplay between the CITY Building Department and the ARC-NAG's involving organized and illegal activities, or otherwise invidious conduct directed against the Plaintiffs right to inhabit their property, intentionally violated Plaintiffs'

rights of equal protection and their substantive due process rights under the Constitution and other federal laws by arbitrarily, capriciously and irrationally revoking Plaintiffs' Building Permit which Plaintiffs claim was a vested property right. **[DOLLINGER Aff. Exhibit "1".]**

Likewise, Plaintiffs claim that the CITY's attempt to use Article V of the CITY Code to force Plaintiffs to restore their building to its former appearance, based on the record now before the Court, this conduct is equally violative of Plaintiffs' Constitutional and federal statutory rights as arbitrary and capricious and otherwise irrational. **[DOLLINGER Aff. Exhibit "1".]**

## II
## FACTUAL CLAIMS[1]

The CITY's Building Department is the authority-responsible for compliance with the CITY's Codes **[Newburgh CITY Code, Ch 300[12-11-2000] §300-81][2]**; including Article V, the enabling statute providing for the ARC as an oversight committee to the Building Inspector **[Newburgh CITY Code, Ch 300[12-11-2000]**; that at the time the Plaintiffs applied for their Building Permit, as well as at the time the CITY Building Inspector issued the Building Permit, the

---

[1] See also, the Affidavit of Douglas R. Dollinger in Opposition of the Motions before the Court and its annexed Exhibits, wherein Plaintiffs incorporate the facts as set forth therein hereat.

[2] See Exhibit "A" annexed hereto.

CITY's ARC did not have a sitting architect as required by the CITY's Code **[DOLLINGER Aff. ¶18, Exhibit "1" ¶55.];**  that the Building Inspector as a policy maker-administrative official chose to by-pass the ARC by having Plaintiffs pay for the CITY to hire an architect for historical-architectural and code compliance review of the Plaintiffs' Building Plans**[DOLLINGER Aff. ¶ 22, Exhibit "1" ¶¶59.];** that the Plans were reviewed and approved by their architect who issue **a de facto Certificate of Appropriateness [DOLLINGER Aff.¶ 25, Exhibit "1" ¶¶64 and Exhibit "11".];** wherein the CITY lawfully issued the Plaintiffs their Building Permit for the work performed at 96 Broadway**[DOLLINGER Aff. ¶26, Exhibit "1" at ¶66.];** that the rights under the Building Permit issued had become vested wherein in reliance on the permit and conversations with the CITY Building Inspector the fourth floor addition to the building is 70 % completed;  the elevator shaft is completed, wherein said fourth floor addition was necessary to allow the elevator to be retrofitted for the building to provide handicapped accessibility to both the apartments and commercial establishments thereat; the fact that the sprinkler and fire suppression systems have been 50% ruffed in and paid for and are awaiting final installation; or the fact that the electrical service upgrades have already been installed; almost all of the windows and doors have been ordered and paid for;  and that then, as pled, without legal reason or justification the CITY Building Inspector revoked

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

the Building Permit which in doing so it is claimed the CITY acted illegally and in an arbitrary capricious and/or irrational manner violating Plaintiffs' right of equal protection and their substantive due process rights **[DOLLINGER Aff. ¶93 Exhibit "1" 152.]**; that the revocation of the Plaintiffs' building permit and demand to restore the building to its former appearance was not based on the need to provide for the health, safety or the public's general welfare for the citizens of Newburgh or for any other lawful reason but instead was, as pled in the Complaint, based on an illegal demand and illegal interplay, a conspiracy, between the CITY, the Building Inspector and the ARC-NAG members **[DOLLINGER Aff. ¶122 Exhibit "1" at ¶¶79.]**; wherein in furtherance of the intent to injure Plaintiffs, meaning to "crush" their project and "run them out of town", the Building Inspector wrongly-illegally revoked the Plaintiffs' building permit, **[DOLLINGER Aff.29, 31, Exhibit "1" at ¶¶74 and 76.]**; the CITY now demanding that the building be restored to it former appearance [CITY's Memorandum of Law.]; and that in doing so the CITY, the Building Inspector and the ARC-NAGs have, and continue to, violate Plaintiffs' rights to equal protection in their right to inhabit in the CITY and their substantive due process rights of ownership in their vested property, their Building and the Building Permit. **[DOLLINGER Aff. and Exhibits.]**

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

# III

**NO NOTICE OF CLAIM IS REQUIRED FOR THE PLAINTFFS' STATE LAW CLAIMS ASSERTED AGAINST CUMMING'S IN EITHER HIS OFFICAL CAPACITY OR HIS INDIVIDUALLY, NOR I S ANY REQUIRED RELATIVE TO THE PLAINTFFS' ALLEGED CIVIL RIGHTS VIOLATIONS**

First, addressing this Defendant's right to raise this defense in his official capacity as the CITY Building Inspector, assuming he can; while not required to maintain federal claims, it is true that ordinarily, a party bringing a claim against a municipality located in the State of New York must serve a notice of claim upon the municipality within ninety days after the claim arises for those matter involving State law claims. See, <u>New York Gen. Mun. Law, Art</u>. 4, §50-i. See, <u>Mills v. County of Monroe</u>, 59 N.Y.2d 307, 308, 451 N.E.2d 456, 464 N.Y.S.2d 709 (1983).

The purpose of a notice of claim is "to afford the public corporation the opportunity "to locate the defect, conduct a proper investigation, and assess the merits of the claim." <u>Frazier v. City of New York, No</u>. 96 Civ. 3345(HB), 1997 WL 214919, *2 (S.D.N.Y. Apr.24, 1997)

It is without contest that the CITY and CUMMING's have known or have had actual knowledge about the facts and claims in this case as alleged in the

Complaint since as early as January 2006. [**DOLLINGER Aff. Exhibit "1" at**
**¶¶192-193.**]

This is true for two reasons, the CITY-CUMMING's meetings with
Plaintiff and because the CITY filed their State court action which included
numerous and extensively detailed factual allegations concerning the claims at
issue herein together with multiple exhibits annexed in support of their claims
from the period commencing at least January 2006.  These matters included
factual claims involving CUMMING's.  [**DOLLINGER Aff. and Exhibits.**]

Moreover, as set forth in the Plaintiffs' Complaint the CITY-
CUMMING's, requested the delay and otherwise induced Plaintiffs from taking
action claiming on multiple occasions that the matter would be "rubber stamped"
if Plaintiffs submitted an application to the ARC.  Thereafter, the CITY openly
and knowingly participated in the attempted resolution of the matters herein,
scheduling meetings, attending meetings, drafting proposals and entering into
agreements to resolve the matters wherein the stated goal was to avoid the resort
to legal proceedings.  [**DOLLINGER Aff.¶¶ 82-84 Exhibit "1" at ¶¶145 and
Exhibit 26.**]

It is without contest that the CITY-CUMMING's participated in these
meetings, meetings in which promises were made by the CITY Manger in front

of their CORPORATION COUNSEL, promises which Plaintiffs relied on to their detriment and which were intended to induce reliance, but which said promises were later abandoned by the CITY Manager. **[DOLLINGER Aff.¶¶85-87 Exhibit "1" at ¶¶146 Exhibit 27.]**

Based on the foregoing, this Court may determine that the CITY-CUMMING's are estopped from asserting the precondition for service of a notice of claim, especially because they had actually participated in the attempted resolution of the Plaintiffs' claims which necessarily involved the facts at issue herein. Hence, there is no genuine basis related to the legal purpose of the notice of claim.

Admittedly, a motion to file a notice of claim nunc pro tunc is the most appropriate vehicle by which to assert an estoppel claim. However, it is not exclusive manner available to do so, it may also be asserted through service of a Complaint alleging facts sufficient to excuse compliance with the notice of claim requirements of section 50-e. (See, e.g., Matter of Daley v Greece Cent. School Dist. No. 1, 21 A.D.2d 976, affd 17 N.Y.2d 530.) where the agreement, representations or conduct of a defendant have caused a plaintiff to delay suit on a known cause of action until the Statute of Limitations has run". See also, Robinson v City of New York, 24 A.D.2d 260, 263; see, also, Ryan Ready Mixed

Concrete Corp. v Coons, 25 A.D.2d 530. And again, such are the facts of this case. [**DOLLINGER Aff. and Exhibits "1".**]

In extending the equitable bar of estoppel to a public corporation's involving the acts of its' employees assertion of a failure to file a notice of claim the New York Court of Appeals has held: "[Where] a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised." See, <u>Bender v New York City Health & Hosps. Corp.,</u> 38 N.Y.2d 662, 668, supra.

Under the circumstances herein the CITY-CUMMING's had actual knowledge of the Plaintiff's claims and the CITY-CUMMING's should be estopped from asserting the pre-condition of filing notice of claim in this matter based on their participation and promises as alleged in the Complaint.

In the alternative, Plaintiffs' claim that they have filed a notice of claim with the CITY by letter dated June 8, 2007, and that they commenced their action within the one-year and ninety-days as requirement under Municipal Law Section 50-e. [**See, Dollinger Aff. and Exhibit "35".**]

Plaintiffs did so immediately after they learned that the CITY had allowed the ARC to convene without individuals who had taken the oath as required to sit on the ARC Commission so as to comply with the CITY Code; and only after the CITY had changed its position as settled in meeting with Plaintiffs, wherein the CITY Manger agreed that that if Plaintiffs submitted their Plans to the ARC, the ARC would approve the project without changes. **[DOLLINGER Aff.¶¶ 82-84 Exhibit "1" at ¶¶145 and Exhibit 26.]**

Beyond the forgoing, the State law claims against the individual named defendants, including CUMMING's are different than those against the CITY and a notice of claim is not a condition precedent to the commencement of an action against them unless the municipality is required to indemnify the individual defendants. See, New York Gen. Mun. Law, Art. 4, § 50-e(1)(b).

"The . . . . duty to indemnify [its] employees turns on whether they were acting within the scope of their employment . . . ." See, Grasso v. Schenectady County Pub. Library, 30 A.D.3d 814, 818, 817 N.Y.S.2d 186 (3d Dep't 2006); see also Int'l Shared Servs., Inc. v. County of Nassau, 222 A.D.2d 407, 408, 634 N.Y.S.2d 722, 724 (2d Dep't 1995).

And, any "obligation to indemnify . . . depends upon the resolution of the fact-sensitive question of whether [the individual defendants] were acting within

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

the scope of their employment with [the CITY] in committing the alleged [wrongful] acts." (citing <u>Riviello v. Waldron</u>, 47 N.Y.2d 297, 391 N.E.2d 1278, 418 N.Y.S.2d 300 (1979); <u>Overton v. Ebert</u>, 180 A.D.2d 955, 580 N.Y.S.2d 508 (3d Dep't 1992); <u>Beare v. Byrne</u>, 103 A.D.2d 814, 478 N.Y.S.2d 44 (2d Dep't 1984), aff'd 67 N.Y.2d 922, 493 N.E.2d 238, 502 N.Y.S.2d 135 (1986).

Accepting the allegations in the Complaint before the Court as true, as the Court must at this stage of the proceedings, the conduct of defendants in several instances appears to fall outside the scope of their employment-appointment.

Accordingly, on this record, dismissal of Plaintiffs' claims against the individual defendants meaning the conspiracy claims involving the illegal interplay between the CITY-ARC-NAG's is not warranted based upon plaintiffs' alleged failure to serve a notice of claim.  See, <u>Silverman v. City of New York</u>, No. 98-CV-6277, 2001 WL 218943, at 10 (E.D.N.Y. Feb. 2, 2001) ("Because it is too early in the litigation to determine whether the City is not obligated to indemnify the individual defendants (thus disposing of the need for a notice of claim ), plaintiff's claims against the individual defendants may not be dismissed on the ground of a flawed notice of claim."); <u>Cipolla v. County of Rensselaer</u>, 129 F. Supp. 2d 436, 457 (N.D.N.Y. 2001) ("At this juncture, the record does not contain sufficient evidence to determine if the County has a duty to indemnify

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Defendants and, thus, whether Plaintiffs' failure to file the Notice of Claim bars the state causes of action.")

Accordingly, Defendant CUMMING's motion for dismissal on the state law claims against the individual Defendants for failure to file a Notice of Claim should be denied.

**Plaintiffs' State Law Claims-Statute of Limitations**

1. **Fraud By Omission-Nondisclosure-Count IV**

Under the circumstances, the fraud by omission claim survives because the allegations are that the CUMMING's issued the building permit after he caused Plaintiffs to pay for the CITY to hire Mr. Abt, who issued a de facto Certificate of Appropriateness; that in reliance of the Building Permit, and the conversation with the Building Inspector, Plaintiffs incurred expenditures associated with the construction undertaken pursuant to the Building Permit. In the event he was without authority to act as he did, Defendant-CUMMING's made false or misleading statements, and by omission, meaning the failure to disclose that he did not have the authority to issue the Building Permit had the effect of defraud Plaintiffs, and because the Plaintiff relied on these statement and as a result of them, Plaintiffs suffered damages wherein CUMMING's will be liable in both his official and individual capacity. **[DOLLINGER Aff. and Exhibit.]**

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

## 2. **Common Law Conspiracy-Count V**

This claim is fully supported by the allegations of the Complaint and may be separately pursued as a state law claim co-extensive with Plaintiffs 1983 and 1985 claims.

## 3. **Infliction of Emotional Distress-Counts VI and VII**

The record in this case establishes that Defendant-CUMMING's, in furtherance of the CITY-ARC-NAG conspiracy to injure Plaintiff DOLLINGER, wherein CUMMING's is a party thereof, and intending to oust him from the CITY, has willfully caused the publication and transmission of false allegations directly related to the moral character of the Plaintiff-DOLLINGER in relation to the claims that a bribe was given by Plaintiff DOLLINGER to the Building Inspector for receipt of the Building Permit.

The record also clearly establishes that the CUMMING's was aware of the false nature of the claims by his activities in securing the Plaintiff's Building permit and that he has refused to acknowledge that he was administering the policies- practice as he with the knowledgeof the CITY established so as to deal with vacancies on the ARC.

Plaintiff's emotional injuries are proximately tied to the failure of the CUMMING's to inform the public of the truth that the he was administering policy as he was authorized to do under the City Code.

For in excess of 18 months, DOLLINGER has needlessly lived under a cloud of suspicion, enduring depression, anxiety, embarrassment, emotional distress and loss of income, weight gain and loss, caused by the nightmare of the Conspiracy to deny him his Constitutional and civil rights.

Under the circumstances presented, plaintiff should be given the opportunity to prove his allegations (see, Prosser, Torts [4th ed], § 54, at 330; see also, Bovsun v. Sanperi, 61 NY2d 219, 231; Battalla v. State of New York 10 NY2d 237, 240-242.

## IV

**THE CLAIMS BEFORE THE COURT ARE RIPE FOR FEDERAL JUDICIAL REVIEW BECAUSE THE CITY'S ACTIONS IN REVOKING PLAINTIFFS' VESTED PROPERTY, THEIR BUILDING PERMIT, WAS ARBITRARY, CAPRICIOUS AND OTHERWISE WITHOUT A RATIONAL BASIS AND AN INTENTIIONAL VIOLATION OF THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE PLAINTIFFS, WHICH, AS SUCH ,VESTS SUBJECT MATTER JURISDICTION IN THIS COURT**

Under the facts of this case there is no need to first seek and exhaust State remedies because the matter before the Court deals primarily with violations of the Plaintiffs' right to equal protection and substantive due process rights

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

involving their right to inhabit and their vested property as secured by the Constitution and other federal laws and Sate laws.

### Standard of Review Ripeness Defense

In resolving the question of subject matter jurisdiction, the district court may refer to evidence outside the pleadings.   See, <u>Austin v. Ford Models, Inc.,</u> 149 F.3d 148, 152 (2d Cir. 1998); see also, <u>Cortec Indus., Inc. v. Sum Holding L.P.,</u> 949 F.2d 42, 47 (2d Cir. 1991).

This is true because the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists and may present evidence of his claims beyond the face of the pleadings.   See, <u>Malik v. Meissner,</u> 82 F.3d 560, 562 (2d Cir. 1996).

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) the Court must accept all of the well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff.   See, <u>Triestman v. Fed. Bureau of Prisons,</u> 470 F.3d 471, 474 (2d Cir. 2006); See also, <u>Natural Res. Defense Council v. Johnson,</u> 461 F.3d 164, 171 (2d Cir. 2006); and see , <u>McCarthy,</u> 2007 WL 967937, at *4; <u>Hertz Corp.,</u> 1 F.3d at 125; <u>In re AES Corp.,</u> 825 F. Supp. at 583.

"The appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." See, <u>Cohane v. Nat'l Collegiate Athletic Ass'n ex rel. Brand</u>, No. 05-5860-cv, 2007 WL 247710, at *1 (2d Cir. Jan. 25, 2007) (quoting <u>Nechis v. Oxford Health Plans, Inc.</u>, 421 F.3d 96, 100 (2d Cir. 2005).

"This rule applies with particular force where as here, the plaintiff alleges civil rights violations . . . .'" <u>Cohane</u>, 2007 WL 247710, at *1 (quoting <u>Thompson v. Carter</u>, 284 F.3d 411, 416 (2d Cir. 2002)).

The stated allegations in the Complaint, together with the Affidavit of DOUGLAS R. DOLLINGER inclusive of the Exhibits annexed thereto, set out factual assertions and documentary proof involving Plaintiffs' claims that the matters concerned before the Court are ripe for federal judicial review because they deal directly with Plaintiffs' allegations that the Defendant CUMMING's conspired to violate Plaintiffs Constitutional and Civil Rights.

## V

## THE COMPLAINT SUFFICIENTLY ALLEGES MULTIPLE CAUSES OF ACTION FOR VIOLATIONS OF <u>PLAINTIFFS' CONSTITUTIONAL AND CIVIL RIGHTS</u>

Having established that the matters before the Court are ripe for federal judicial review, Plaintiffs assert that numerous causes of action exists including

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

actions involving the unconstitutional conspiracy to deny them the equal protection of the law as well as their substantive and procedural due process rights secured by the United States Constitution and federal and state statutes in relation to their property.

## Standard of Review

The rule for reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is identical as in the case of review motion involving issues of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).    See, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006); see, also, Natural Res. Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006); and see , McCarthy, 2007 WL 967937, at *4; Hertz Corp., 1 F.3d at 125; In re AES Corp., 825 F. Supp. at 583; see, Cohane v. Nat'l Collegiate Athletic Ass'n ex rel. Brand, No. 05-5860-cv, 2007 WL 247710, at *1 (2d Cir. Jan. 25, 2007) (quoting Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005)); see, Padavan v. United States, 82 F.3d 23, 26 (2d Cir. 1996) (quoting Hughes v. Rowe, 449 U.S. 5, 10 (1980)). "Cohane, 2007 WL 247710, at *1 (quoting Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002)); see, Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998);  see, Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Again, the stated allegations in the Complaint, together with the referenced evidence inclusive of the Affidavit of DOUGLAS R. DOLLINGER and its Exhibits, set out factual assertions involving <u>Plaintiffs' vested property rights</u> and that the CUMMING's actions in revoking the Plaintiffs' Building Permit in furtherance of the alleged conspiracy violated of Plaintiffs' equal protection and substantive due process rights under the Constitution and 42 USC §1983 and 1985.

**<u>Argument</u>**

The Complaint before the Court alleges that due to illegal activity of certain members of the CITY government, and/or administrative bodies of the CITY, the ARC, CORPORATION COUNSEL and the CITY Building Department-CUMMING's, in an illegal conspiracy with citizen of the CITY, the NAGs, acting under the color of the law and acting illegally to crush Plaintiffs project and run Plaintiffs out of town the CITY Building Department wrongfully issued stop work orders effectively revoking Plaintiffs' Building Permit a vested property right in violation of Plaintiffs' equal protection and due process rights.

**A.    Section 1983 provides Claims:**

> "Every person who, under color of any statute, ordinance,
> regulation, custom or usage, of any State ..., subjects, or causes to
> be subjected, any citizen of the United States or other person

- 17 -
**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

The law is well established, Municipalities are "persons" subject to suit under section 1983 for the deprivation of constitutionally protected rights. There are four situations in which the CITY can be held liable under 42 U.S.C. § 1983: (1) an officially promulgated policy endorsed or ordered by the CITY, see, Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); (2) a custom or practice that is so pervasive and widespread that the CITY had either actual or constructive knowledge of it, see, City of St. Louis v. Praprotnik, 485 U.S. 112, 130, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988); Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985); (3); actions taken or decisions made by the CITY employee who, as a matter of state law, is responsible for establishing municipal policies with respect to the area in which the action is taken, See, McMillian v. Monroe County, 520 U.S. 781, 117 S. Ct. 1734, 1736, 138 L. Ed. 2d 1 (1997); Praprotnik, 485 U.S. at 129-30, 108 S. Ct. 915; Pembaur, 475 U.S. at 480-83, 106 S. Ct. 1292; or (4) where the failure of the CITY to train its employees rises to the level of deliberate indifference to the constitutional rights of others, see, City of Canton v. Harris, 489 U.S. 378, 385, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989);

- 18-

Walker v. City of New York, 974 F.2d at 297. Plaintiffs' allegations of the liability on the part of the City fall under all of the above.

Application of the forgoing legal principles begin with the CITY's Building Inspector-CUMMING'S who is the administrative official in charge of issuing building permits and insuring that a project is or is not sent to the ARC. Clearly, the matter before the Court was under his authority. And as the Complaint alleges he exercised this authority with the knowledge of the CITY Manger. [**DOLLINGER Aff. ¶Exhibit "1" at ¶58.**]    It is also clear in this case it is clear that the CITY Building Inspector chose to institute a policy of bypassing the ARC because there was no sitting architect on the ARC at the time Plaintiffs submitted their Building Application. [**DOLLINGER Aff¶¶ 22-25. Exhibit "1" at ¶¶59-65, Exhibits 8-12.**] There can be no faithful argument that the CITY was unaware that the Building inspector was using outside sources to fill the vacancies on the ARC so that he could issue building permits. [**DOLLINGER Aff. ¶22 Exhibit "1" at ¶59.**] In furtherance of this policy, in this case and pursuant to his authority the Building Inspector sought an alternative review of the project by having it reviewed by Mr. Abt. [**DOLLINGER Aff¶¶ 22-25. Exhibit "1" at ¶¶59-65, Exhibits 8-12 and see, Newburgh CITY Code, Ch 300(12-11-2000) §300-81.**]

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Based on that review, and on a de facto Certificate of Appropriateness issued by Mr. Abt, the building inspector granted final approval to proceed with the restoration of the building in conformity with the approved and filed Plans before the City Building Department. **[DOLLINGER Aff.¶¶25-27 Exhibit "1" at ¶¶65-67, Exhibit 12-13.]**

Notwithstanding the Building Inspector's policy-practice, it is clear the CITY has arbitrarily, or otherwise irrationally voided the Building Inspector's bypass policy because of the illegal demands and illegal interplay between the CITY governmental bodies and the ARC-NAG's. **[DOLLINGER Aff. an Exhibits. ]**

In this instance the conduct amounts to the failure to properly train members of the CITY government  and is otherwise a deliberate indifference to Plaintiffs rights which has resulted in the violations of Plaintiffs' right of equal protection and due process as related to their vested property rights in their building permit and right to inhabit thereunder.

**B.    Plaintiffs' Equal Protection Claims**

To succeed on their claim for damages pursuant to 42 USC §1983, Plaintiff must establish (1) the deprivation of a protectable property interest (2) by one

acting under the authority of law. See, <u>Parratt v Taylor</u>, 451 US 527, 535. In this case Plaintiffs claim CUMMING's acted based on the Statutory authority provided to him under the CITY Code.

In relation to Plaintiffs' equal protection claims the record establishes that the illegal revocation of the building permit was not the result of a good faith mistake regarding the applicable local law as the CITY claims, see, <u>Brady v Town of Colchester</u>, 863 F2d 205, 216; <u>Coniston Corp. v Village of Hoffman Estates</u>, 844 F2d 461, 467) nor was the permit revoked because the Plaintiffs' building would harm the community in some manner. See, <u>Greenbriar, Ltd. v City of Alabaster</u>, 881 F2d 1570; see also, <u>Pace Resources v Shrewsbury Twp.</u>, 808 F2d 1023. Rather, the Plaintiffs' vested Building Permit was revoked solely as the result of general community protest owing to Plaintiffs "intent to inhabit" wherein they have been selectively mistreated by the CITY, the Building Inspector and the ARC-NAG's so as to "crush" Plaintiffs' project and "run [Plaintiffs] "out of town". [**DOLLINGER Aff. and Exhibits.**]

Based on the foregoing facts and in opposition of Defense Counsel's argument otherwise, Plaintiffs' may be considered a "Class -of -One by this Court. This is because they satisfy the rigors of <u>Willowbrook v. Olech</u>, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam), in which the

high court noted that under certain circumstances, including those applicable in this case, claims of equal protection may be claimed by a "Class of One".

In particular the Court held that:

> [o]ur cases have recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.
> Id. at 564.

The Second Circuit, has also "long recognized that the equal protection guarantee . . . extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials. . ." See, Board of Mangers Of Soho Int'l Arts Condo. V. City of New York, 01Civ.1226(DAB). (S.D.N.Y. 09/08/2004; citing LeClair v. Saunders, 627 F.2d 606, 608-10 (2d Cir. 1980)), even though such a claim is a "murky corner of equal protection law in which there are surprisingly few cases." See, LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester, 40 F.3d 587, 590 (2d Cir. 1994) (citation omitted).

Under the circumstances, this Court may properly determine that the CITY, its Building Inspector, and the ARC-NAG's actions amounts to invidious

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

conduct, the intent of which was malicious and in bad faith directed at injuring

Plaintiffs in violation of their Fourteenth Amendment rights to equal protection

See, Lisa's Party City, Inc. v. Town of Henrieta, 185 F.3d 12, 16(2nd Cir. 1999).

Plaintiffs claim that they are like any other landowner in the CITY of

Newburgh who has received a building permit.  They are in fact similarly situated

because they have vested rights in their Building Permit wherein they intended to

inhabit or otherwise locate their business in the CITY.  And, but for the illegal

activity as alleged in the Complaint, and in other evidence now before the Court,

they would have done so.  Their treatment therefore violates the class treatment

they occupy as permit holders in the CITY.

The record establishes that the conduct of the Building Inspector first

exempted the Plaintiffs' from the need to appear before the ARC because their

Building Plans had been reviewed and approved by Mr. Abt wherein he issued a

de facto Certificate of Appropriateness filling the vacancies on the ARC.  The

record also establishes that Building Inspector's subsequent revocation bears no

legal justification whatsoever and the only conclusion can be that the Building

Inspector's revocation of the permit was arbitrary, capricious and otherwise

without a rational basis because it was without legal justification and motivated

entirely to the conspiracy to crush Plaintiffs' project and run them out of town.

Now, the only remaining question is whether his actions may be imputed to the CITY. [**DOLLINGER Aff. and Exhibits.**]

The CITY's own Code, which necessarily reflects the CITY's policy, vests the Building Inspector, alone with the administrative authority to issue building permits; determine whether an application must be submitted to the ARC in the first instance; or whether he may use alternative means to satisfy the Code during vacancies on the commission; and whether to revoke building permits. [**See, Newburgh CITY Code, Ch 300(12-11-2000) §300-81.**]

The Building Inspector therefore implements CITY policy and the CITY by enacting the legislation, accepted the possibility that he would exercise this authority in an arbitrary and capricious manner or otherwise irrational manner. [**See, Newburgh CITY Code, Ch 300(12-11-2000) §300-81.**]

While the municipality might not be liable if the Building Inspector acted in a good faith or mistaken understanding of the law, as the CITY claims in this case, See, Brady v Town of Colchester, supra, at 216, or if his act was a random act of personal ill will not authorized by the CITY, Monell, supra; Pembaur, supra, that clearly is not the case here.

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Here the Building Inspector first  exercised his legal authority pursuant to the CITY Code to bypass the ARC  and then to revoke the Building Permit not for any lawful reason but for invidious reasons related and born of the illegal interplay of the CITY and ARC-NAGs, wherein the intent was to  deny Plaintiffs right to inhabit.

Moreover, it is clear that he did so at the direction of the CITY Manager and on the demand of the ARC-NAG members.   Accordingly, plaintiffs have properly stated a claim for damages pursuant to 42 USC §1983, based on the CITY's, the Building Inspector's and the ARC-NAG's invidious conduct.

## C.    Plaintiffs' Substantive Due Process Claims:

On the issue of substantive due process the Court is asked to consider that a property owner is denied substantive due process when a governmental decision affecting his or her property has been made in an arbitrary and capricious manner, and "without any rational basis". See, Greenbriar, Ltd. v City of Alabaster, 881 F2d 1570; Spence v Zimmerman, 873 F2d 256, 258; Bello v Walker, 840 F2d 1124, 1129, cert denied 488 U.S. 851, 488 U.S. 868.

The hallmark of property "is an individual entitlement grounded in state law, which cannot be removed except 'for cause'".  See, Logan v Zimmerman Brush Co., 455 US 422, 430; Parratt v Taylor, supra; Matter of Deas v Levitt, 73

N.Y.2d 525, 531, cert denied 493 US 933).   In this case it is clear that there was no cause for revocation of the Plaintiffs Building Permit.

Under the circumstances of this case there is no rational basis for requiring Plaintiffs to appear before the ARC to obtain a Certificate of Appropriateness. This is because a de facto Certificate of Appropriateness had already been issued by Mr. Abt, the CITY's Architect  Mr. Abt, approved the Plans finding that they conformed to all historical and state building codes requirements.   Thereafter, the Building Inspector issued the final Building Permit.   .  [**DOLLINGER Aff.¶25-27, Exhibit "1" at ¶65, Exhibit 12 and 13.**]

And, once Plaintiffs acquired a cognizable property interest, due process assured them of the right to be free from arbitrary or irrational municipal actions destructive of this interest. See, <u>Arlington Hgts. v Metropolitan Hous. Corp.,</u> 429 US 252, 267; <u>Southview Assocs.</u>, supra, at 96; <u>Brady v Town of Colchester,</u> supra, at 215.

The evidence shows that because the project sat almost directly across from CITY Hall, and that it had proceeded unmolested for approximately two (2) months prior to the revocation of the Building Permit, the CITY had "engendered a clear expectation of continued enjoyment" of the permit sufficient to constitute a protectable property interest for purposes of a section 1983 claim <u>Barry v</u>

Barchi, 443 US 55, 64, n 11); and, there was a "certainty or a very strong likelihood" that defendants would have completed the project absent the deprivation of due process. See, Yale Auto Parts v Johnson, 758 F.2d 54, 59 [2d Cir 1985].

While a municipality may not be held vicariously liable under the doctrine of respondeat superior for employing a careless tortfeasor, the same is not true where the injury arises from acts of municipal officers or employees in the course of executing municipal policy or custom , liability may be imposed for a single act, as long as it is the act of an official authorized to decide policy in that area See, Pembaur, supra, at 480, 482-483; St. Louis v Praprotnik, 485 US 112, 123-124; see also, Comer, Municipal Liability Under Section 1983: The Rationale Underlying the Final Authority Doctrine, 44 Vand L Rev 341 [1991].

Once again, the CITY Code authorized the Building Inspector to administer the policy-practice of bypassing the ARC at his discretion because he is the "administrative official" authorized to do so under. In this case the policy-practice of bypassing the CITY's ARC  and using outside resources as adopted by the CITY and the Building Inspector is provided for in the Newburgh CITY Code, specifically, 300-81. [Providing that the Building Inspector is the administrative official for enforcement of the City Code.]

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

And, even if the foregoing were untrue, the fact remains that in this case, although a single act, the CITY remains liable for the Building Inspector's bypass policy of the ARC as was his authority and discretion.

This is true because the action before this Court challenges a particular land-use decision, the revocation of Plaintiffs' Building Permit claiming a single decision with its own consequences, rather than as one in a series of actions--resulting in a taking. See, Harris v County of Riverside, 904 F.2d 497, 501.  And, under the circumstances of this case, the revocation was again arbitrary, capricious and otherwise irrational.  See, Scott v Greenville County, 716 F2d 1409.

The acts of the CUMMING's in wrongfully revoking Plaintiffs' vested building permit for no lawful reason, and in fact for purely political and/or other illegal reasons, has denied Plaintiffs their substantive due process of law because the revocation and subsequent demand to appear before the ARC after the Plans had been approved by the CITY's architect, Abt, because the ARC did not have an architect to convene as a commission and after the Plaintiffs' rights became vested under the permit was in and of itself arbitrary and capricious and as such amounts to a denial of due process. See, 156 Misc. 2d 881, 893-895, (supra); and see, Southview Assocs. v Bongartz, 980 F.2d 84, 96, 102 [2d Cir 1992], cert

denied sub nom. <u>Southview Assocs. v Individual Members of Vt. Envtl. Bd.</u>, 507
US 987 [1993]; <u>Brady v Town of Colchester</u>, 863 F.2d 205, 215 [2d Cir 1988];
<u>Wheeler v City of Pleasant Grove</u>, 664 F.2d 99 [5th Cir 1981]; see generally,
<u>Stein, Regulatory Takings and Ripeness in the Federal Courts, 48 V and L Rev 1</u>,
80 [1995].

In the end the CITY's authority to regulate the issuing and revocation of
building permits rests upon the valid exercise of its police power and a decision
regulating a landowner's use of its property offends due process when the
government acts with "no legitimate reason for its decision". See, <u>Shelton v City</u>
<u>of Coll. Sta.</u>, 780 F.2d 475, 483 [5th Cir], cert denied 479 US 822; see, <u>Euclid v</u>
<u>Ambler Co.</u>, 272 US 365, 395.

**D.    Plaintiff's Conspiracy Claims**

### 1983 (3) Conspiracy

To survive a motion to dismiss a §1983 conspiracy claim Plaintiff must
allege: "(1) an agreement between two or more state actors or between a state
actor and a private entity; (2) to act in concert to inflict an unconstitutional injury;
and (3) an overt act done in furtherance of that goal causing damages." <u>Pangburn</u>
<u>v. Culbertson</u>, 200 F.3d 65, 72 (2d Cir. 1999); accord <u>Ciambriello v. County of</u>
<u>Nassau</u>, 292 F.3d 307, 324-25 (2d Cir. 2002).

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

The Second Circuit has acknowledged that "conspiracies are by their very nature secretive operations," See, <u>Rounseville v. Zahl,</u> 13 F.3d 625, 632 (2d Cir. 1994), and may have to be proven by circumstantial, instead of direct, evidence.

To prove a prima facie case of civil conspiracy under § 1983(3) the plaintiff must show "an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights."

Here, there can be no genuine argument, Plaintiffs have expressly pled the required elements under §1983(3), and accordingly, Defendants Motion to Dismiss this Claim should be denied.

Plaintiffs claims that there is prima facie evidence of civil conspiracy under §1983(3) involving both an express and implied agreement to deny Plaintiffs their Constitutional and Civil Rights.

For instance, Plaintiffs claim that the ARC and CORPORATION COUNSEL members, the CITY Manger and the Building Inspector [state actors] have met over the Internet and in person, wherein they conspired with members of the Community, private citizen known as the NAGs, and that in each instance the allegations are that the Defendants are acting under the color of state law and have vowed to "crush" Plaintiffs' Project and "run [Plaintiffs] out of town" intending to deny them their right to inhabit in the CITY in violation of their right

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

of equal protection and substantive due process and that as a result Plaintiffs have been injured in the exercise of their Constitutional and statutory rights.

In furtherance of their goals these Defendants have actually published false and defamatory statements aimed at swaying public opinion against the project and have had the Building Inspector void his policy-practice of bypassing the ARC and revoke the Building Permit issued to Plaintiffs, notwithstanding the Plaintiffs vested rights to their Building Permit, further demanding that Plaintiffs either restore the building to its former appearance or appear before the ARC wherein the changes to their building and Building Permit together with the vested rights there under will be subject to ad hock change, resulting in a loss in the value of the changes already completed and notwithstanding the fact that the Plans met all historical and State building code requirements. **[DOLLINGER Aff. and Exhibits.]**

### 1985 (3) Conspiracy

42 U.S.C. § 1985(3) also creates a private right of action for recovery of damages "if two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons in the equal protection of the laws. . . ."

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

The Complaint both generally and specifically alleges violations of 42 U.S.C. § 1985(3).  Under § 1985(3), the law prohibits conspiracies to deprive "either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws."  See, 42 U.S.C. § 1985(3).

To survive a motion to dismiss, a §1985(3) conspiracy a "plaintiff must allege 'some . . . . . class-based, invidiously discriminatory animus behind the conspirators' action'." to deprive a them of constitutional right.  See, Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Again, there can be no genuine argument about the sufficiency of the Complaint, Plaintiffs have expressly pled the required elements under §1985(3), claiming that they are holders of a Building Permit which has become vested and that and they are similarly situated as others who hold permits in the CITY of Newburgh but that they the CITY, via the illegal interplay with the other named Defendants has engaged in invidiously discriminatory animus with  the other conspirators and has engaged in action to deprive a them of constitutional rights to inhabit.   Accordingly, Defendant's Motion to Dismiss this Claim should be denied. **[DOLLINGER Aff. and Exhibits.]**

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

## CONCLUSION

For all of the foregoing reason the CITY's Motion should be denied.

**RESPECTFULLY SUBMITTED**, this 7th day of December 2007.

By: _____
          DOUGLAS R. DOLLINGER, (DD 5922)

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

**PROOF OF SERVICE**

STATE OF NEW YORK    )

COUNTY OF NEW YORK)

     I maintain my offices in the City of Newburgh, County of Orange, State of New York. I am over the age of 18 and not a party to these proceedings. My business address is 40 Matthews Street, Village of Goshen, New York 10924.

     On December 10, 2007, I served the following documents: PLAINTIFF'S Memorandum Of Law And Dollinger's Affidavit And Exhibits In Opposition To Defendants' FRCP 12(b) (1) and 12(b)(6) Motions and a Motion To Enlarge The Time To Respond To Defendant Gabor's Motion To Dismiss.

**\*\*\* PLEASE SEE ATTACHED SERVICE LIST\*\*\***

\_\_\_\_**VIA OVERNIGHT MAIL:**

     By delivering such documents to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express courier addressed to the person(s) on whom it is to be served.

 **X**  **VIA U.S. MAIL:**

     By depositing a sealed envelope containing the above-cited document with the U.S. Postal Service on December 10, 2007, with postage thereon fully paid at the local post office in Newburgh, New York.

\_\_\_\_**VIA PERSONAL DELIVERY:**

     By personally delivering such sealed envelope by hand to the offices of the addressee pursuant to the applicable law

\_\_\_\_**VIA FACSIMILE:**

     By facsimile transmission where a report was generated indicating that the transmission was completed to the number indicated on the report without error.

     I declare under penalty of perjury under the laws of the United States of America that the above is true ad correct and I declare that I did so at the direction of the member of the bar of this Court at whose direction the service was made.

     Executed this 10th day of December 2007, City of Newburgh, County of Orange, State of New York.

EDWARD McCARTHY

1

2

3

**SERVICE LIST**

**96 Broadway etal., Case No.: 07cv 7419(SCR) (MLF)**

4

5

6

7

TARSHIS, CATANIA, LIBERTH, MAHON & MILIGRAM, PLLC
Attorneys for Plaintiffs
One Corwin Court
P.O. Box 1479
Newburgh, New York 12550
Tel. No. 845.565.1100

8

9

10

MONTE J. ROSENSTEIN, ESQ.
259 Crystal Run Rd.
Middletown, 10940
Tel. No. 845.692 .8006

11

12

13

Bergstein & Ullrich, LLP
15 Railroad Avenue
Chester, New York 10918
Tel. No. 845.469.1277

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28