# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

96 BROADWAY, LLC, ET AL.,       )  HON. STEPHEN ROBINSON

                        )

            Plaintiff(s),    )

         vs.            )  Case No.: 07CV 6689(SCR)

                        )

                        )

                        )

THE CITY OF NEWBURGH, ET AL.,    )

                        )

                        )

           Defendant(s).    )

                        )

---

## MEMORANDUM OF LAW IN OPPOSITION TO THE CITY's MOTIONS TO DISMISS PURSUANT TO FRCP 12 (b)( 1) and (6)

---

*Respectfully submitted,*

DOUGLAS R. DOLLINGER, Pro-se
Attorney for Defendant 96 Broadway
40 Matthews Street
Village of Goshen
Goshen, New York 10924
Tele. (845) 294.2771
Fasc. (845) 294.2772

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES................................................  iii-vii

I  PRELIMINARY STATEMENT........................................   1

II  FACTUAL CLAIMS.................................................  2-4

III  POINT ...........................................................   4

THE CLAIMS BEFORE THE COURT ARE RIPE FOR  FEDERAL
JUDICIAL  REVIEW  BECAUSE  THE  CITY'S  ACTIONS  IN
REVOKING   PLAINTIFFS'   VESTED   PROPERTY,   THEIR
BUILDING PERMIT, WAS ARBITRARY, CAPRICIOUS AND
OTHERWISE   WITHOUT   A   RATIONAL   BASIS   AND   AN
INTENTIIONAL VIOLATION OF THE CONSTITUTIONAL AND
CIVIL RIGHTS OF THE PLAINTIFFS, WHICH, AS SUCH ,VESTS
SUBJECT   MATTER   JURISDICTION   IN   THIS   COURT

Standard Of Review For Ripeness Defense................................   5

Argument ............................................................  6-16

IV  POINT.............................................................  16

THE   COMPLAINT   SUFFICIENTLY   ALLEGES MULTIPLE
CAUSES   OF   ACTION   FOR   VIOLATIONS   OF
PLAINTIFFS'   CONSTITUTIONAL AND   CIVIL   RIGHTS

Standard of Review......................................................  17

Argument..............................................................  19

A.  Section 1983 provides Claims................................  19

B. **Plaintiffs' Equal Protection Claims**.............................. 22

C. **Plaintiffs' Substantive Due Process Claims**...................... 26

D. **Plaintiffs Have A Constitutionally Protected Right To Have Their Building Permit Restored Because Their Rights Under the Permit Were Vested When it was revoked**..................... 30

E. **No Notice of Claim is Required**................................... 34

F. **Plaintiff's Conspiracy claims**

      **1983 (3) Conspiracy**.............................. 39

      **1985 (3) Conspiracy** ............................. 41

G. **Plaintiffs State Law Claims**................................. 42

  1. <u>Fraud By Omission-Nondisclosure-Count IV</u>.................. 43

  2. <u>Common Law Conspiracy-Count V</u>........................... 44

  3. <u>Infliction of Emotional Distress-Counts VI and VII</u>........... 44

  4. <u>Abuse of Process Counts VIII</u>............................. 45

  5. <u>Libel Slander and defamation Count IX (sicVIII)</u>........... 46

**CONCLUSION**.................................................. 46

**AFFIDAVIT OF SERVICE**...................................... 47-48

## TABLE OF AUTHORITIES

|  | Page(s) |
|---|---|
| Arlington Hgts. v Metropolitan Hous. Corp., 429 US 252, 267 …………………………… | 27 |
| Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998) ………………………… | 5 and 18 |
| Barry v Barchi, 443 US 55, 64, n 11) ………………………………………………… | 28 |
| Battalla v. State of New York 10 NY2d 237, 240-242. …………………………………... | 45 |
| Beare v. Byrne, 103 A.D.2d 814, 478 N.Y.S.2d 44 (2d Dep't 1984), aff'd 67 N.Y.2d 922 493 N.E.2d 238, 502 N.Y.S.2d 135 (1986). ………………………………………… | 38 |
| Bello v Walker, 840 F2d 1124, 1129, cert denied 488 U.S. 851, 488 U.S. 868. …………………… | 27 |
| Bender v New York City Health and Hosps. Corp., 38 N.Y.2d 662, 668, 382 N.Y.S.2d 18, 345…………… | 15, 33 and 3 |
| Brady v Town of Colchester, 863 F2d 205, 216……………………………………………… | 22,26 28 and 30 |
| Board of Mangers Of Soho Int'l Arts Condo. V. City of New York, 01Civ.1226(DAB). (S.D.N.Y. 09/08/2004) …………………………………………………………… | 24 |
| Bovsun v. Sanperi, 61 NY2d 219, 231…………………………………………………… | 45 |
| Church of St. Paul & St. Andrew v. Barwick, 67 N.Y.2d 510, 521). ………………………… | 10 |
| Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). …………………… | 39 |
| Cipolla v. County of Rensselaer, 129 F. Supp. 2d 436, 457 (N.D.N.Y. 2001) …………………… | 38 |
| City of Buffalo v Chadeayne, 134 N.Y. 163, 165………………………………………… | 31 |
| City of Canton v. Harris, 489 U.S. 378, 385, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989) ……………… | 20 |
| City of St. Louis v. Praprotnik, 485 U.S. 112, 130, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988) …………… | 20 |
| Cohane v. Nat'l Collegiate Athletic Ass'n ex rel. Brand, No. 05-5860-cv, 2007 WL 247710, at *1 (2d Cir. Jan. 25, 2007)……………………………………………………… | 6 and 18 |
| Coniston Corp. v Village of Hoffman Estates, 844 F2d 461, 467) ………………………… | 22 |
| Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ………………… | 5 and 18 |
| Euclid v Ambler Co., 272 US 365, 395. ………………………………………………… | 30 |

Frazier v. City of New York, No. 96 Civ. 3345(HB), 1997 WL 214919, *2 (S.D.N.Y. Apr.24, 1997)
................................................................................................................................. 34

French Investing Co. v City of New York, 39 N.Y.2d 587, cert denied 429 US 990) ..................... 8

Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) ........................................... 42

Grasso v. Schenectady County Pub. Library, 30 A.D.3d 814, 818, 817 N.Y.S.2d 186 (3d Dep't 2006)
................................................................................................................................. 38

Greenbriar, Ltd. v City of Alabaster, 881 F2d 1570................................................... 23 and 27

Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338
(1971). ..................................................................................................................... 42

Harris v County of Riverside, 904 F.2d 497, 501.................................................... 20 and 29

Hertz Corp., 1 F.3d at 125.......................................................................... 5 and 18

In re AES Corp., 825 F. Supp. at 583. ............................................................. 5 and 18

Int'l Shared Servs., Inc. v. County of Nassau, 222 A.D.2d 407, 408, 634 N.Y.S.2d 722, 724
(2d Dep't 1995). ......................................................................................................... 38

LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester, 40 F.3d 587, 590 (2d Cir. 1994....... 24

LeClair v. Saunders, 627 F.2d 606, 608-10 (2d Cir. 1980) .................................................. 24

Lisa's Party City, Inc. v. Town of Henrieta, 185 F.3d 12, 16(2nd Cir.
1999.......................................................................................................................... 24

Logan v Zimmerman Brush Co., 455 US 422, 430............................................................. 27

Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)........................................................ 5

Matter of Bayswater Health Related Facility v Karagheuzoff, 37 N.Y.2d 408, 373 N.Y.S.2d 49,
335 N.E.2d 282 ........................................................................................................ 14

Matter of Caponi v Walsh, 228 App Div 86, 89. ......................................................... 31

Matter of Daley v Greece Cent. School Dist. No. 1, 21 A.D.2d 976, affd 17 N.Y.2d 530.)
................................................................................................................................. 36

Matter of Deas v Levitt, 73 N.Y.2d 525, 531, cert denied 493 US 933).................................. 27

Matter of Putnam Armonk v Town of Southeast, 52 A.D.2d 10, 14-15....................................... 31

Matter of Sibarco Stas. v Town Bd., 24 A.D.2d 900........................................................ 31

Matter of Temkin v Karagheuzoff, 34 N.Y.2d 324, 357 N.Y.S.2d 470, 313 N.E.2d 770...................... 14

McCarthy, 2007 WL 967937, at *4.......................................................................... 5 and 18

McMillian v. Monroe County, 520 U.S. 781, 117 S. Ct. 1734, 1736, 138 L. Ed. 2d 1 (1997)............ 20

Natural Res. Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006)............................ 5 and 18

Northern Westchester Professional Park Assocs. v Town of Bedford, 60 N.Y.2d 492.................... 8

Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005)................................ 6 and 18

Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)............... 20

Pace Resources v Shrewsbury Twp., 808 F2d 1023.................................................... 22

Patsy v Florida Bd. of Regents, 457 US 496.......................................................... 14

Parratt v Taylor, 451 US 527, 535................................................................. 22 and 27

Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)............. 19, 20, 26 and 28

Pennsylvania Coal Co. v Mahon, 260 US 393, 415.................................................... 8

Padavan v. United States, 82 F.3d 23, (2d Cir. 1996) .............................................. 18

Praprotnik, 485 U.S. at 129-30, 108 S. Ct. 915....................................................... 20 and 28

Rounseville v. Zahl, 13 F.3d 625, 632 (2d Cir. 1994)................................................ 39

Ryan Ready Mixed Concrete Corp. v Coons, 25 A.D.2d 530............................................ 36

Shelton v City of Coll. Sta., 780 F.2d 475, 483 [5th Cir], cert denied 479 US 822...................... 30

Silverman v. City of New York, No. 98-CV-6277, 2001 WL 218943, at 10 (E.D.N.Y. Feb. 2, 2001).......................................................................................... 38

Southview Assocs. v Bongartz, 980 F.2d 84, 96, 102 [2d Cir 1992], cert denied sub nom............... 16, 28 and 30

Southview Assocs. v Individual Members of Vt. Envtl. Bd., 507 US 987 [1993]........................ 9 and 30

Spence v Zimmerman, 873 F2d 256, 258............................................................. 27

St. Louis v Praprotnik, 485 US 112, 123-124......................................................... 20 and 28

Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002)................................................ 6 and 18

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) ...................................... 5

Town Of Orangetown, v. Magee Et Al., 88 N.Y.2d 41 9 (Ct. Appeals 1996).............................. 11

Villager Pond., Inc., v. Town of Darien, 56 F.3D 375 (2d Cir. 05/17/1995)................................. 9

Walker v. City of New York, 974 F.2d at 297................................................................ 20

Wheeler v City of Pleasant Grove, 664 F.2d 99 [5th Cir 1981]............................................. 30

Williamson County Regional Planning Commision v. Hamilton Bank of Johnson City,
473 U.S. 172, 105 S. Ct. 3108, 87 Led. 2nd 126 (1985)................................................... 9, 11, 15

Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).......................... 23

Yale Auto Parts v Johnson, 758 F.2d 54, 59 [2d Cir 1985]................................................. 29

**CIVIL PRACTICE RULES-STATUTES**                     **Page(s)**

Fed Rule Civ. P. 12(b)(1)................................................................................ 1, 5 and 18

Fed Rule Civ. P. 12(b)(6) ............................................................................... 1,16 and 17

Fed Rule of Civ. P. 15(a ) .............................................................................. 43

Newburgh CITY Code, Article V.......................................................................... 2 and 24

Newburgh CITY Code, Ch 300[12-11-2000] §300-81 ...................................................... 2, 11, 25 and 26

New York  Gen. Mun. Law, Art. 4, § 50-e. .............................................................. 36 and 37

New York  Gen. Mun. Law, Art. 4, § 50-i. .............................................................. 34

Title 28 USC § 1367...................................................................................... 17

Title 42 USC § 1983 (3)................................................................................. 15,16,17, 18 19, 22 and 26

Title 42 USC § 1985(1) and (3).......................................................................... 15,16,17, 18 19,22, and 26

5th Amendments to the US Constitution.................................................................. 17

14th Amendments to the US Constitution................................................................. 17

## PRACTICE COMMONTARIES

                                                                                    Page(s)

McKinney's Cons. Laws of NY, Book 7B, CPLR §3101:7 ........................................  15

Stein, Regulatory Takings and Ripeness in the Federal Courts, op. cit., at 15; 1 .........  15 and 30

Schwartz and Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees § 3.13, at 204-205 [2d ed]...  15

Comer, Municipal Liability Under Section 1983................................................  28

Prosser, Torts [4th ed], § 54, at 330........................................................  45

The Rationale Underlying the Final Authority Doctrine, 44 Vand L Rev 341 [1991].............  28

# I
## PRELIMINARY STATEMENT

For the most part, without addressing the factual or substantive claims of the Plaintiffs' the CITY argues, in nothing other than conclusory terms, that the Complaint must be dismissed pursuant to Fed Rule Civ. P. 12(b)(1) because the factual allegations of the Complaint fail to confer federal subject matter jurisdiction. **[CITY's Memorandum of Law.]**

Coextensively, the CITY argues that the Complaint fails to state a claim pursuant to FRCP 12(b)(6), and again as argued, request the Court to dismiss the Complaint. **[CITY's Memorandum of Law.]**

In each instance, as will be shown below the basis for dismissal as claimed in the Motions are in error of the claims pled and the law. Consequently, they should be rejected by this Court.

In general, the Complaint alleges that the CITY, due to an illegal interplay between the CITY Building Department and the ARC-NAG's involving organized and illegal activities, or otherwise invidious conduct directed against the Plaintiffs right to inhabit their property, intentionally violated Plaintiffs' rights of equal protection and their substantive due process rights under the Constitution and other federal laws by arbitrarily, capriciously and irrationally

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

revoking Plaintiffs' Building Permit which Plaintiffs claim was a vested property right. **[DOLLINGER Aff. Exhibit "1."]**

Likewise, Plaintiffs claim that the CITY's attempt to use Article V of the CITY Code to force Plaintiffs to restore their building to its former appearance. Based on the record now before the Court, this conduct is equally violative of Plaintiffs' Constitutional and federal statutory rights as arbitrary and capricious and otherwise irrational. **[DOLLINGER Aff. Exhibit "1".]**

## II
## FACTUAL CLAIMS[i]

Glaringly absent from Defense Counsel's arguments, and as Plaintiffs' claim, the reasons this Court should reject the legal propositions presented in support of the argument that this Court is without subject matter jurisdiction is the lack of any acknowledgment or discussion of the facts as pled by Plaintiffs: that the CITY's Building Department is the authority-responsible for compliance with the CITY's Codes **[Newburgh CITY Code, Ch 300[12-11-2000] §300-81]**; including Article V, the enabling statute providing for the ARC as an oversight committee to the Building Inspector **[Newburgh CITY Code, Ch 300[12-11-2000] §300-81]**; that at the time the Plaintiffs applied for their Building Permit,

---

[i] See also, the Affidavit of Douglas R. Dollinger in Opposition of the Motions before the Court and its annexed Exhibits, wherein Plaintiffs incorporate the facts as set forth therein hereat.

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

as well as at the time the CITY Building Inspector issued the Building Permit, the CITY's ARC did not have a sitting architect as required by the CITY's Code [**DOLLINGER Aff. ¶18, Exhibit "1" ¶55.**];  that the Building Inspector as a policy maker-administrative official chose to by-pass the ARC by having Plaintiffs pay for the CITY to hire an architect for historical-architectural and code compliance review of the Plaintiffs' Building Plans[**DOLLINGER Aff. ¶ 22, Exhibit "1" ¶¶59.**]; that the Plans were reviewed and approved by their architect [**DOLLINGER Aff.¶ 25, Exhibit "1" ¶¶64 and Exhibit "11".**]; wherein the CITY lawfully issued the Plaintiffs their Building Permit for the work performed at 96 Broadway[**DOLLINGER Aff. ¶26, Exhibit "1" at ¶66.**]; that the rights under the Building Permit issued had become vested and that then, as pled, without legal reason or justification the CITY Building Inspector revoked the Building Permit which in doing so it is claimed the CITY acted illegally and in an arbitrary capricious and/or irrational manner violating Plaintiffs' right of equal protection and their substantive due process rights. [**DOLLINGER Aff. ¶93 Exhibit "1" 152.**]

Likewise, there is a lack of acknowledgement or discussion in the CITY's arguments that the revocation of the Plaintiffs' building permit and demand to restore the building to its former appearance was not based on the need to provide for the health, safety or the public's general welfare for the citizens of Newburgh

or for any other lawful reason but instead was, as pled in the Complaint, based on an illegal demand and illegal interplay, a conspiracy, between the CITY, the Building Inspector and the ARC-NAG members **[DOLLINGER Aff. ¶122 Exhibit "1" at ¶¶79.];** wherein in furtherance of the intent to injure Plaintiffs, meaning to "crush" their project and "run them out of town", the Building Inspector wrongly-illegally revoked the Plaintiffs' building permit, **[DOLLINGER Aff.29, 31, Exhibit "1" at ¶¶74 and 76.];** wherein the CITY demands that the building be restored to it former appearance [CITY's Memorandum of Law.] ; and in doing so the CITY, the Building Inspector and the ARC-NAGs have, and continue to, violate Plaintiffs' rights to equal protection in their right to inhabit in the CITY and their substantive due process rights of ownership in their vested property, their Building and the Building Permit. **[DOLLINGER Aff. and Exhibits.]**

## III

**THE CLAIMS BEFORE THE COURT ARE RIPE FOR FEDERAL JUDICIAL REVIEW BECAUSE THE CITY'S ACTIONS IN REVOKING PLAINTIFFS' VESTED PROPERTY, THEIR BUILDING PERMIT, WAS ARBITRARY, CAPRICIOUS AND OTHERWISE WITHOUT A RATIONAL BASIS AND AN INTENTIIONAL VIOLATION OF THE CONSTITUTIONAL AND CIVIL RIGHTS OF THE PLAINTIFFS, WHICH, AS SUCH ,VESTS SUBJECT MATTER JURISDICTION IN THIS COURT**

Under the circumstances of this case there is no need to first seek and exhaust State remedies because the matter before the Court deals primarily with

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

violations of the Plaintiffs' right to equal protection and substantive due process rights involving their right to inhabit and their vested property as secured by the Constitution and other federal laws and Sate laws.

### Standard of Review Ripeness Defense

In resolving the question of subject matter jurisdiction, the district court may refer to evidence outside the pleadings.   See, Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998); see also, Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).

This is true because the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists and may present evidence of his claims beyond the face of the pleadings.  See, Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) the Court must accept all of the well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff.   See, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006); See also, Natural Res. Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006); and see , McCarthy, 2007 WL 967937, at *4; Hertz Corp., 1 F.3d at 125; In re AES Corp., 825 F. Supp. at 583.

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

"The appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." See, <u>Cohane v. Nat'l Collegiate Athletic Ass'n ex rel. Brand</u>, No. 05-5860-cv, 2007 WL 247710, at *1 (2d Cir. Jan. 25, 2007) (quoting <u>Nechis v. Oxford Health Plans, Inc.</u>, 421 F.3d 96, 100 (2d Cir. 2005).

"This rule applies with particular force where as here, the plaintiff alleges civil rights violations . . . .'" <u>Cohane</u>, 2007 WL 247710, at *1 (quoting <u>Thompson v. Carter</u>, 284 F.3d 411, 416 (2d Cir. 2002)).

The stated allegations in the Complaint, together with the Affidavit of Douglas R. Dollinger inclusive of the Exhibits annexed thereto, set out factual assertions and documentary proof involving Plaintiffs' claims that the matters concerned before the Court are ripe for federal judicial review because they deal directly with Plaintiffs' allegations the Defendants have conspired to violate Plaintiffs Constitutional and Civil Rights. **[DOLLINGER Aff. and Exhibits.]**

## Argument

The lynchpin of the CITY's argument, as to whether this Court lacks <u>subject matter jurisdiction,</u> seems to be the claim that Plaintiffs have failed to exhaust their State court remedies and therefore the constitutional and civil rights

issues as related to Plaintiffs' claims are not ripe for federal judicial review. **[CITY's Mem. of Law.]**

This argument should be rejected outright because it is not as the CITY argues . . . " plaintiffs must be claiming a 'regulatory taking' of their property rights by virtue of the <u>denials</u> of the Certificate of Appropriateness and the Building Permit". **[CITY's Mem. of Law at page 6 Emphasis added.]**

Indeed, while the matters before the Court involve at least in part a claim for the illegal taking of Plaintiffs' vested property, their Building Permit, this is not the primary claim at all. Without question the CITY is attempt to dodge the indisputable facts of this case and have refused to address the facts that as Plaintiffs claim in their Complaint that in addition to the taking of their vested right to the lawfully issued Building Permit, they have the right to inhabit their property in the CITY which has been denied by the illegal interplay among the Defendants. **[DOLLINGER Aff. and Exhibits.]**

By ignoring the facts as pled the CITY has been able to disingenuously argue that the matter is not ripe for judicial review and that this Court lacks subject matter jurisdiction. The argument speciously claims that the matter is not ripe for federal judicial review because the Plaintiffs must first appear before the ARC to seek a Certificate of Appropriateness which must then be denied and that

the Plaintiffs must also seek compensation of their claims through State proceedings before the matter becomes final and ripe for federal judicial review. However, the law is otherwise. **[CITY's Mem. of Law.]**

Notwithstanding the CITY's argument, the ripeness requirements for "just compensation" and "regulatory takings" claims differ from claims based upon arbitrary, capricious and otherwise irrational conduct once a building permit has been lawfully issued and the rights to the building permit have become vested.

In comparison, under a takings claim the contention is that the State has taken the property for a governmental purpose or that it has gone "too far" in exercising its police power to regulate property and thus deprived an owner of all economically beneficial use of the property. See, <u>Pennsylvania Coal Co. v Mahon,</u> 260 US 393, 415; see also, <u>Northern Westchester Professional Park Assocs. v Town of Bedford,</u> 60 N.Y.2d 492; <u>French Investing Co. v City of New York,</u> 39 N.Y.2d 587, cert denied 429 US 990).

Indeed, where the allegations are that the government has gone too far, the claims are not ripe for judicial review until (1) the governmental entity charged with implementing the regulations has rendered a final decision regarding the application of the regulations to the property, and (2) the landowner has availed itself of the procedures provided by State law to obtain just compensation. See,

<u>Williamson County Regional Planning Commisison v. Hamilton Bank of Johnson City</u>, 473 U.S. 172, 105 S. Ct. 3108, 87 Led. 2nd 126 (1985), 200; <u>Southview Assocs. v Individual Members of Vt. Envtl. Bd.</u>, 507 US 987 [1993]

Under this type of claim, a decision does not become ripe for review unless alternative uses of the property have been considered and rejected and it is established that the landowner has been deprived of its property.   Until that has been done, it is not clear that a taking has occurred or how "far" the regulation goes. See, <u>Williamson</u>, supra, at 194, 200; <u>Southview supra</u>, at 96).

On the other hand, however, an equal protection claim and a substantive due process claim involving a permit which has already been issued and become vested, as in this case, wherein the claim that its revocation was wrongful or otherwise arbitrary, capricious or irrational and that the real intent of the revocation relates to Plaintiffs' desire to inhabit, under these circumstances the analysis is different and subject only to the final decision requirement of the Williamson test.  See, <u>Villager Pond., Inc., v. Town of Darien</u>, 56 F.3D 375 (2d Cir. 05/17/1995).

And on this point, the finality requirement is concerned with whether an official authorized to make the determination has arrived at a decision that inflicts injury on a constitutional level . See, <u>Williamson</u>, supra, at 192-193; see also,

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Church of St. Paul & St. Andrew v. Barwick, 67 N.Y.2d 510, 521).  Plaintiffs

claim that in this case the revocation of the Building Permit constitutes a final

decision by an official authorized to do so in the matter and that the revocation

has caused substantial and immediate injury to them inclusive of injuries to their

right to inhabit. **[DOLLINGER Aff.  and Exhibit "1".]**

In addressing the CITY's finality argument as related to the authority of

the ARC and the requirement that Plaintiffs must first apply-seek to obtain a

Certificate of Appropriateness from the ARC, which then must be denied, and

that the Plaintiffs must then also seek compensation, which must also be denied

before the matter is ripe for judicial review, the argument is without merit.

This is because the ARC is not the final decision maker in these maters.

This authority belongs only to the Building Inspector.  The facts are that the ARC

was and is not authorized to accept applications-fees for a Certificate of

Appropriateness.    Applications  must  be  submitted  through  the  Building

Department.  Moreover, the CITY Building Department issues the Certificates of

Appropriateness, when one is required, along with the landowner's building

permit.

The ARC is not authorized to revoke a building permit or a Certificate of

Appropriateness or even participate in the Building Inspector's decision to revoke

them.[2] This explains the reason that the Building Inspector issued the revocation

and not the ARC, it was because he was the final authority in these matters and

only he could make the final decision to revoke the Building Permit.[3]    See,

Newburgh CITY Code, Ch 300[12-11-2000] §300-81. (see, Williamson, supra, at

193) and see, Town Of Orangetown, v. Magee Et Al.,  88 N.Y.2d 41 9 (Ct.

Appeals 1996).


Turning to whether the Building Inspector's revocation constituted a "final

decision" by the CITY.  This matter may be determined by examining the facts

underlying the issuance and revocation of the Building Permit juxtaposed the

relevant local laws.    Here the City Building Inspector was the "initial decision

maker" and had the sole discretion in the questions of issuing permits and in the

revocation of them.    (see, Williamson, supra, at 193) and see, Town Of

Orangetown, v. Magee Et Al.,  supra , and, See, Newburgh CITY Code, Ch

300[12-11-2000] §300-81.


In support of the legal proposition offered, that the Building Inspector has

both original and the final authority in these matters, and was exercising his

---

[2] Notwithstanding the prohibition against participating in the decision to revoke the Plaintiffs' building permit they did so and in fact unlawfully demanded that Plaintiffs participate in workshops post issuance of the Building Permit unlawfully demanding that Plaintiffs alter and remove the completed framing of the building after Plaintiffs had obtained a vested right in the building permit and expended in excess of $500,000.00 on the project. See,

[3] Although the CITY is backpedaling, even the CITY agrees that the ARC is simply an oversight committee administered by and through the Building Department. See the CITY's Memorandum of Law at Page 6.

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

authority-policy in issuing the permit and that he had the sole discretion to revoke the permit under the Code are the incontrovertible facts that on or about January 23, 2006, Plaintiffs' submitted their Application and Plans for restoration of the Building to the CITY's Building Department, Plans which were drawn by Plaintiffs' duly licensed architect and which were signed-certified and stamped by him. [**DOLLINGER Aff. ¶16-17, Exhibit "1" at ¶¶48-50 Exhibts 5-6.**]

It is uncontestable that in January 2007, the CITY Building inspector adopted a procedure-practice or custom, as was his authority-discretion, to have Plaintiffs' Plans reviewed by an architect not directly employed by the CITY because the CITY's ARC did not have an architect as required to constitute a lawfully convened commission for review of the Plaintiffs' Plans at the time the Plaintiffs submitted their application for a building permit. Indeed, the ARC did not have an architect until long after the CITY's Building Inspector issued Plaintiffs' their Building Permit.  **[DOLLINGER Aff., Exhibit "1" and see, Newburgh CITY Code, Ch 300(12-11-2000) §300-81.]**

Because the CITY- ARC was without an architect in January 2006, and could not review Plaintiffs' Plans, the CITY Building Inspector required Plaintiffs to pay for the CITY to hire an outside architect to review their Plans so as not to cause a delay in the CITY issuing Plaintiffs a building permit.    In

response, the CITY hired Whelton B. Abt. [**DOLLINGER Aff.¶ Exhibit "1" at ¶¶59-60.**]

Noteworthy is the fact that in March 2006, Mr. Abt notified the CITY's Building Inspector, after several meetings with Plaintiffs representative, and after extensive review of the Plans, that the Building Inspector "could" issue the Plaintiffs a final building permit. [**DOLLINGER Aff. ¶25, Exhibit "1" at ¶65 and Exhibit "12".**]

Significantly, Mr. Abt by letter of March 23, 2006, which Plaintiffs claim is a de facto Certificate of Appropriateness, determined that no historical report was necessary, and that the Plans conformed to the New York State Building Codes. [**DOLLINGER Aff. ¶25, Exhibit "1" at ¶65 and Exhibit "12".**]

After being informed they could proceed with the planned renovations of the building, in conformity of their filed Plans Plaintiffs expended in excess of $250,000.00 in improvements. [**DOLLINGER Aff. and Exhibit "1".**]

Under these circumstances no faithful argument can be made, the permit was lawfully issued under the authority-practice of the Building Inspector based on the review provided to the CITY by Mr. Abt.

What's more, it is equally clear Plaintiffs had a vested right to the Building Permit and have been injured by its illegal revocation because Plaintiffs made substantial improvements and incurred substantial expenses in reliance on the issued Permit, before it was illegally revoked.  See, Matter of Bayswater Health Related Facility v Karagheuzoff, 37 N.Y.2d 408, 373 N.Y.S.2d 49, 335 N.E.2d 282; see also, Matter of Temkin v Karagheuzoff, 34 N.Y.2d 324, 357 N.Y.S.2d 470, 313 N.E.2d 770.

Under the circumstances, because MR. Abt issued a de facto Certificate of Appropriateness the ARC's approval was ministerial.  Thus, a determination by the ARC was and is not necessary.   Once the Building Inspector issued the Plaintiffs' their Building Permit and Plaintiffs rights became vested by virtue of their investment and commitment to the project, the matter was beyond the reach of the ARC.

Simply put, the law is that if the Building Inspector had the authority to make a final decision revoking the issued permit, as is in this case, a demand requiring Plaintiffs as permit holders to seek administrative review of the building inspectors action by taking or by seeking state review impose an exhaustion requirement on their section 1983 action, a condition which is generally impermissible, See, Patsy v Florida Bd. of Regents, 457 US 496;

Williamson, supra, at 194, n 13; see generally, Stein, Regulatory Takings and Ripeness in the Federal Courts,48 V and L Rev 1, 80 [1995] op. cit., at 15; 1 Schwartz and Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees § 3.13, at 204-205 [2d ed].

What's more, under the circumstances, the CITY is equitably estopped from asserting that the Plaintiffs' claim pursuant to 42 USC § 1983 is not ripe for review on the ground that the Plaintiffs failed to proceed with their application for a Certificate of Appropriateness to the CITY's ARC or otherwise review their State Court remedies. This is because "[w]here a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised." See, Bender v New York City Health and Hosps. Corp., 38 N.Y.2d 662, 668, 382 N.Y.S.2d 18, 345 N.E.2d 561).

In conclusion, requiring Plaintiffs to pursue and obtain a Certificate of Appropriateness before the ARC as the CITY is demanding is arbitrary, capricious and otherwise irrational. The law relied on by Plaintiffs in support of their claims makes it unnecessary for them as landowners to pursue administrative remedies to determine how the regulation in question applies to

the property at issue, or to avail themselves of State procedures for determining compensation because the action of the municipality is being challenged as illegal and/or arbitrary, capricious and otherwise irrational as to the Plaintiffs rights to equal protection and their right substantive due process rights in violations of 42 USC §1983. See, <u>Southview Assocs. v Bongartz</u>, 980 F.2d 84, 96, 102 [2d Cir 1992], cert denied sub no.

The remedy for a violation of the equal protection and substantive due process rights claim, rights born of the federal constitution and applied through codified federal and state civil rights statutes and other state laws includes the invalidation of the illegal/arbitrary and capricious acts of the CITY in the enforcement of a regulatory scheme, meaning the revocation of the Building Permit, and actual damages for the violations as claimed by Plaintiffs.    See, <u>Southview Assocs. v Bongartz</u>, supra, at 96-97). Accordingly, the matter is ripe for judicial review by this Court and as such the Motion to dismiss the Complaint for lack of subject matter jurisdiction should be denied.

## IV

## THE COMPLAINT SUFFICIENTLY ALLEGES MULTIPLE CAUSES OF ACTION FOR VIOLATIONS OF PLAINTIFFS' CONSTITUTIONAL AND CIVIL RIGHTS

Having established that the matters before the Court are ripe for federal judicial review, Plaintiffs assert that numerous causes of action exists including

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

actions involving the unconstitutional conspiracy to deny them the equal protection of the law as well as their substantive and procedural due process rights secured by the United States Constitution and federal and state statutes in relation to their property.

The Complaint requests/alleges: **(1)** a temporary restraining order and a permanent injunction **(2)** causes of action involving federal questions related to Plaintiffs' rights under the, 5th and 14th Amendments to the US Constitution, and violations of Plaintiffs' civil rights under Part II: 42 U.S.C. sec. 1983 (due process and equal protection clauses), **(3)** violations of Part III: 42 U.S.C. sec. 1985 (1) & (3) (conspiracy).

Because Plaintiffs have asserted various claims arising under state law that form part of the same "case or controversy" as the claims arising under federal law, this Court also has "supplemental jurisdiction" pursuant to 28 U.S.C. §1367 involving Plaintiffs' state law claims of: **(4)** fraud by omission and nondisclosure, **(5)** common law conspiracy, **(6)** negligent infliction of emotional distress, and **(7)** intentional infliction of emotional distress, **(8)** abuse of process, **(9)** defamation, libel and slander.

### Standard ff Review

The rule for reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is identical as in the case of review motion involving issues of subject

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).    See, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006); see, also, Natural Res. Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006); and see , McCarthy, 2007 WL 967937, at *4; Hertz Corp., 1 F.3d at 125; In re AES Corp., 825 F. Supp. at 583; see, Cohane v. Nat'l Collegiate Athletic Ass'n ex rel. Brand, No. 05-5860-cv, 2007 WL 247710, at *1 (2d Cir. Jan. 25, 2007) (quoting Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005)); see, Padavan v. United States, 82 F.3d 23, 26 (2d Cir. 1996) (quoting Hughes v. Rowe, 449 U.S. 5, 10 (1980)). "Cohane, 2007 WL 247710, at *1 (quoting Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002)); see, Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998);  see, Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).

Again, the stated allegations in the Complaint, together with the referenced evidence inclusive of the Affidavit of Douglas R. Dollinger and its Exhibits, set out factual assertions involving Plaintiffs' vested property rights and that the CITY actions in revoking the Plaintiffs' Building Permit in violation of Plaintiffs' equal protection and substantive due process rights under the Constitution and 42 USC §1983 and 1985.

## Argument

The Complaint before the Court alleges that due to illegal activity of certain members of the CITY government, and/or administrative bodies of the CITY, the ARC, CORPORATION COUNSEL and the CITY Building Department, in an illegal conspiracy with citizen of the CITY, the NAGs, acting under the color of the law and acting illegally to crush Plaintiffs project and run Plaintiffs out of town the CITY Building Department wrongfully issued stop work orders effectively revoking Plaintiffs' Building Permit a vested property right in violation of Plaintiffs' equal protection and due process rights.

**A.**    **Section 1983 provides Claims:**

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

The law is well established, Municipalities are "persons" subject to suit under section 1983 for the deprivation of constitutionally protected rights. There are four situations in which the CITY can be held liable under 42 U.S.C. § 1983: (1) an officially promulgated policy endorsed or ordered by the CITY, see, Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S. Ct. 1292, 89 L. Ed. 2d

- 19-

452 (1986); (2) a custom or practice that is so pervasive and widespread that the CITY had either actual or constructive knowledge of it, see, <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112, 130, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988); <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985); (3); actions taken or decisions made by the CITY employee who, as a matter of state law, is responsible for establishing municipal policies with respect to the area in which the action is taken, See, <u>McMillian v. Monroe County</u>, 520 U.S. 781, 117 S. Ct. 1734, 1736, 138 L. Ed. 2d 1 (1997); <u>Praprotnik</u>, 485 U.S. at 129-30, 108 S. Ct. 915; <u>Pembaur</u>, 475 U.S. at 480-83, 106 S. Ct. 1292; or (4) where the failure of the CITY failed to train its employees rises to the level of deliberate indifference to the constitutional rights of others, see, <u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989); Walker v. City of New York, 974 F.2d at 297. Plaintiffs' allegations of the liability on the part of the City fall under all of the above.

Application of the forgoing legal principles begin with the CITY's Building Inspector who is the administrative official in charge of issuing building permits and insuring that a project is or is not sent to the ARC. Clearly, the matter before the Court was under his authority. And as the Complaint alleges he exercised this authority with the knowledge of the CITY Manger. **[DOLLINGER Aff. ¶Exhibit "1" at ¶58.]** It is also clear in this case it is clear

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

that the CITY Building Inspector chose to institute a policy of bypassing the ARC because there was no sitting architect on the ARC at the time Plaintiffs submitted their Building Application. **[DOLLINGER Aff¶¶ 22-25. Exhibit "1" at ¶¶59-65, Exhibits 8-12.]** There can be no faithful argument that the CITY was aware that the Building inspector was using outside sources to fill the vacancies on the ARC so that he could issue building permits. **[DOLLINGER Aff. ¶22 Exhibit "1" at ¶59.]** In furtherance of this policy, in this case and pursuant to his authority the Building Inspector sought an alternative review of the project by having it reviewed by Mr. Abt. **[DOLLINGER Aff¶¶ 22-25. Exhibit "1" at ¶¶59-65, Exhibits 8-12 and see, Newburgh CITY Code, Ch 300(12-11-2000) §300-81.]**

Based on that review, and on a de facto Certificate of Appropriateness issued by Mr. Abt, the building inspector granted final approval to proceed with the restoration of the building in conformity with the approved and filed Plans before the City Building Department. **[DOLLINGER Aff.¶¶25-27 Exhibit "1" at ¶¶65-67, Exhibit 12-13.]**

Notwithstanding the Building Inspector's policy-practice, it is clear the CITY has arbitrarily, or otherwise irrationally voided the Building Inspector's bypass policy because of the illegal demands and illegal interplay between the

CITY governmental bodies and the ARC-NAG's. **[DOLLINGER Aff.    an Exhibits. ]**

In this instance the conduct amounts to the failure to properly train members of the CITY government  and is otherwise a deliberate indifference to Plaintiffs rights which has resulted in the violations of Plaintiffs' right of equal protection and due process as related to their vested property rights in their building permit and right to inhabit thereunder.

## B.    Plaintiffs' Equal Protection Claims

To succeed on their claim for damages pursuant to 42 USC §1983, Plaintiff must establish (1) the deprivation of a protectable property interest (2) by one acting under the authority of law.  See, Parratt v Taylor, 451 US 527, 535.

In relation to Plaintiffs' equal protection claims the record establishes that the illegal revocation of the building permit was not the result of a good faith mistake regarding the applicable local law as the CITY claims, see, Brady v Town of Colchester, 863 F2d 205, 216; Coniston Corp. v Village of Hoffman Estates, 844 F2d 461, 467) nor was the permit revoked because the Plaintiffs' building would harm the community in some manner. See, Greenbriar, Ltd. v City of Alabaster, 881 F2d 1570; see also, Pace Resources v Shrewsbury Twp., 808 F2d 1023. Rather, the Plaintiffs' vested Building Permit was revoked solely

- 22 -