as the result of general community protest owing to Plaintiffs "intent to inhabit" wherein they have been selectively mistreated by the CITY, the Building Inspector and the ARC-NAG's so as to "crush" Plaintiffs' project and "run [Plaintiffs] "out of town". [**DOLLINGER Aff. and Exhibits.**]

Based on the foregoing facts and in opposition of Defense Counsel's argument otherwise, Plaintiffs' may be considered a "Class -of -One by this Court.    This is because they satisfy the rigors of  Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam), in which the high court noted that under certain circumstances, including those applicable in this case, claims of equal protection may be claimed by a "Class of One".

In particular the Court held that:

> [o]ur cases have recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.
> Id. at 564.

The Second Circuit, has also "long recognized that the equal protection guarantee . . . extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

officials. . ." See, <u>Board of Mangers Of Soho Int'l Arts Condo. V. City of New York,</u> 01Civ.1226(DAB). (S.D.N.Y. 09/08/2004; citing <u>LeClair v. Saunders,</u> 627 F.2d 606, 608-10 (2d Cir. 1980)), even though such a claim is a "murky corner of equal protection law in which there are surprisingly few cases." See, <u>LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester,</u> 40 F.3d 587, 590 (2d Cir. 1994) (citation omitted).

Under the circumstances, this Court may properly determine that the CITY, its Building Inspector, and the ARC-NAG's actions amounts to invidious conduct, the intent of which was malicious and in bad faith directed at injuring Plaintiffs in violation of their Fourteenth Amendment rights to equal protection See, <u>Lisa's Party City, Inc. v. Town of Henrieta</u>, 185 F.3d 12, 16(2nd Cir. 1999).

Plaintiffs claim that they are like any other landowner in the CITY of Newburgh who has received a building permit. They are in fact similarly situated because they have vested rights in their Building Permit wherein they intended to inhabit or otherwise locate their business in the CITY. And, but for the illegal activity as alleged in the Complaint, and in other evidence now before the Court, they would have done so. Their treatment therefore violates the class treatment they occupy as permit holders in the CITY.

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

The record establishes that the conduct of the Building Inspector first exempted the Plaintiffs' from the need to appear before the ARC because their Building Plans had been reviewed and approved by Mr. Abt wherein he issued a de facto Certificate of Appropriateness filling the vacancies on the ARC. The record also establishes that Building Inspector's subsequent revocation bears no legal justification whatsoever and the only conclusion can be that the Building Inspector's revocation of the permit was arbitrary, capricious and otherwise without a rational basis because it was without legal justification and motivated entirely to the conspiracy to crush Plaintiffs' project and run them out of town. Now, the only remaining question is whether his actions may be imputed to the CITY. [DOLLINGER Aff. and Exhibits.]

The CITY's own Code, which necessarily reflects the CITY's policy, vests the Building Inspector, alone with the administrative authority to issue building permits; determine whether an application must be submitted to the ARC in the first instance; or whether he may use alternative means to satisfy the Code during vacancies on the commission; and whether to revoke building permits. [See, Newburgh CITY Code, Ch 300(12-11-2000) §300-81.]

The Building Inspector therefore implements CITY policy and the CITY by enacting the legislation, accepted the possibility that he would exercise this

authority in an arbitrary and capricious manner or otherwise irrational manner. **[See, Newburgh CITY Code, Ch 300(12-11-2000) §300-81.]**

While the municipality might not be liable if the Building Inspector acted in a good faith or mistaken understanding of the law, as the CITY claims in this case, See, <u>Brady v Town of Colchester</u>, supra, at 216, or if his act was a random act of personal ill will not authorized by the CITY, <u>Monell</u>, supra; <u>Pembaur</u>, supra, that clearly is not the case here.

Here the Building Inspector first exercised his legal authority pursuant to the CITY Code to bypass the ARC and then to revoke the Building Permit not for any lawful reason but for invidious reasons related and born of the illegal interplay of the CITY and ARC-NAGs, wherein the intent was to deny Plaintiffs right to inhabit.

Moreover, it is clear that he did so at the direction of the CITY Manager and on the demand of the ARC-NAG members. Accordingly, plaintiffs have properly stated a claim for damages pursuant to 42 USC §1983, based on the CITY's, the Building Inspector's and the ARC-NAG's invidious conduct.

**C.    Plaintiffs' Substantive Due Process Claims:**

On the issue of substantive due process the Court is asked to consider that a property owner is denied substantive due process when a governmental

decision affecting his or her property has been made in an arbitrary and capricious manner, and "without any rational basis". See, <u>Greenbriar, Ltd. v City of Alabaster</u>, 881 F2d 1570; <u>Spence v Zimmerman</u>, 873 F2d 256, 258; <u>Bello v Walker</u>, 840 F2d 1124, 1129, cert denied 488 U.S. 851, 488 U.S. 868.

The hallmark of property "is an individual entitlement grounded in state law, which cannot be removed except 'for cause'". See, <u>Logan v Zimmerman Brush Co.</u>, 455 US 422, 430; <u>Parratt v Taylor, supra; Matter of Deas v Levitt</u>, 73 N.Y.2d 525, 531, cert denied 493 US 933). In this case it is clear that there was no cause for revocation of the Plaintiffs Building Permit.

Under the circumstances of this case there is no rational basis for requiring Plaintiffs to appear before the ARC to obtain a Certificate of Appropriateness. This is because a de facto Certificate of Appropriateness had already been issued by Mr. Abt, the CITY's Architect Mr. Abt, approved the Plans finding that they conformed to all historical and state building codes requirements. Thereafter, the Building Inspector issued the final Building Permit.   . **[DOLLINGER Aff.¶25-27, Exhibit "1" at ¶65, Exhibit 12 and 13.]**

And, once Plaintiffs acquired a cognizable property interest, due process assured them of the right to be free from arbitrary or irrational municipal actions destructive of this interest. See, <u>Arlington Hgts. v Metropolitan Hous. Corp.</u>, 429

US 252, 267; <u>Southview Assocs.</u>, supra, at 96; <u>Brady v Town of Colchester</u>, supra, at 215.

The evidence shows that because the project sat almost directly across from CITY Hall, and that it had proceeded unmolested for approximately two (2) months prior to the revocation of the Building Permit, the CITY had "engendered a clear expectation of continued enjoyment" of the permit sufficient to constitute a protectable property interest for purposes of a section 1983 claim <u>Barry v Barchi</u>, 443 US 55, 64, n 11); and, there was a "certainty or a very strong likelihood" that defendants would have completed the project absent the deprivation of due process. See<u>, Yale Auto Parts v Johnson</u>, 758 F.2d 54, 59 [2d Cir 1985].

While a municipality may not be held vicariously liable under the doctrine of respondeat superior for employing a careless tortfeasor, the same is not true where the injury arises from acts of municipal officers or employees in the course of executing <u>municipal policy or custom</u> , liability may be imposed <u>for a single act</u>, as long as it is the act of an official authorized to decide policy in that area See<u>, Pembaur</u>, supra, at 480, 482-483; <u>St. Louis v Praprotnik</u>, 485 US 112, 123-124; see also, <u>Comer, Municipal Liability Under Section</u> 1983: <u>The Rationale Underlying the Final Authority Doctrine</u>, 44 Vand L Rev 341 [1991].

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Once again, the CITY Code authorized the Building Inspector to administer the policy-practice of bypassing the ARC at his discretion because he is the "administrative official" authorized to do so under. In this case the policy-practice of bypassing the CITY's ARC and using outside resources as adopted by the CITY and the Building Inspector is provided for in the Newburgh CITY Code, specifically, 300-81. [Providing that the Building Inspector is the administrative official for enforcement of the City Code.]

And, even if the foregoing were untrue, the fact remains that in this case, although a single act, the CITY remains liable for the Building Inspector's bypass policy of the ARC as was his authority and discretion.

This is true because the action before this Court challenges a particular land-use decision, the revocation of Plaintiffs' Building Permit claiming a single decision with its own consequences, rather than as one in a series of actions-- resulting in a taking. See, Harris v County of Riverside, 904 F.2d 497, 501. And, under the circumstances of this case, the revocation was again arbitrary, capricious and otherwise irrational. See, Scott v Greenville County, 716 F2d 1409.

The acts of the CITY in wrongfully revoking Plaintiffs' vested building permit for no lawful reason, and in fact for purely political and/or other illegal

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

reasons, has denied Plaintiffs their substantive due process of law because the revocation and subsequent demand to appear before the ARC after the Plans had been approved by the CITY's architect, Abt, because the ARC did not have an architect to convene as a commission and after the Plaintiffs' rights became vested under the permit was in and of itself arbitrary and capricious and as such amounts to a denial of due process. See, 156 Misc. 2d 881, 893-895, (supra); and see, Southview Assocs. v Bongartz, 980 F.2d 84, 96, 102 [2d Cir 1992], cert denied sub nom. Southview Assocs. v Individual Members of Vt. Envtl. Bd., 507 US 987 [1993]; Brady v Town of Colchester, 863 F.2d 205, 215 [2d Cir 1988]; Wheeler v City of Pleasant Grove, 664 F.2d 99 [5th Cir 1981]; see generally, Stein, Regulatory Takings and Ripeness in the Federal Courts, 48 V and L Rev 1, 80 [1995].

In the end the CITY's authority to regulate the issuing and revocation of building permits rests upon the valid exercise of its police power and a decision regulating a landowner's use of its property offends due process when the government acts with "no legitimate reason for its decision". See, Shelton v City of Coll. Sta., 780 F.2d 475, 483 [5th Cir], cert denied 479 US 822; see, Euclid v Ambler Co., 272 US 365, 395.

**D. Plaintiffs Have A Constitutionally Protected Right To Have Their Building Permit Restored Because Their Rights Under the Permit Were Vested When it was revoked**

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

In New York, a vested right to a legally issued building permit, can be acquired when the landowner demonstrates a commitment to the purpose for which the permit was granted by effecting substantial changes and incurring substantial expenses to further the development of the project. See, Matter of Putnam Armonk v Town of Southeast, 52 A.D.2d 10, 14-15; see also, People ex rel. Ortenberg v Bales, 250 N.Y. 598, affg 224 App Div 87; City of Buffalo v Chadeayne, 134 N.Y. 163, 165; Matter of Caponi v Walsh, 228 App Div 86, 89.

Of course, neither the issuance of a permit (see, Matter of Sibarco Stas. v Town Bd., 24 N.Y.2d 900; Rice v Van Vranken, 132 Misc 82, affd. 225 App Div 179, affd 255 N.Y. 541; People ex rel. Ortenberg v Bales, supra, nor the landowner's substantial improvements and expenditures, standing alone, will establish the right. The landowner's actions relying on a valid permit must be so substantial that the municipal action results in serious loss rendering the improvements essentially valueless. See, People v Miller, 304 N.Y. 105, 109.

Whether Plaintiff has sufficiently committed the land to the use authorized by the permit prior to revocation is a question of law because in this case Plaintiffs claim expenditures on the purchase of the building and improvements alone are in excess of Five Hundred Thousand ($500,000.00) Dollars and it is

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

claimed the sum sufficiently established a serious loss as a matter of law, especially if Plaintiffs are required to restore the building to its former appearance as demanded.

The CITY has made this demand notwithstanding the fact of the Building Inspector lawfully issued Plaintiff the Building Permit based on his authority to do so under the CITY Code, and despite the fact that in reliance on the permit the fourth floor addition to the building is 70 % completed;  the elevator shaft is completed, wherein said fourth floor addition was necessary to allow the elevator to be retrofitted for the building to provide handicapped accessibility to both the apartments and commercial establishments thereat; the fact that the sprinkler and fire suppression systems have been 50% ruffed in and paid for and are awaiting final installation; or the fact that the electrical service upgrades have already been installed; almost all of the windows and doors have been ordered and paid for; or the fact that under the circumstances these improvements will become valueless. **[DOLLINGER Aff. and Exhibits .]**

Notwithstanding the CITY's failure to acknowledge these facts, the foregoing constitutes a vested interest in the Plaintiffs' Building Permit as a matter of law. Based on the implementation of the Building Inspector's administrative rule in the enforcement of his bypass policy-practice the CITY-the Building Inspector and the ARC-NAG's actions post the issuance of the

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Building Permit in the form of a demand to revoke Plaintiffs' Building Permit and alter the Plans submitted after the Building Inspector exercised his administrative authority and instituted a policy-practice or procedure for dealing with the vacancies on the ARC, bypassing the ARC and substituting its oversight review to Mr. Abt, the resultant revocation was and is illegal, arbitrary, capricious an otherwise irrational taking of Plaintiffs' vested property.

And, based on the forgoing, the doctrine of estoppel should be applied. Plaintiffs proceeded with the project in a reliance on their conversations with the Building Inspector after Mr. Apt approved the Plans which conformed to all CITY and State Building Code requirements; and because the Plaintiffs' property rights became vested in both the Building Permit and changes to the building based upon the degree of work performed and monetary outlay wherein Plaintiffs will suffer an economic loss in the utility of the building if the Building Permit is not restored and they are required to return the building to its former appearance. See, Bender v New York City Health and Hosps. Corp., 38 N.Y.2d 662, 668, 382 N.Y.S.2d 18, 345 N.E.2d 561).

In this case Plaintiffs, permit should be reinstated and a permanent injunction should be issued because the Building Inspector acted within his authority under the CITY CODE.

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

**E.    No Notice of Claim is Required**

Generally speaking, a party bringing a claim against a municipality located in the State of New York must serve a notice of claim upon the municipality within ninety days after the claim arises. See, <u>New York Gen. Mun. Law, Art</u>. 4, § 50-i.  See, <u>Mills v. County of Monroe</u>, 59 N.Y.2d 307, 308, 451 N.E.2d 456, 464 N.Y.S.2d 709 (1983).

The purpose of a notice of claim is "to afford the public corporation the opportunity "to locate the defect, conduct a proper investigation, and assess the merits of the claim." <u>Frazier v. City of New York, No</u>. 96 Civ. 3345(HB), 1997 WL 214919, *2 (S.D.N.Y. Apr.24, 1997)

It is without contest that the CITY has known or has had actual knowledge about the facts and claims in this case as alleged in the Complaint since as early as January 2006. [**DOLLINGER Aff. Exhibit "1" at ¶¶192-193.**]

This is true  for two reason, the CITY meetings with Plaintiff and because the CITY filed their State court action which included numerous and extensively detailed factual allegations concerning the claims at issue herein together with multiple exhibits annexed in support of their claims from the period commencing at least January 2006. [**DOLLINGER Aff. and Exhibits.**]

Moreover, as set forth in the Plaintiffs' Complaint the CITY, requested the delay and otherwise induced Plaintiffs from taking action claiming on multiple

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

occasions that the matter would be "rubber stamped" if Plaintiffs submitted an application to the ARC. Thereafter, the CITY openly and knowingly participated in the attempted resolution of the matters herein, scheduling meetings, attending meetings, drafting proposals and entering into agreements to resolve the matters wherein the stated goal was to avoid the resort to legal proceedings. **[DOLLINGER Aff.¶¶ 82-84 Exhibit "1" at ¶¶145 and Exhibit 26.]**

It is without contest that the CITY participated in these meetings, meetings in which promises were made by the CITY Manger in front of their CORPORATION COUNSEL, promises which Plaintiffs relied on to their detriment and which were intended to induce reliance, but which said promises were later abandoned by the CITY Manager. **[DOLLINGER Aff.¶¶85-87 Exhibit "1" at ¶¶146 Exhibit 27.]**

Based on the foregoing, this Court may determine that the CITY is estopped from asserting the precondition for service of a notice of claim, especially because they had actually participated in the attempted resolution of the Plaintiffs' claims which necessarily involved the facts at issue herein. Hence, there is no genuine basis related to the legal purpose of the notice of claim.

Admittedly, a motion to file a notice of claim nunc pro tunc is the most appropriate vehicle by which to assert an estoppel claim. However, <u>it is not exclusive manner</u> available to do so, it may also be asserted through service of a

Complaint alleging facts sufficient to excuse compliance with the notice of claim requirements of section 50-e. (See, e.g., Matter of Daley v Greece Cent. School Dist. No. 1, 21 A.D.2d 976, affd 17 N.Y.2d 530.) where the agreement, representations or conduct of a defendant have caused a plaintiff to delay suit on a known cause of action until the Statute of Limitations has run". See also, Robinson v City of New York, 24 A.D.2d 260, 263; see, also, Ryan Ready Mixed Concrete Corp. v Coons, 25 A.D.2d 530.  And again, such are the facts of this case. **[DOLLINGER Aff. and Exhibits "1".]**

In extending the equitable bar of estoppel to a public corporation's assertion of a failure to file a notice of claim the New York Court of Appeals has held: "[Where] a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised."  See, Bender v New York City Health & Hosps. Corp., 38 N.Y.2d 662, 668, supra.

Under the circumstances herein the CITY had actual knowledge of the Plaintiff's claims and the CITY should be estopped from asserting the pre-condition of filing notice of claim in this matter based on their participation and promises as alleged in the Complaint.

In the alternative, Plaintiffs' claim that they have filed a notice of claim with the CITY by letter dated June 8, 2007, and that they commenced their action within the one-year and ninety-days as requirement under Municipal Law Section 50-e. [See, Dollinger Aff. and Exhibit "35".]

Plaintiffs did so immediately after they learned that the CITY had allowed the ARC to convene without individuals who had taken the oath as required to sit on the ARC Commission so as to comply with the CITY Code; and only after the CITY had changed its position as settled in meeting with Plaintiffs, wherein the CITY Manger agreed that that if Plaintiffs submitted their Plans to the ARC, the ARC would approve the project without changes.  [DOLLINGER Aff.¶¶ 82-84 Exhibit "1" at ¶¶145 and Exhibit 26.]

Beyond the forgoing, the state law claims against the individual named defendants are different than those against the CITY and a notice of claim is not a condition precedent to the commencement of an action against them unless the municipality is required to indemnify the individual defendants.  See, New York Gen. Mun. Law, Art. 4, § 50-e(1)(b).

"The . . . . duty to indemnify [its] employees turns on whether they were acting within the scope of their employment . . . ." See, Grasso v. Schenectady County Pub. Library, 30 A.D.3d 814, 818, 817 N.Y.S.2d 186 (3d Dep't 2006);

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

see also <u>Int'l Shared Servs., Inc. v. County of Nassau</u>, 222 A.D.2d 407, 408, 634

N.Y.S.2d 722, 724 (2d Dep't 1995).

And, any "obligation to indemnify . . . depends upon the resolution of the

fact-sensitive question of whether [the individual defendants] were acting within

the scope of their employment with [the CITY] in committing the alleged

[wrongful] acts." (citing <u>Riviello v. Waldron</u>, 47 N.Y.2d 297, 391 N.E.2d 1278,

418 N.Y.S.2d 300 (1979); <u>Overton v. Ebert</u>, 180 A.D.2d 955, 580 N.Y.S.2d 508

(3d Dep't 1992); <u>Beare v. Byrne</u>, 103 A.D.2d 814, 478 N.Y.S.2d 44 (2d Dep't

1984), aff'd 67 N.Y.2d 922, 493 N.E.2d 238, 502 N.Y.S.2d 135 (1986).

Accepting the allegations in the Complaint before the Court as true, as the

Court must at this stage of the proceedings, the conduct of defendants in several

instances appears to fall outside the scope of their employment-appointment.

Accordingly, on this record, dismissal of Plaintiffs' claims against the

individual defendants is not warranted based upon plaintiffs' alleged failure to

serve a notice of claim. See, <u>Silverman v. City of New York</u>, No. 98-CV-6277,

2001 WL 218943, at 10 (E.D.N.Y. Feb. 2, 2001) ("Because it is too early in the

litigation to determine whether the City is not obligated to indemnify the

individual defendants (thus disposing of the need for a notice of claim ),

plaintiff's claims against the individual defendants may not be dismissed on the

ground of a flawed notice of claim."); <u>Cipolla v. County of Rensselaer</u>, 129 F.

Supp. 2d 436, 457 (N.D.N.Y. 2001) ("At this juncture, the record does not contain sufficient evidence to determine if the County has a duty to indemnify Defendants and, thus, whether Plaintiffs' failure to file the Notice of Claim bars the state causes of action.")

Accordingly, Defendants' motion for dismissal on the state law claims against the individual Defendants for failure to file a Notice of Claim should be denied.

**F.    Plaintiff's Conspiracy claims**

### 1983 (3) Conspiracy

To survive a motion to dismiss a §1983 conspiracy claim Plaintiff must allege: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999); accord Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002).

The Second Circuit has acknowledged that "conspiracies are by their very nature secretive operations," See, Rounseville v. Zahl, 13 F.3d 625, 632 (2d Cir. 1994), and may have to be proven by circumstantial, instead of direct, evidence.

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

To prove a prima facie case of civil conspiracy under § 1983(3) the plaintiff must show "an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights."

Here, there can be no genuine argument, Plaintiffs have expressly pled the required elements under §1983(3), and accordingly, Defendants Motion to Dismiss this Claim should be denied.

Plaintiffs claims that there is prima facie evidence of civil conspiracy under §1983(3) involving both an express and implied agreement to deny Plaintiffs their Constitutional and Civil Rights.

For instance, Plaintiffs claim that the ARC and CORPORATION COUNSEL members, the CITY Manger and the Building Inspector [state actors] have met over the Internet and in person, wherein they conspired with members of the Community, private citizen known as the NAGs, and that in each instance the allegations are that the Defendants acting under the color of state law and have vowed to "crush" Plaintiffs' Project and "run [Plaintiffs] out of town" intending to deny them their right to inhabit in the CITY in violation of their right of equal protection and substantive due process and that as a result Plaintiffs have been injured in the exercise of their Constitutional and statutory rights.

In furtherance of their goals these Defendants have actually published false and defamatory statements aimed at swaying public opinion against the project

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

and have had the Building Inspector void his policy-practice of bypassing the ARC and revoke the Building Permit issued to Plaintiffs, notwithstanding the Plaintiffs vested rights to their Building Permit, further demanding that Plaintiffs either restore the building to its former appearance or appear before the ARC wherein the changes to their building and Building Permit together with the vested rights there under will be subject to ad hock change, resulting in a loss in the value of the changes already completed and notwithstanding the fact that the Plans met all historical and State building code requirements. [**DOLLINGER Aff. and Exhibits.**]

## 1985 (3) Conspiracy

42 U.S.C. § 1985(3) also creates a private right of action for recovery of damages "if two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons in the equal protection of the laws. . . ."

The Complaint both generally and specifically alleges violations of 42 U.S.C. § 1985(3). Under § 1985(3), the law prohibits conspiracies to deprive "either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." See, 42 U.S.C. § 1985(3).

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

To survive a motion to dismiss, a §1985(3) conspiracy a "plaintiff must allege 'some . . . . class-based, invidiously discriminatory animus behind the conspirators' action'." to deprive a them of constitutional right. See, <u>Gagliardi v. Village of Pawling</u>, 18 F.3d 188, 194 (2d Cir. 1994) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Again, there can be no genuine argument about the sufficiency of the Complaint, Plaintiffs have expressly pled the required elements under §1985(3), claiming that they are holders of a Building Permit which has become vested and that and  they are similarly situated as others who hold permits in the CITY of Newburgh but that they the CITY, via the illegal interplay with the other named Defendants has has engaged in invidiously discriminatory animus with  the other conspirators and has engaged in action to deprive a them of constitutional rights to inhabit. Accordingly, Defendant's Motion to Dismiss this Claim should be denied. **[DOLLINGER Aff. and Exhibits.]**

## G.    Plaintiffs State Law Claims

For the sake of brevity alone in relation to each of the state law claims, by Cross-Motion Plaintiffs will be seeking leave to amend their Complaint before the Court.   Although, Plaintiffs do not agree that in any instance the claims are deficient or subject to dismissal for either a condition precedent or for being time

barred or for any other reason, in the unlikely event the Court deems dismissal is required Plaintiffs believe such dismissal should be without prejudice and subject to the right to file an amended complaint in this action because no prejudice will be had to the Defendants and because Fed Rule of Civ. P. 15(a) provides the right as a matter of right in this instance.

With the foregoing in mind, Plaintiffs will briefly address the claimed deficiency by CITY:

## 1. **Fraud By Omission-Nondisclosure-Count IV**

Notwithstanding the CITY's failure to acknowledge the factual allegations of the claim, the fraud by omission claim survives because the allegations are that the CITY has received payment for the Building Permit, inclusive of payment to Mr. Abt, as well as the fact that in reliance of the Building Permit, and the conversation with the Building Inspector, Plaintiffs incurred expenditures associated with the construction undertaken pursuant to the Building Permit.

And, because the CITY now claims that the Building Permit was issued by mistake because the Building Inspector lacked authority to issue the Building Permit, under these circumstances, Defendants made false or misleading statements, and by omission, meaning the failure to disclose that he did not have the authority to issue the Building Permit had the effect of defraud Plaintiffs, and

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

because the Plaintiff relied on these statement and as a result of them, Plaintiffs suffered damages.    **[DOLLINGER Aff. and Exhibit.]**

### 2. <u>Common Law Conspiracy-Count V</u>

This claim is fully supported by the allegations of the Complaint and may be separately pursued as a state law claim co-extensive with Plaintiffs 1983 and 1985 claims.

### 3. <u>Infliction of Emotional Distress-Counts VI and VII</u>

The record in this case establishes that Defendant GABOR in furtherance of the CITY-ARC-NAG conspiracy to injure Plaintiff DOLLINGER, and intending to oust him from the CITY, has willfully caused the publication and transmission of false allegations directly related to the moral character of the Plaintiff DOLLINGER in relation to the CITY Building Inspector claiming that a bribe was given by Plaintiff DOLLINGER to the Building Inspector for receipt of the Building Permit.

The record also clearly establishes that the CITY was aware of the false nature of the claims and of his activities as directed against Plaintiff DOLLINGER, on behalf of the CITY and ARC-NAGs and that they CITY had actually commenced an action against DOLLINGER effectively acknowledging,

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

sending a signal to the community, that a bribe was given wherein the CITY has couched the matter as a mistake , although they know otherwise, and has rewarding Defendant GABOR with a position on the CITY Arts Counsel.

Plaintiff's emotional injuries are proximately tied to the failure of the CITY to inform the public of the truth that the Building Inspector was administering policy as he was authorized to do under the City Code.

For in excess of 18 months, DOLLINGER has needlessly lived under a cloud of suspicion, enduring depression, anxiety, embarrassment, emotional distress and loss of income. weight gain and loss. caused by the nightmare of the Conspiracy to deny him his Constitutional  and civil rights. Under the circumstances presented, plaintiff should be given the opportunity to prove his allegations (see, Prosser, Torts [4th ed], § 54, at 330; see also, Bovsun v. Sanperi, 61 NY2d 219, 231; Battalla v. State of New York 10 NY2d 237, 240-242.

4.  **Abuse of Process Counts VIII:**

Clearly, the allegations of the Complaint are that the CITY intended to do harm in instituting the action for a illegitimate purpose by filing the complaint and falsely claiming that the Building Inspector issued the Building Permit by mistake when they knew otherwise.  Under these circumstances accepting the facts as presented to be true the Court should deny this branch of the CITY's Motion.

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

## 5.  Libel Slander and defamation Count IX (sicVIII)

Putting aside the argument that "most" of the claims are time barred because they are not, the CITY has again refused or otherwise chosen to ignore the allegations of the Complaint and argues special or pecuniary harm have not been adequately plead.  Simply put they are wrong.  **[DOLLINGER Aff. and Exhibits .]**


## CONCLUSION

For all of the foregoing reason the CITY's Motion should be denied.

**RESPECTFULLY SUBMITTED,** this 19th day of November 2007.

By:_____

DOUGLAS R. DOLLINGER, (DD 5922)

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

## PROOF OF SERVICE

STATE OF NEW YORK    )

COUNTY OF NEW YORK)

    I maintain my offices in the City of Newburgh, County of Orange, State of New York. I am over the age of 18 and not a party to these proceedings. My business address is 96 Broadway, City of Newburgh, Newburgh, New York 12550.

    On November 19, 2007, I served the following documents: PLAINTIFF'S MEMORANDUM OF LAW AND DOLLINGER's AFFRIDAVIT and EXHIBITS IN OPPOSITON TO DEFENDANTS' FRCP 12(b) (1) and 12(b)(6) MOTIONS.

### *** PLEASE SEE ATTACHED SERVICE LIST***

____**VIA OVERNIGHT MAIL:**

    By delivering such documents to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express courier addressed to the person(s) on whom it is to be served.

_X_**VIA U.S. MAIL:**

    By depositing a sealed envelope containing the above-cited document with the U.S. Postal Service on November 19, 2007, with postage thereon fully paid at the local post office in Newburgh, New York.

____**VIA PERSONAL DELIVERY:**

    By personally delivering such sealed envelope by hand to the offices of the addressee pursuant to the applicable law

____**VIA FACSIMILE:**

    By facsimile transmission where a report was generated indicating that the transmission was completed to the number indicated on the report without error.

    I declare under penalty of perjury under the laws of the United States of America that the above is true ad correct and I declare that I did so at the direction of the member of the bar of this Court at whose direction the service was made.

    Executed this 19th day of November 2007, City of Newburgh, County of Orange, State of New York.

EDWARD McCARTHY

1

<u>**SERVICE LIST**</u>

2

<u>**96 Broadway etal., Case No.: 07cv 7419(SCR) (MLF)**</u>

3

4   TARSHIS, CATANIA, LIBERTH, MAHON & MILIGRAM, PLLC
Attorneys for Plaintiffs

5   One Corwin Court
P.O. Box 1479

6   Newburgh, New York 12550
Tel. No. 845.565.1100

7

8   MONTE J. ROSENSTEIN, ESQ.
259 Crystal Run Rd.

9   Middletown, 10940
Tel. No. 845.692 .8006

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28