UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
96 BROADWAY, LLC, ET AL.,

                plaintiffs,            **REPLY MEMORANDUM OF LAW**

-against-

                                 07 CIV. 6689 (SCR)

THE CITY OF NEWBURGH, ET AL.,

                defendants,

---------------------------------X

================================
**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
PURSUANT TO FRCP RULE 12(b)(1) and 12(b)(6)**
================================

                         Yours, etc.,

                         TARSHIS, CATANIA, LIBERTH,
                         MAHON & MILLIGRAM, PLLC
                         Attorneys for Defendants
                         One Corwin Court PO Box 1479
                         Newburgh, New York 12550
                         Tel. No. (845) 565-1100

OF COUNSEL:  NICHOLAS A. PASCALE, ESQ. (NP-5766)

## TABLE OF CONTENTS

**Page**

Table of Authorities ............................................ 3

Argument ...................................................... 4

    I.    Plaintiffs' claims for an unconstitutional taking without the payment of just compensation must fail............... 4

    II.   Plaintiffs' Count II – "Violation of Equal Protection" rights must be dismissed in that plaintiffs fail to allege sufficient facts to make out such claims................. 7

    III.  Plaintiffs' Count II – "Violation of Due Process" rights must be dismissed in that plaintiffs fail to allege sufficient facts to make out such claims................. 10

    IV.  Plaintiffs' Count III – "Conspiracy to Violation Civil Rights" under section 1985(1) must be dismissed in that plaintiffs fail to allege sufficient facts to make out such claims.......................................... 16

    V.   Plaintiffs' Count III – "Conspiracy to Violation Civil Rights" under section 1985(3) must be dismissed in that plaintiffs fail to allege sufficient facts to make out such claims.......................................... 17

    VI. Plaintiffs Pendent State Law Claims Must Fail ............ 18

Conclusion ..................................................... 19

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  ·  NEWBURGH, N.Y. 12551  ·  (845) 565-1100

## *TABLE OF AUTHORITIES*

                                                                    Page
Federal Cases

Deepwells Estates, Inc. v. Incorporated Village of Head of the
Harbor, 973 F.Supp. 338 (E.D.N.Y., 1997) ......................... 5,6

Ford Motor Credit Co. v. N.Y. City Police Department,
394 F.Supp.2d 600 (S.D.N.Y., 2005) ................................. 5

Gamble v. Eau Claire County, 5 F.3d 285 (7th Cir., 1993) ........... 6

Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 503
 2d Cir. 2001) ..................................................... 10

Kush v. Rutledge, 460 U.S. 719, 724 (1983) ........................ 16

Lawson v. Conn., 999 F.2d 536 (2d Cir. 1993) ...................... 16

Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006) ..... 8,10

Rector, Wardens, & Members of Vestry of St. Bartholomew's Church v.
New York, 728 F. Supp. 958 (S.D.N.Y. 1989) ........................ 15

Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005) ............. 8

Pascoag Reservoir & Dam, LLC v. The State of Rhode Island,
337 F.3d 87 (1st Cir., 2003) ....................................... 6

San Remo Hotel, L.P., et al. v. City and County of San Francisco,
125 S.Ct. 2491, 162 L.Ed.2d 315, 545 U.S. 323 (2005) ............. 5,6

Vandor, Inc. v. Militello, 301 F.3d 37 (2d Cir., 2002) ............. 5

Williamson County Regional Planning Commission v. Hamilton Bank of
Johnson City, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) ... 5

Willowbrook v. Olech, 528 U.S. 562 (U.S. 2000) ..................... 7

Federal Rules
FRCP RULE 12(b)(1) ................................................. 4

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

### Argument

It is not disputed that, in its motion in chief (ECF DOCKET #'s 4,5,6) the defendant CITY OF NEWBURGH ("CITY") has made a *prima facie* showing of entitlement to judgment dismissing this complaint in accord with Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In opposition the plaintiffs have failed to present any *bona fide* basis for denial of the motion. Accordingly, the motion to dismiss should be granted. The Reply Memorandum of Law is respectfully submitted in further support of the motion to dismiss filed by the CITY.

### Point I:

### Plaintiff's Claims For A Taking Must Fail

The plaintiffs have made no genuine attempt to rebut the CITY'S proof that plaintiffs' claims for an unconstitutional taking of their property must fail as those claims are not yet ripe for adjudication.

Plaintiffs have completely failed to address the takings claim, other than by boilerplate and futile references to substantive due process and equal protection claims. It must be emphasized that, without contradiction by plaintiffs, the CITY has established that plaintiffs' claims are unripe only with regard to the "takings claims" ostensibly alleged in the complaint.

The crux of the CITY'S argument is that the plaintiffs have no claim for any injury resulting from an alleged taking of their property since it is without dispute that *Plaintiffs have not yet*

4

*been denied "just compensation"*. This is because plaintiffs have not yet sought it.

~~It is clear that the Constitution only protects plaintiffs from~~ takings where just compensation has been denied. Plaintiffs do not, and cannot, allege that just compensation has been sought and denied because they have never attempted to seek it.

As set forth in the City's motion in chief, it is a well settled rule of law that a landowner may not prosecute a claim in federal court that a governmental entity, other than the federal government, has taken real property without providing just compensation unless that landowner has first sought compensation through all available state procedures. The claims of landowners who have not complied with the so-called "state litigation requirement" are not ripe for adjudication by a federal court and therefore must be dismissed for want of subject matter jurisdiction. *See, e.g.*, <u>San Remo Hotel, L.P., et al. v. City and County of San Francisco</u>, 125 S.Ct. 2491, 162 L.Ed.2d 315, 545 U.S. 323 (2005); <u>Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City</u>, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); <u>Vandor, Inc. v. Militello</u>, 301 F.3d 37 (2d Cir., 2002); <u>Ford Motor Credit Co. v. N.Y. City Police Department</u>, 394 F.Supp.2d 600 (S.D.N.Y., 2005); <u>Deepwells Estates, Inc. v. Incorporated Village of Head of the Harbor</u>, 973 F.Supp. 338 (E.D.N.Y., 1997); *see also*, <u>Pascoag Reservoir & Dam, LLC v. The State</u>

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

of Rhode Island, 337 F.3d 87 (1st Cir., 2003); Gamble v. Eau Claire County, 5 F.3d 285 (7th Cir., 1993) [Posner, J].

Plaintiffs, in opposition to the CITY'S motion, make no attempt whatsoever to address the above cited authority and merely conclude without any rational argument that they don't apply in this case.

Significantly, both the plaintiffs' complaint filed in this action as well as the opposition to the motion to dismiss are entirely devoid of allegations or assertions of fact that plaintiffs have first sought recourse through available state procedures. *See*, Deepwells Estates, Inc., *supra*. This is for this simple reason that they have, without a doubt, not done so.

There has been no Constitutional injury in this case since the plaintiffs have not received a final denial of compensation for any taking by the CITY after exhausting all available state procedures. *See, e.g.*, San Remo Hotel, L.P., et al., *supra*. [Rhenquist, C.J., concurring].

Here, plaintiffs have not first resorted to and exhausted all available state court remedies to seek just compensation for any alleged taking of their property. Therefore, on the foregoing authority and its progeny, together with the more extensive argument in the motion in chief, that part of the complaint in this action, the gravamen of which is one for compensatory damages resulting from an alleged taking, must be dismissed for want of ripeness.

6

Point II:

## Plaintiffs' Claims Based On Equal Protection Must Fail.

While plaintiffs' opposition somewhat refines the equal protection claim made in the complaint, it does not assist or present this Court with a legally cognizable claim sufficient to survive the CITY'S motion to dismiss.

In essence, the plaintiffs state, in conclusory fashion, that the complaint frames a legally sufficient "Class of One" or Olech type claim. See, Willowbrook v. Olech, 528 U.S. 562 (U.S. 2000). This is, quite simply, wrong. Plaintiffs merely state the Olech standard, but make no allegation, either general or specific, which bridges the legal chasm the Second Circuit has excavated from this body of law to ensure that only *bona fide* "class of one" claims make it through the court house doors. As the Court observes, the vast majority of such cases are principally local disputes that have been garnished with references to the Constitution to gain admittance to a Federal forum. This is one such case, and this Court should summarily reject the plaintiffs' naked attempt to dress up its dispute with the CITY in the cloth of civil rights.

The Second Circuit has set forth a very particular test for plaintiffs alleging so-called "Class of One" claims. That test requires an extremely burdensome showing reflecting the principal that such claims ought to be rare, lest every local zoning dispute

7

become Constitutionalized, and every federal court a zoning board of review.

The City's motion in chief set forth the exacting legal standard adopted for "class of one" claims in the *Matter of Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006) and *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005).

In the first instance, the plaintiffs do not allege or identify a comparator and certainly not one that is *prima facie* identical. *See*, *Neilson*, 409 F.3d 100, 104 (2d Cir. 2005).

Rather, the plaintiffs meekly state that they are "like any other landowner in the CITY of Newburgh who has received a building permit". This overbroad group of comparators does not meet the standard. If it did, the reason for the *prima facie* identical rule, would be rendered meaningless. The law on this point is clear, and the plaintiffs must do more than vaguely and generally allege the tautology that every one else like them is similarly situated for a "class of one" analysis. Accordingly, plaintiffs' "Class of One" Equal Protection Claims, if such there are, must fail.

In any event no one in the universe of plaintiffs' comparators is alleged to have been accorded different treatment. Hence, plaintiffs' Equal Protection claim must fail in that regard. *See*, *Clubside, Neilson*, *supra*.

Plaintiffs also seem to allege an Equal Protection claim based upon alleged "invidious discrimination" at the hands of CITY

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

officials. This appears to be a so-called <u>LeClair</u> type claim, as opposed to an <u>Olech</u> type claim. *See, generally,* <u>LeClair v. Saunders</u>, ~~627 F.2d 606, 609-10 (2d Cir. 1980).~~

A <u>LeClair</u> type claim requires a showing that the alleged selective treatment "was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *See,* <u>LaTrieste Rest. & Cabaret Inc. v. Vill. of Port Chester</u>, 40 F.3d 587, 590 (2d Cir. 1994); <u>LeClair v. Saunders</u>, 627 F.2d 606, 609-10 (2d Cir. 1980). Accordingly, plaintiffs must satisfy the <u>LaTrieste</u> elements to prevail on this claim in the "murky corner" of equal protection jurisprudence. <u>LeClair</u>, *supra.*

Respectfully, nothing the plaintiffs have put before this Court whether in their complaint or opposition papers satisfies the standards set forth in the above case law. Plaintiffs do not allege selective treatment based upon impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights. Rather, plaintiffs' allegation appear to invoke "invidious" or malicious, bad faith intent to injure. Yet, all plaintiffs have offered is "sheer conjecture and speculation" which is insufficient to overcome the CITY'S motion in this respect. *See,* <u>Cine SK8, Inc. v. Town of Henrietta</u>, 2007 U.S. App. LEXIS 25970 (2d Cir. 2007)[*citing,* <u>Lisa's Party City, Inc.</u>, 185 F.3d at 17 (internal quotation marks omitted).].

9

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

Moreover, relying in the alternative on a <u>LeClair</u> type claim does not relieve the plaintiffs of satisfying the "similarly situated" element, as they have failed to do. *See*, <u>Cine SK8</u>, *supra*.

## Point III:

### Plaintiffs' Claims Based On Due Process Must Fail.

Plaintiffs failed to raise any genuine allegation of fact in either their Complaint or opposition to the CITY'S motion to dismiss sufficient to make out a legally cognizable substantive due process claim.

In its motion in chief the CITY made clear the rule that to prevail on a substantive due process claim, the plaintiffs must show (1) that they had a valid property interest in the granting of the Certificate of Appropriateness and/or in the granting of the Building Permit, and (2) that the defendants infringed that property interest in an arbitrary or irrational manner. *See*, <u>Cine Sk8, Inc.</u>, *supra*, <u>Clubside, Inc. v. Valentin</u>, 468 F.3d 144, 152 (2d Cir. 2006); <u>Harlen Assocs. v. Inc. Vill. of Mineola</u>, 273 F.3d 494, 503 (2d Cir. 2001). Plaintiffs make no such allegations here. Moreover, to the extent same might be inferred from the facts alleged in the complaint, a claim for violation substantive Due Process rights nevertheless fails.

The salient issue for the Court to examine is the discretion the CITY had *vis-à-vis* the Certificate of Appropriateness and the Building Permit. The CITY's motion in chief carefully lays out the

10

extensive level of discretion in that respect.

However, it is important to spell out precisely what plaintiff, DOLLINGER, an attorney admitted to practice law in the State of New York for many years, is claiming here. Plaintiffs do not claim that they obtained a Certificate of Appropriateness from the CITY ARC; to the contrary, DOLLINGER goes to great lengths to point out plaintiff's refusal to even recognize the ARC as a legitimate board. Rather, plaintiffs claim to have obtained a "de facto" Certificate of Appropriateness in the form of the mistakenly issued building permit. If such a creature exists it survives only in the creative writing of plaintiffs. Plaintiff, an attorney who has obviously read in great detail the CITY zoning code and is well versed in it, knows very well that the Building Permit was issued mistakenly and in violation of the pre-condition that approval from the ARC first be obtained. In begs credulity for plaintiffs to allege that they thought the Building Permit was a "de facto" Certificate of Appropriateness.

A key factor this Court must take into account is whether the plaintiff's belief, that they had a valid building permit when it was first issued, was reasonable. Plaintiff, an attorney, was told by the CITY more than once of the requirement to proceed before the ARC, knew that the CITY Zoning Code so provided, and for reasons known only to plaintiffs chose to proceed with the project with out doing so. In that respect, plaintiffs proceeded at their own risk and in this case truly are the sole authors of their misfortune.

11

It should have come as no great surprise to plaintiffs that the mistakenly issued permit was rescinded upon the realization by the CITY that plaintiffs had failed to secure the needed ARC pre-approvals. Plaintiffs cannot now credibly maintain that reliance on the mistakenly issued permit was reasonable in view of what they knew, when they knew it, and given counsel's legal acumen and innate abilities to know and understand the requirements of the CITY zoning code.

Plaintiffs had no valid property interest in either the Certification of Appropriateness, which was never granted in the first place, or the mistakenly issued Building Permit. In that respect the Second Circuit has recently reiterated that:

> Under New York law, a property owner has no right to an existing land-use benefit unless that right has "vested." In New York, a vested right can be acquired when, pursuant to a _legally issued permit_, the landowner demonstrates a commitment to the purpose for which the permit was granted by effecting substantial changes and incurring substantial expenses to further the development. _Town of Orangetown v. Magee_, 88 N.Y.2d 41, 47, 665 N.E.2d 1061, 643 N.Y.S.2d 21 (1996). In order to gain the vested right, "[t]he landowner's actions relying on a valid permit must be so substantial that the municipal action results in serious loss rendering the improvements essentially valueless." _Id._ at 47-48; see also _Sterngass v. Town Bd. of Clarkstown_, 10 A.D.3d 402, 405, 781 N.Y.S.2d 131 (2d Dep't 2004); cf. _DLC Mgmt. Corp._, 163 F.3d at 130-31 (recognizing that, under New York law, a property owner can gain a property right in the former zoning status of his land when that right vests as a result of the owner having made substantial expenditures and undertaken substantial construction prior to the enactment of the more restrictive zoning ordinance).

12

Cine SK8 v. Henrietta, 2007 U.S. App. LEXIS 25970 (2d Cir. 2007).

It is clear that plaintiffs claims must fail, utterly, since the Certificate of Appropriateness was never issued. The City Zoning Code vests the ARC with a great deal of discretion to grant or deny a Certificate of Appropriateness. Since Plaintiffs concededly refuse to recognize the ARC as a legitimate body, there is no vested, valid, Constitutionally protected interest plaintiff can claim in the Certificate of Appropriateness.

It is not disputed the Building Permit was mistakenly issued in abrogation of the requirement of the CITY code that a Certificate of Appropriateness first be acquired. As such the Building Permit was not valid when issued, a key failing in the test for constitutional legal entitlement.

A further failing is the requirement that the land owners reliance be so substantial as to result in a "serious loss" rendering the improvements essentially valueless. See, Cine SK8, supra. In this case, the CITY took no action which resulted in any such "serious loss" to the plaintiffs. The CITY requested, and to this day still requests, only that the plaintiffs proceed before the ARC and obtain a Certificate of Appropriateness in accord with the CITY Zoning Code. For reasons known only to plaintiffs they have eschewed this route and have chosen to engage in the instant legal joust at windmills.

Unlike the Cine Sk8 case where the Town's action in amending a lawfully issued special use permit resulted in the total destruction

13

of the applicant's business, the plaintiffs in this case never had a lawfully issued permit and the stop work order merely temporarily suspended the plaintiffs renovations of his building pending the completion of the ARC historical review process. Had plaintiffs proceeded apace before the ARC instead of engaging in a belligerent campaign against the ARC and the CITY, then its project would have gone ahead in accord with the City Zoning Code.

Moreover, it is unclear precisely what improvements the plaintiffs have made in reliance on the invalid building permit, if any. The building was a vacant, condemned and neglected structure before the invalid building permit was issued and remains so to date.

Any claimed loss has to be to actual improvements, not envisioned, imagined, or anticipated improvements. Again, unlike the Cine Sk8 case where the plaintiff expended millions of dollars and actually transformed a vacant retail store into a functioning entertainment center with actual and ongoing business, plaintiffs here have not improved the premises at all. Indeed, the premises are in such a state of disrepair that, in order to prevent demolition by neglect, the CITY obtained a temporary order in State Court compelling the plaintiffs to weather seal, secure and protect the premises. Any claims that actual and substantial improvements have been made border on and are suggestive of intent to mislead and deceive (perpetrate a fraud) on this Court. It is self evident that the plaintiffs have not suffered a "serious loss" rendering the

14

premises essentially valueless.

Plaintiffs' claim for violation of substantive due process rights must be dismissed. *See, generally*, matter of Rector, Wardens, & Members of Vestry of St. Bartholomew's Church v. New York, 728 F. Supp. 958 (S.D.N.Y. 1989)[Rejecting due process claims flowing from denial of certificate of appropriateness to modify exterior of historic church.]; Boczar v. Kingen, 2000 U.S. Dist. LEXIS 11615 (D. Ind. 2000)[Noting there is no protected property right in a building permit which was obtained in violation of another ordinance such as here where no certificate of appropriateness was first obtained from the ARC].

Plaintiffs' Complaint and opposition brief is replete with numerous, unfounded, disconnected and often *non sequitur* allegations. Plaintiffs criticize the CITY for failing to address the potpourri of particulars they have included in their pleadings. However, it is clear that even if everything the plaintiff alleges is true there can be no substantive due process claim in this case since, as a matter of law, there is no protected property interest in either the Certificate of Appropriateness or the Building Permit. The substantive due process claims must fail. *See*, Rector, Wardens, & Members of Vestry of St. Bartholomew's Church v. New York, 728 F. Supp. 958 (S.D.N.Y. 1989); Boczar v. Kingen, 2000 U.S. Dist. LEXIS 11615 (D. Ind. 2000).

15

Point IV:

## Plaintiffs' Claims Based On Section 1985(1) Must Fail.

Though plaintiffs allege a Section 1985(1) claim in the complaint, no reading of the complaint supports such a claim. *See*, Lawson v. Connecticut, 1991 U.S. Dist. LEXIS 1862, 8-9 (S.D.N.Y. 1991)(aff'd by Lawson v. Conn., 999 F.2d 536 (2d Cir. 1993))["Section 1985(1) is inapplicable . . . because it provides a remedy against conspiracies that impede "the performance of official duties by federal officers." Kush v. Rutledge, 460 U.S. 719, 724 (1983). Thus, its protections extend exclusively to federal officers."]; *Accord*, Sash v. City of New York, 2006 U.S. Dist. LEXIS 59488 (S.D.N.Y. 2006).

Ostensibly, plaintiffs realized the futility of this claim in that regard and failed to oppose at all the CITY'S argument that the so called section 1985(1) conspiracy claims should be dismissed. In view of plaintiffs' failure to oppose the CITY's motion, this claim should be dismissed.

Plaintiffs, without amending the complaint, argue that a section "1983(3) conspiracy claim" has been stated. The undersigned knows of no such section of law and re-iterates that the conspiracy aspect of the complaint should be completely dismissed. In any event, to support a conspiracy charge there must be an underlying wrongful and/or unconstitutional act which the conspiracy was intended to

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100

further. As demonstrated on the motion in chief there is no Constitutional injury to these plaintiffs, ergo no conspiracy.

<u>Point V:</u>

## <u>Plaintiffs' Claims Based on Section 1985 (3) Must Fail</u>

Likewise, the plaintiffs' section 1985(3) claims must fail. Aside from the fact that the predicate elements of a conspiracy to injure civil rights, an act in furtherance thereof, and a *bona fide* injury are not sufficiently alleged, there is simply no allegation nor can there be that the plaintiffs are members of a suspect class. The fact that one of the plaintiffs is a lawyer who maintains his office in the CITY and that the other plaintiffs may be from out of state is insufficient. Moreover, for a conspiracy claim to lie there must be an underlying wrongful act which the parties are alleged to have conspired to commit. As above, because there is no unconstitutional taking, due process, or equal protection violation extant there, of course, can be no conspiracy to commit same.

As set forth at length in the motion in chief, in this case, the plaintiffs' complaint fails on all counts. First, as demonstrated above the plaintiffs have not shown any interference with any federal right as their takings, due process, and equal protection claims all fail. Perhaps just as significant is the utter failure of the pleadings to allege any fact demonstrative of racial or suspect class

17

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

based animus as the spring board for the alleged conspiratorial deprivation of constitutional rights. This failure is fatal and requires dismissal of the plaintiffs' section 1985(3) claims.

### Point VI:

#### A) Plaintiffs Pendent State Law Claims Must Fail

Preliminarily, each of plaintiffs' state claims must fail since the plaintiff has failed to comply with New York's notice of claim statute. Likewise, this court should, in the exercise of discretion decline to retain pendent jurisdiction of these claims since the federal claims, as above, are not extant.

The CITY's position on the pendent State Law claims was fully set forth in the motion in chief and there is little reason to restate them on this reply brief. The Court is respectfully referred to the CITY'S motion in chief for a compete briefing of its position in regard to the plaintiffs' state law claims.

Suffice it to state that the plaintiffs have failed, utterly, to persuade this Court why it should retain pendent jurisdiction, particularly in light of this Court's recent decision remanding the related proceeding the New York State Supreme Court. *See*, Exhibit "A" annexed hereto and made part hereof.

18

## Conclusion

WHEREFORE, based upon the foregoing, the CITY respectfully requests that the Court grant its motion to dismiss the Complaint and that the said Complaint be so dismissed in its entirety, and that it be granted such other and further relief as this Court may deem just, proper and equitable, including the costs and reasonable attorney fees incurred.

Dated: December 18, 2007

> TARSHIS, CATANIA, LIBERTH,
> MAHON & MILLIGRAM, PLLC
>
> By: _____
> NICHOLAS A. PASCALE (NP-5766)
> Attorneys for Defendant
> City of Newburgh
> One Corwin Court
> P.O. Box 1479
> Newburgh, New York 12550
> Tel. No. (845) 565-1100

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
P.O. BOX 1479  •  NEWBURGH, N.Y. 12551  •  (845) 565-1100

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

The City of Newburgh
Plaintiff

07 Civ. 6419 (SCR)

v.

ORDER

96 Broadway, LLC and Douglas R. Dollinger
Defendants

---

Stephen C. Robinson, United States District Judge:

## I.    Procedural History:

On or about June 21, 2007, the City of Newburgh ("Plaintiff") filed in the
Supreme Court of the State of New York, County of Orange a Verified Complaint
("Complaint") asserting two causes of action arising out of 96 Broadway, LLC and
Douglas R. Dollinger's ("Defendants") alleged failure to (1) comply with the City's
building permit requirements and stop work order and (2) secure and protect the premises
in question and restore the exterior to its original state.

On July 16, 2007, Defendants filed a Petition/Notice for Removal, alleging
federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

On July 30, 2007, Plaintiff filed a Motion to Remand, arguing that Defendants'
petition is based on the assertion of Defendants' federal defenses and counterclaims, and
that the Complaint presents only state causes of action.

## II.    Analysis

### a.  Removal and Plaintiff's Motion to Remand

Removal of an action from state to federal court is proper if the latter has original
jurisdiction over the case. *See* 28 U.S.C. § 1441(b). "The district courts shall have
original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of
the United States." 28 U.S.C. § 1331. The party asserting federal jurisdiction bears the
burden of proving that the case is properly in federal court. *Gilman v. BHC Sec.*, 104
F.3d 1418, 1421 (2d Cir. 1997). In this case, Defendants base their petition for removal
on the federal-question doctrine. "The presence or absence of federal-question
jurisdiction is governed by the well-pleaded complaint rule, which provides that federal
jurisdiction exists only when a federal question is presented on the face of the plaintiff's
properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or
she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v.
Williams*, 482 U.S. 386, 392 (1987) (internal quotations omitted); *Franchise Tax Board v.
Construction Laborers Vacation Trust*, 462 U.S. 1, 27-28 (1983) ("Congress has given



the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

Plaintiffs in this case brought suit pursuant to various sections of the City of Newburgh Code. The only federal claims in this case are those brought by the Defendant as defenses/counterclaims. The Defendants claim that the Plaintiff has violated several of Defendants' federal constitutional and statutory rights, and that these violations confer jurisdiction on this court. The law, however, is clear that a federal defense or counterclaim is not sufficient to remove a Plaintiff's state court action from state to federal court. *See Caterpillar Inc.*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense.") (emphasis in original).

Therefore, Plaintiff's motion to remand must be granted.

### b. Plaintiff's Motion for Costs of Removal

The Plaintiff requests that the court order the Defendants to pay attorney's fees and costs incurred as a result of removal. Federal law allows, but does not require, that the court award costs when a case is remanded to state court. *See* 28 U.S.C. 1447(c) ("An order remanding a case *may* require. . . .")(emphasis added). Given this discretion, the court declines to award costs to the Plaintiff in this case.

### III.  Conclusion

For these reasons, Plaintiff's motion to remand is GRANTED, but Plaintiff's motion for costs related thereto is DENIED.


IT IS SO ORDERED.


Stephen C. Robinson, U.S.D.J.

Dated: White Plains, New York
      November 2, 2007