# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 96 BROADWAY, LLC, ET AL., | ) HON. STEPHEN ROBINSON |
| | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No.: 07CV 6689(SCR) |
| | ) |
| | ) |
| | ) |
| | ) |
| THE CITY OF NEWBURGH, ET AL., | ) |
| | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

_____

# MEMORANDUM OF LAW IN OPPOSITION TO GABOR'S MOTIONS TO DISMISS PURSUANT TO FED RULE CIV. P. 12 (b) (6)

_____

*Respectfully submitted,*


DOUGLAS R. DOLLINGER, Pro-se
Attorney for Defendant 96 Broadway
40 Matthews Street
Village of Goshen
Goshen, New York 10924
Tele.  (845) 294.2771
Fasc. (845) 294.2772

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES**……………………………………………………..…………….ii-iii

**PRELIMINARY STATEMENT**……………………………………………………….....................1

**FACTUAL CLAIMS**…………………………………………………………………….....................2

**POINT I.**………………………………………………………………………………………….4

**THE COMPLAINT SUFFICIENTLY ALLEGES THE NECESSARY
ELEMENTS ESTABLISHING THE CLAIMED CONSPIRACY TO
VIOLATE PLAINTIFFS' CONSTITUTIONAL AND CIVIL RIGHTS**

Standard of Review……………………………………………………………………..………..............5

 Argument…………………………………………..…………………………………………..5

Plaintiffs Right of Equal Protection and Due Process Claims

      A. Section 1983…………………………………………………………..……….7

      B. Plaintiffs' 1983(3) Conspiracy Claims……………………………………......9

      C. 1985 (3) Conspiracy……………………………………………………...........17

      D. Gabor's Statements Are Not Protected By New York's Anti-Slapp Law....18

      E. Gabor's Statements Are Not Protected By The First Amendment…………20

      F. Gabor's Statements Are Defamatory Per Se.……………………………….22

      G. Plaintiffs' State Law Claims……..……………………………...............24

  1. <u>Common Law Conspiracy-Count V</u>……………………………….…………....25

  2. <u>Abuse of Process Counts VIII</u>…………………………………….…………25

  3. <u>Infliction of Emotional Distress-Counts VI and VII</u>………………………….......25

  4. <u>Libel Slander and defamation Count IX (sicVIII)</u>………………………….......26

**CONCLUSION**……………………………………………………………….....................27

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

600 West 115th Street Corp. v. Von Gutfeld, 80 N.Y.2d 130, 139, 589 N.Y.S.2d 825, 603
N.E.2d 930). ............................................................................................................................. 23

Bovsun v. Sanperi, 61 NY2d 219, 231 ....................................................................................... 26

Battalla v. State of New York 10 NY2d 237, 240-242 ............................................................... 26

Blue v. Koren, 72 F.3d 1075, 1082-83 (2d Cir. 1995). ............................................................. 20

Brady v Town of Colchester, 863 F2d 205, 216; ........................................................................ 7

Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) ...................................... 8

Cohane v. Nat'l Collegiate Athletic Ass'n ex rel. Brand, No. 05-5860-cv, 2007 WL 247710,
at *1 (2d Cir. Jan. 25, 2007) ........................................................................................................ 5

Cohane, 2007 WL 247710, at *1 (quoting Thompson v. Carter, 284 F.3d 411, 416 (2d Cir.
2002)) ........................................................................................................................................... 5

Coniston Corp. v Village of Hoffman Estates, 844 F2d 461, 467) ............................................... 7

Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998).] ........................................................... 19

Davis v. Vill. Park II Realty Co., 578 F.2d 461, 464 (2d Cir. 1978) ......................................... 20

Dennis v. Sparks, 449 U.S. at 27-28, 101 S. Ct. at 186; ........................................................... 10

Dillon v City of New York, 261 AD2d 34, 38 [1999]). .............................................................. 21

Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127,
81 S.Ct. 523, 5 L.Ed.2d 464 (1961)……………………………………………………12 and 18

Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) ............................................. 17

Gates v New York Recorder Co., 155 NY 228, 231, 232.) ......................................................... 23

Gjonlekaj v Sot, 308 AD2d 471, 473 [2003], ............................................................................ 22

Greenbriar, Ltd. v City of Alabaster, 881 F2d 1570 .................................................................... 8

Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). .................. 17

Gross v. New York Times Co., supra, at 153 ............................................................................... 23

Laird v. Tatum, 408 U.S. 1, 13-14 (1972) .................................................................................. 21

# TABLE OF AUTHORITIES Cont.

**Cases**                                                                                           **Pages**

Lisa's Party City, Inc. v. Town of Henrieta, 185 F.3d 12, 16(2nd Cir. 1999) .............................. 16

McManus v. Doubleday & Co., 513 F.Supp. 1383, 1385. ........................................................... 22

Natural Res. Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006) ............................. 5

Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). ...................................... 5

Pace Resources v Shrewsbury Twp., 808 F2d 1023 .................................................................. 8

Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999) ............................................................ 8

Parratt v Taylor, 451 US 527, 535. .............................................................................................. 9

Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379 [1977]) ................................................. 22

Rounseville v. Zahl, 13 F.3d 625, 632 (2d Cir. 1994) ................................................................ 8

Spear v. Town of W. Hartford, 954 F.2d 63, 67 (2d Cir. 1992) .................................................. 21

Steinhilber v. Alphonse, 68 N.Y.2d 283, 292, 508 N.Y.S.2d 901, 501 N.E.2d 550. ................. 23

Sterling Doubleday Enterprises, L.P. v Marro, 238 AD2d 502, 503 [1997]; ............................. 22

Storck v. Suffolk County Dep't of Social Servs., 62 F. Supp. 2d at 940 .................................... 10

Sydney v Macfadden Newspaper Pub. Corp., 242 NY 208, 211-212 ........................................ 23

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) ................................... 5

Warlock Enterprises v City Center Assocs., 204 AD2d 438, 438 [1994])............................22

Weiner v. Doubleday and Co., 74 N.Y.2d 586, 550 N.Y.S.2d 251, 549 N.E.2d 453, cert. den. 495 U.S. 930, 109 L. Ed. 2d 498, 110 S. Ct. 2168)............................................22

**Statutes**                                                                                        **Pages**

28 U.S.C. §136............................................................................................................5
42 U.S.C. § 1983 and § 1983(3)..............................................................8,9, 1,16-19
42 U.S.C. § 1985(3)...........................................................................................17, 18
Fed Rule Civ. P. 12(b)(6)........................................................................................17
Fed Rule Civ. P. 15(a).............................................................................................24
Newburgh CITY Code §300-81...............................................................................19

## PRELIMINARY STATEMENT

Much like the co-defendants in this matter Defendant GABOR's Counsel, without addressing the factual or substantive claims of the Plaintiffs' argues, in nothing other than conclusory terms, that the Complaint must be dismissed pursuant to Fed Rule Civ. P. 12(b)(6) because GABOR's activities were purely political in nature and that no liability may be attached for exercising his First Amendment right to free speech. **[GABOR's Memorandum of Law.]** [1]

Notwithstanding this claim, as will be shown below the basis for dismissal as claimed is in error of the facts pled and the law. Consequently, the claim should be rejected by this Court. **[DOLLINGER Aff. Exhibits "1"-"34".]**

## FACTUAL CLAIMS [2]

By way of background, Plaintiffs claim that certain CITY officials through use of their offices including, MaGRANE as CITY MANGER, KELSON through the office of ASSISTANT CORPORATION COUNSEL, CRABB-GABOR-KING as ARC members in an illegal interplay with the NAGs-CRABB-GABOR-WARREN[3],

---

[1] Notably, absent in support of the claim is any Declaration from GABOR himself stating that in fact he was simply exercising the claimed First Amendment right to express himself.

[2] See also, the Affidavit of Douglas R. Dollinger in Opposition of the Motions before the Court and its annexed Exhibits, wherein Plaintiffs incorporate the facts as set forth therein hereat.

[3] LISA WARREN is a newly named Defendant in a proposed Amended Complaint to be submitted to the Court by Motion.

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

and others are an association-in-fact ["Enterprise"] engaged in illegal activities cloaked in the color of state law, wherein the goal of the Enterprise was to "crush" Plaintiffs' project and "run [Plaintiffs] out of town". **[DOLLINGER Aff., Exhibits "1"-"34".]**

Through the Enterprise Defendants organized illegal activities, or otherwise engaged in invidious conduct directed against the Plaintiffs right to inhabit their property. Defendants, intentionally violated Plaintiffs' rights of equal protection and their substantive due process rights under the Constitution and other federal-state laws by causing the arbitrary, capricious and irrational revocation of their Building Permit which Plaintiffs claim was a vested property right. **[DOLLINGER Aff., Exhibits "1"-"34".]**

The Nags have existed in the CITY of Newburgh for some time, at least since 2003. They have placed themselves on all of the CITY boards and commissions they can. In this manner as a group they illegally control application approvals for the CITY's landowners. **[DOLLINGER Aff., Exhibits "1"-"34".]**

As a group they control who will occupy the CITY by use of false and misleading allegations of criminality in publishing statements concerning the landowners and CITY officials. In addition they use other intimidating tactics to intimidate CITY employees, such as the MaGRANE and CUMMINGs. **[DOLLINGER Aff., Exhibits "1"-"34".]**

Significantly, they control the business corridor of the CITY and have targeted the buildings and business that surround Plaintiffs location. The owners of these buildings and business have been either forced to sell their property or have their business destroyed.  **[DOLLINGER Aff., "1"Exhibits "1"-"34".]**

Noteworthy is the fact that at the time of Plaintiffs' application January 2006, although he was not authorized to sit on the ARC, GABOR, with the knowledge and consent of KELSON and CRABB, in defiance of the CITY COUNCIL's resolution not to reappoint him to the ARC, GABOR continued to sit on the Commission and act on applications presented to the ARC. **[DOLLINGER Aff., Exhibits "1"-"34".]**

In retaliation for not being reappointed GABOR with the assistance, knowledge and consent of KELSON-CRABB and others entered into an agreement wherein, by use of the media-internet they planned to attack major restoration projects chosen by the CITY to proceed and by-pass ARC approval unless the CITY reappointed GABOR to the Commission and agreed not to allow Cummings to bypass the ARC in the future.   Plaintiffs' project was among those targeted. **[DOLLINGER Aff., Exhibits "1"-"34".]**

In furtherance of their goals these Defendants have actually published false and defamatory statements aimed at swaying public opinion against the project.  And, while ordinarily the act of public outcry in petitioning the government for its legislative acts is a protected right and freedom, the same is not true when the acts

**Law Office of Douglas R. Dollinger & Associntes**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

undertaken to succeed in the goal involve allegations aimed at intentionally violating

Plaintiffs' Constitutional and civil rights where criminality is expressly although it is

known to be false and it is intended to undermine Plaintiffs right to inhabit.

**[DOLLINGER Aff., Exhibits "1"-"34".]**

## POINT I

### THE COMPLAINT SUFFICIENTLY ALLEGES THE NECESSARY ELEMENTS ESTABLISHING THE CLAIMED CONSPIRACY TO VIOLATE PLAINTIFFS' CONSTITUTIONAL AND CIVIL RIGHTS

Plaintiffs assert that all of the facts necessary to support their claims have been

pled in their Complaint, or are set forth in the Affidavit of DOLLINGER and it

annexed Exhibits. The pleadings support numerous causes of action including actions

involving Defendant GABOR's participation in the conspiracy to intentionally deny

them the equal protection of the law as well as their substantive and procedural due

process rights secured by the United States Constitution and federal-state statutes in

relation to their vested property interests in the right to inhabit the property 96

Broadway located in the CITY of Newburgh. **[DOLLINGER Aff. Exhibits "1"-
"34".]**

### Standard of Review

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the

Court must accept all of the well-pleaded facts as true and consider those facts in the

light most favorable to the plaintiff.    See, <u>Triestman v. Fed. Bureau of Prisons,</u> 470 F.3d 471, 474 (2d Cir. 2006); See also, <u>Natural Res. Defense Council v. Johnson,</u> 461 F.3d 164, 171 (2d Cir. 2006); and see , <u>McCarthy,</u> 2007 WL 967937, at *4; <u>Hertz Corp.,</u> 1 F.3d at 125; <u>In re AES Corp.,</u> 825 F. Supp. at 583.

"The appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." See, <u>Cohane v. Nat'l Collegiate Athletic Ass'n ex rel. Brand,</u> No. 05-5860-cv, 2007 WL 247710, at *1 (2d Cir. Jan. 25, 2007) (quoting <u>Nechis v. Oxford Health Plans, Inc.,</u> 421 F.3d 96, 100 (2d Cir. 2005).

"This rule applies with particular force where, as here, the plaintiff alleges civil rights violations . . . .'" <u>Cohane,</u> 2007 WL 247710, at *1 (quoting <u>Thompson v. Carter,</u> 284 F.3d 411, 416 (2d Cir. 2002)).

## <u>Argument</u>

The specific allegations of the Complaint before the Court allege that due to an illegal interplay-activity of certain members of the CITY government and/or their acts through the administrative bodies-offices of the CITY, the CITY Manager-MaGRANE,    ARC-CRABB-GABOR-KING,    CORPORATION COUNSEL-KELSON and the CITY Building Department-CUMMNINGS, in an illegal conspiracy with citizens of the CITY, the NAGs-CRABB-GABOR-WARREN and

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

others, acting under the color of state law and agreeing to act illegally so as to intentionally injure Plaintiffs by "crushing" Plaintiffs' project and [running Plaintiffs] out of town" or otherwise intending to destroy their right to inhabit, said conspirators, in furtherance of the conspiracy, wrongfully caused the Building Inspector to arbitrarily, capriciously and otherwise without a rational basis issue stop work orders to the premises 96 Broadway intentionally causing damages to the Plaintiffs by the wrongful-illegal revocation of Plaintiffs' Building Permit a vested property right in violation of Plaintiffs' equal protection and due process rights. **[See, 42 USC §1983 and 1985; see also in support of the claims DOLLINGER Aff. and Exhibit "1" through "34"and Plaintiffs' Opposition to the Motions of the CITY and Defendant Cummings as fully incorporated and repeated hereat.]**

**Plaintiffs Right of Equal Protection and Due Process Claims**

A.    **Section 1983 provides:**

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

To succeed on their claim for damages pursuant to 42 USC §1983, Plaintiff must establish (1) the deprivation of a protectable property interest (2) caused by one acting under the authority of law.  See, Parratt v Taylor, 451 US 527, 535.

Application of the 42USC §1983 claims to the allegations as applied to the 42USC §1983 (3) conspiracy claims while acting under the color of law between the various state and citizen Defendants including the Defendant GABOR, again begins with the undisputable fact that the CITY's Building Inspector-CUMMINGs who is the administrative official in charge of issuing building permits and insuring that a project is or is not sent to the ARC lawfully issued Plaintiffs a building permit for their building located at 96 Broadway, Newburgh, New York. **[DOLLINGER Aff., Exhibits "1"-"34".]**

And, it is claimed that, based on the Plaintiffs' substantial investment and improvements to the property, and their commitment to its completion, Plaintiffs had a vested property right for which they have suffered immediate damages as intended by the CITY-MANGER, CORPORATION COUNSEL, the BUILDING DEPARTMENT the ARC, and the ARC-NAGs-CRABB-GABOR Enterprise. **[DOLLINGER Aff., Exhibits "1"-"34".]**

In relation to Plaintiffs' equal protection-due process claims the record establishes that the illegal revocation of their vested property, the building permit and its right to inhabit thereunder for 96 Broadway, was not the result of a good faith mistake regarding the applicable local law as the CITY claims, see, Brady v Town of Colchester, 863 F2d 205, 216; Coniston Corp. v Village of Hoffman Estates, 844 F2d 461, 467) nor was the permit revoked because the Plaintiffs' building would harm the

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

community in some manner. See, <u>Greenbriar, Ltd. v City of Alabaster</u>, 881 F2d 1570; see also, <u>Pace Resources v Shrewsbury Twp.</u>, 808 F2d 1023. Rather, the Plaintiffs' building permit was revoked solely as the result of general community protest owing to Plaintiffs' intent of the Enterprise in denying Plaintiffs their right to inhabit" wherein they have been selectively mistreated-conspired agaisnt by the CITY-Manger, the BUILDING DEPARTMENT-CORPORATION COUNSEL the ARC-CRABB-GABOR-KING and the ARC-NAG's-CRABB-GABOR and others. **[DOLLINGER Aff., Exhibits "1"-"34".]**

## A.    <u>Plaintiff's 1983(3) Conspiracy Claims</u>

To survive a motion to dismiss a §1983 (3) conspiracy claim Plaintiff must allege: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 72 (2d Cir. 1999); accord <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324-25 (2d Cir. 2002).

The Second Circuit has acknowledged that "conspiracies are by their very nature secretive operations," See, <u>Rounseville v. Zahl</u>, 13 F.3d 625, 632 (2d Cir. 1994), and may have to be proven by circumstantial, instead of direct, evidence.

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Plaintiff met the forgoing standard because the claims are that the CITY Manager-MaGANE, CORPORATION COUNSEL, the CITY BUILDING DEPARTMENT the ARC, the ARC-NAGs-CRABB-GABOR-WARREN[4], and others are an association in fact engaged in illegal activities cloaked in the color of state law.

The NAGs have existed in the CITY of Newburgh for some time, at least since 2003. They have placed themselves on all of the CITY boards and commissions they can and have by their manifesto acted as agreed to take whatever steps are necessary to control the CITY. **[DOLLINGER Aff., Exhibits "1"-"34".]**

In this manner as a group they illegally control application approvals for the CITY's landowners. The reason their control is illegal in the case of Plaintiffs before the Court is related to the goals of the Enterprise and the means undertaken by them in accomplishment of their intended acts. **[DOLLINGER Aff., Exhibits "1"-"34".]**

That is to say, that as a group their goal is to "crush" Plaintiffs' project and "run" Plaintiffs out of the CITY.

They have so far done so by use of false and misleading statements concerning allegation of criminality and other wrongful act. In this case they have repeatedly published false statements concerning allegations of bribery as between the Building Inspector and DOLLINGER on behalf of Plaintiffs. In addition, they used other

---

[4] LISA WARREN is a newly named Defendant in a proposed Amended Complaint to be submitted to the Court by Motion

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

intimidating tactics to control CITY employees, MaGRANE and CUMMINGS.

**[DOLLINGER Aff., Exhibits "1"-"34".]**

The matter is not as GABOR's Counsel paints it; meaning that GABOR is simply exercising his right of free speech. Indeed, nothing could be further from the truth; the claims of wrongdoing go directly to the very foundation of the Constitution and his acts in furtherance of the agreement as aforesaid. **[See, Defense Counsel's Memorandum of law.]**

Under their watch, that is CITY Manager-MaGANE, CORPORATION COUNSEL, the CITY BUILDING DEPARTMENT the ARC, the ARC-NAGs-CRABB-GABOR-WARREN, the CITY government, based on the claimed illegal interplay between them, the CITY is nothing more than a façade for their illegal activities including crushing Plaintiffs project and running Plaintiffs out of town. **[DOLLINGER Aff., Exhibits "1"-"34".]**

What's more, based on the illegal interplay as pled, GABOR is a joint participant acting under the color of the CITY Code.  "[T]o act "under color of" state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting . . . `under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. at 27-28, 101 S. Ct. at 186; see also, e.g., Storck v. Suffolk County Dep't of Social Servs., 62 F. Supp. 2d at 940.

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Noteworthy, and supportive of <u>Plaintiffs' claims</u> of an illegal interplay as joint conspirators and that an agreement exists as alleged are the facts, at least in part, that in or about December 2005, the CITY Council refused to reappoint GABOR to a new term on the ARC.  **[DOLLINGER Aff., Exhibits "1"-"34".]**

And, at the time of Plaintiffs' application January 2006, although he was not authorized to sit on the ARC, GABOR, with the knowledge and consent of MaGRANE, KELSON and CRABB, in defiance of the CITY COUNCIL's resolution not to reappoint him to the ARC, GABOR continued to sit on the Commission and act on applications presented to the ARC. **[DOLLINGER Aff., Exhibits "1"-"34".]**

And in the case of Plaintiffs' in retaliation for the Building Inspectors bypassing the ARC, and for the reason of not being reappointed to the ARC, GABOR with the assistance, knowledge and consent of KELSON-CRABB and others entered into an agreement wherein, in furtherance of the Enterprise by use of the media-internet they planned to attack projects chosen by the CITY Building Inspector to proceed  without ARC approval unless the CITY required Plaintiffs to present their application to the ARC, reappointed GABOR to the Commission and agreed not to allow CUMMINGs to bypass the ARC in the future. **[DOLLINGER Aff., Exhibits "1"-"34".]**

In furtherance of their goals these Defendants have actually published false and defamatory statements per se.  The statements were aimed at swaying public opinion

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

against the project for the purpose of denying Plaintiffs the right to inhabit their building. And, while ordinarily the act of public outcry in petitioning the government for its legislative acts is a protected right and freedom, the same is not true when the acts undertaken to succeed in the goal involve allegations aimed at intentionally violating Plaintiffs' Constitutional and civil rights where criminality is expressly alleged and intended to undermine Plaintiffs right to inhabit. <u>Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,</u> 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961).

The statements as set forth herein are no protected items under the First Amendment as claimed and are overt act libelous on their face and designed to directly injure Plaintiffs:

**From:** Crankin[5]
**Date:**   29 Oct 2003
**Time** :09:15:43
**Remote Name:** 204:210.148.240

"We are on a jugernaught **my fellow NAGS**. We have to keep up the pressure. The control of this city is now within our reach. **We have to take it over by any means necessary.** That means get on all the boards; go to all council meetings and NAG, NAG, NAG! **Do whatever it takes. Our group is the only one who can so let's do it** [Emphasis added.]"
Posted:  Saturday, June / 7 / 2:5 / :pm
Author:  John Doe (Undercover)
Subject:  Re: Savoy

---

[5] Michael Gabor has admitted to being **"Crankin" aka" Michael C"** during a federal deposition in other matters wherein the Courts have refused to dismiss the actions against him based on similar conduct as directed at Plaintiffs. See, Plaintiff Application for Judicial Notice.

- 12-

In reply to: Goobie 's message, 'Re: Savoy" On *Thursday,* June *02:2 7pm*

The 96 broadway land baron Dollinger gets his suits altered at Nickys B'Way Tailors. The under cover question of the day is. **Why do you Mr. Dollinger pay for alterations to the Mayor of our city an envelope full of $100.00 dollar bills. Yes your Mayor was dumb enough to open it with people in the store, More information on that to come. This is way beyond shady. I guess he pays CUMMINGS liquor bills and motel bills .**Oh yes i'm proud too, as one of the 50 hero's of Newburgh. **We the John and Jane Does of Newburgh pledge to stick together!** [Emphasis added.]

*Date Posted: 10:01:20 06/12/06 Mon*
Author:  Michael C.
Subject:  Dunbo Dollinger

This Dumbo and his lawsuit is going nowhere. Remember Rudy and Taylor's lawsuit? That went in the toilet as did the one against Fred Ernden. **WE as a group are protected by the Constitution, and freedom of speech.** This **cash Felon Dollinger** has no idea. Some one should tell him we don't back down. **We will run him out of Newburgh. This is our city and we don't want criminals bribing our officials, he can take CUMMINGS with him and give him a job.** [Emphasis added.] **See, Exhibit "23-3".**[6]

*Date Posted*: *08:23:41 06/13/06 Tue*
Author:  "We The People"
Subject:  Scumbag Dollinger!

Read the Constitution. ASSHOLE! FREEDOM OF SPEECH, THE FIRST AMENDMENT!! !! You will not silence us, **you are our prime target now! You're history, you will never have any peace.** You haven total and collossal nerve to send someone to a public protected space to serve us with papers. Was that the idea of that fat stinkin' piece of' shit McCarthy? Think him and you, and Rudy and the rest of the criminal element all of you are associated with… You Suck what are you going to do about it.. WE got your number Dollinger…START PACKING… and take CUMMINGS with you… **we have someone in his office and she lets us know about the corruption going on…**YOU ARE OUTED!!![Emphasis added.]

---

[6] The references to Rudy and Taylor's lawsuit and the one against Fred Ernden are cited for judicial notice as relating to the illegal-wrongful conduct of this group and their claims of First Amendment Protection. .

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

***Date Posted: 07:3 7:45 06/14/06 Wed***
Author:      BJ
Subject:     <u>Dollinger=Crime</u>
It is a sad day we have <u>criminals like</u> this trying to lake over Newburgh.

***Date Posted: Saturday , June 17, /2:07:pm***
Author:  BJ
Subject:Re: Savoy

In reply to: Confuscious's message, "<u>Sav'oy</u>" on *Friday, June16, 05:OO:pm*
My most exalted and learned Confuscious, **To answer your question, when we rid**
**Newburgh of Regina, Bowles, McGrane, and Little Nicky for starters. <u>That will</u>**
**<u>stop Criminals like Dollinger from bribing our building inspector in order to get</u>**
**<u>permits.</u>** Our Friends on The ARC have stopped him dead! in his tracks. Mr.
"Doll"inger paid a handsome sum to Rudy for 96 Broadway, along with some "Cash
under the table for Rudly". Stay tuned readers of this site, all of the corruption will
come out at the lawsuit trial. Mr. Dollinger do you really want to be exposed?
[Emphasis added.]

***Date Posted: Tuesday June 20, 01:28pm***
Author:     John and Jane does
Subject:    Re: Newburgh Advocate
In reply to: Michael G.'s message *"<u>**Re: Newburgh Advocate**</u>"* on Wednesday,
June14,1:53:pm

We as a group are the "Watchdogs of City Government" and **<u>illegal activities</u>** in our
city. **<u>We support Michael Gabor Barbara Smith and Brian Flannery</u>** in their
pursuit of justice. Mr. Dollinger you cannot win against the truth. Others have tried
and failed. Thanks to the efforts of Jane Johnson and many others. The Advocate will
breath down your neck and any others who get in the way of our fair city. <u>Its legal</u>
<u>growth is what matters to us, not bad officials who take bribes from you. Mr.</u>
<u>Dollinger perhaps in California you got away with your shady way of business, but</u>
<u>that will not stand in Newburgh. You will. not be permitted to continue, **one way or**</u>
**<u>another.</u>** [Emphasis added.]

***Date Posted: .10:44:33 06/22/06 Thu***
Author:  Michael G.
Subject:  City Criminals

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Let's get this investigation going...call the inspectors in Albany have them come down hard on Dollinger. **We have to crush the project ASAP.** That building was in excellent condition and he destroyed it. **He bribed our city building inspector that needs to be investigated. Our Mayor according to our witness was bribed too! Now start- the machine and bring down the all weight of our government on the DOLLINGER CRIME SPREE!** [Emphasis added.]

*Last Changed October 29, 2003*
*Date Posted: 10:08:48 06/12/06 k/on*
Author:   Darthy V
Subject: Dumbo. Dirtbag, Degenerate,=Dollinger

Michael oh la la ,you have such a way with words. Maybe the Orange County Bar Association should be alerted to the mis—adventures of this corrupt attorney? Did you not hear Michael of the ASBESTOS REMOVAL performed without a permit at 96 Broadway? Brian F. did and he will spread the alarm. 96 Broadway is only 2 blocks from the new school opening **Hmmm use you imagination.**  Record may be interested in such a story. [Emphasis added.] **[DOLLINGER Aff., Exhibits "1"-"34".]**

        Here, there can be no genuine argument, Plaintiffs have expressly pled the

required elements under §1983(3) and must at this stage of the proceeding rely on

circumstantial evidence related to the individual conduct of each of the claimed

conspirators  and accordingly, Defendants Motion to Dismiss this Claim should be

denied. **[DOLLINGER Aff., Exhibits "1"-"34".]**

        Clearly, the CITY has adopted a policy that has effectively denied Plaintiffs

the right to inhabit their property by allowing the illegal interplay between the CITY

governmental bodies and the ARC-NAG's including GABOR as both a member of

the ARC and a NAG.  These acts were a deliberate indifference to Plaintiffs rights

which has resulted in the violations of Plaintiffs' right of equal protection and due process as related to their vested property rights in their building permit and right to inhabit thereunder

This is especially true where the stated goal as set forth above and the means undertaken to achieve that goal was to void the Building Inspector's statutory authority under the CITY Code which authorized his policy-practice of bypassing the ARC.  **[DOLLINGER Aff., Exhibits "1"-"34".]**

Notwithstanding the Building Inspector's lawful policy-practice of bypassing the ARC, it is clear Defendant GABOR entered into a campaign with state actors, and other private citizens to undermine the Building Inspector's administrative policy and through these illegal acts caused the CITY to arbitrarily, or otherwise irrationally void the Building Inspector's bypass policy so as to crush Plaintiffs' project and run Plaintiffs out of town.

Under the circumstances, this Court may properly determine that Defendants actions amount to invidious conduct carried out under the color of state law, the intent of which was malicious and in bad faith directed at injuring Plaintiffs in violation of their Fourteenth Amendment rights to equal protection an due process of the law. See, Lisa's Party City, Inc. v. Town of Henrieta, 185 F.3d 12, 16(2nd Cir. 1999).

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

**B.    1985 (3) Conspiracy**

42 U.S.C. § 1985(3) also creates a private right of action for recovery of damages "if two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons in the equal protection of the laws. . . ."

The Complaint both generally and specifically alleges violations of 42 U.S.C. § 1985(3). Under § 1985(3), the law prohibits conspiracies to deprive "either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." See, 42 U.S.C. § 1985(3).

To survive a motion to dismiss, a §1985(3) conspiracy a "plaintiff must allege `some . . . . class-based, invidiously discriminatory animus behind the conspirators' action'." to deprive them of their constitutional rights.  See, Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Again, there can be no genuine argument about the sufficiency of the Complaint, Plaintiffs have expressly and impliedly pled the required elements under §1985(3), claiming that they are holders of a Building Permit which has become vested and that they are similarly situated as others who hold permits in the CITY of Newburgh but that they the CITY-CORPOTATION COUNSEL, the ARC-NAGs-

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

GABOR, via the illegal interplay with one another and the other named Defendants

has engaged in invidiously discriminatory animus and has engaged in action to

deprive them of constitutional rights to inhabit.    Accordingly, Defendant's Motion to

Dismiss this Claim should be denied. **[DOLLINGER Aff., Exhibits "1"-"34".]**

C.    **Gabor's Statements Are Not Protected By New York's Anti-Slapp Law**

Under the circumstances of this case, liability can be imposed pursuant to

§1983(3) for activity seemingly designed to influence public policy when the real

purpose of the policy is not to induce governmental action, but to injure the plaintiff

directly.    And, in this case because it was taken under the color of state law it is

actionable against all Defendants. Eastern Railroad Presidents Conference v. Noerr

Motor Freight, Inc., 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961).

Clearly when GABOR falsely stated that DOLLINGER had bribed not only

the prior CITY Building Inspector CUMMINGs for the Building Permit issued to

Plaintiffs for 96 Broadway, while fully knowing that CUMMINGs was exercising his

administrative powers pursuant to **CITY Code §300-81,** because no architect was

sitting on the ARC at the time of the Plaintiffs' Application, parenthetically, at the

time when GABOR was illegally sitting on the ARC panel, and then after being

forced to remove himself from participating as an ARC member, and then in

furtherance of the Enterprise falsely filing a complaint with the City Building

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Department, intentionally courting his claims of "bribery or pay offs" in the newspaper and over the internet, fully knowing the real reason for the Building Inspector exercise of his administrative powers, and then openly publically accusing DOLLINGER of bribing the new Building Inspector, Mr. Stephen Hunter wherein Hunter was in DOLLINER's "back pocket" such that Hunter condemned the building located at 113 Liberty Street, Newburgh, New York, the building DOLLINGER maintained as his law office, falsely claiming that the condemnation was perpetrated so that DOLLINGER could force the sale of the building to himself, the Court should have little trouble distinguishing his First Amendment rights to petition from his duty to refrain from statements which are per se libelous or otherwise per se defamatory.

## D.    Gabor's Statements Are Not Protected By The First Amendment

To prevail on his free speech defense Defendant GABOR must prove: (1) he has an interest protected by the First Amendment; (2) plaintiffs' actions were motivated or substantially caused by his exercise of that right; and (3) plaintiffs' actions in bringing a lawsuit have effectively chilled the exercise of his First Amendment right. [See, for rational –support of the argument, Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998).] Whether the Defendant GABOR has a protected interest in his statements turns on the intent behind them, and under the

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

contradiction of facts pled-circumstances claimed by each side his intent is a question of fact for the trier of fact.

Whether Plaintiffs' action in naming Defendant GABOR are motivated by anything other than the content of what was stated may be measure by the expressed falsehoods themselves, meaning again these statements, are libelous-defamatory per se.    And, because Defendant GABOR asserts the claim privileged in the form of an affirmative defense he has the burden to offer some degree of proof concerning Plaintiffs' motivation, especially because his statements were claims involving a factual issue wherein he alleges criminality.

Indeed, MR. GABOR has proffered no evidence of Plaintiffs' motives beyond the allegation in  the Complaint that he acted with a deliberate intent to injure Plaintiffs so as to cause  them economic loss and so as to ultimately crush Plaintiffs' project and force them to leave the CITY. [Specific proof of improper motivation is required in order to prove a First Amendment retaliation claim. See, <u>Blue v. Koren</u>, 72 F.3d 1075, 1082-83 (2d Cir. 1995).]

Further, MR. GABOR must show, with respect to the third element, that his First Amendment rights were "actually chilled." See, <u>Davis v. Vill. Park II Realty Co.</u>, 578 F.2d 461, 464 (2d Cir. 1978). The Supreme Court has held that "[a]llegations of a subjective "chill" are not an adequate substitute for a claim of

specific present objective harm or a threat of specific future harm." See, Laird v. Tatum, 408 U.S. 1, 13-14 (1972). "Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech." See, Singer, 63 F.3d at 120 [finding no chilling effect where, after an arrest, the plaintiff continued to publish his newspaper through which he criticized the village government]; Spear v. Town of W. Hartford, 954 F.2d 63, 67 (2d Cir. 1992) [finding no chilling effect where, after the filing of a lawsuit, the plaintiff continued to write criticizing editorials in the same manner as before the lawsuit.]  Based on MR. GABORS continued false comments in relation to the claims that DOLLINGER has bridge yet another CITY official his First Amendment Defense should be rejected, and because his right to petition has not been impaired to any degree, it like the acts of the government is simply subject to a review of the words spoken ans their lawful effect.

## E.    Gabor's Statements Are Defamatory Per Se[7]

"The elements [of defamation] are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and constituting defamation per se" See, Dillon v City of New York, 261 AD2d 34, 38 [1999]).

---

[7] At this time Plaintiffs are asking the Court to dismiss the claims of libel-defamation arising from the 2006 publication involving MR. CUMMUNINGs without prejudice to raise those claims in any amended complaint the Court may grant Plaintiffs permission to file and serve, and to hold that the claims of 2007 involving Mr. Hunter state a valid cause of action and are timely.

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Defamatory statements are libelous per se, if the statement tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society'" See, Gjonlekaj v Sot, 308 AD2d 471, 473 [2003], quoting Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379 [1977]).

Additionally, a defamatory statement is libelous per se if it imputes fraud, dishonesty, misconduct, or unfitness in conducting one's profession" (id.). It is also well established that words constitute slander per se if they "impute the commission of a serious crime . . . or if they affect the plaintiff in his trade, occupation, or profession" See, Sterling Doubleday Enterprises, L.P. v Marro, 238 AD2d 502, 503 [1997]; Warlock Enterprises v City Center Assocs., 204 AD2d 438, 438 [1994]).

Of course only false assertions of fact may be the subject of an action for defamation; an expression of opinion is not actionable as a defamation, no matter how offensive, vituperative, or unreasonable it may be.  See, Weiner v. Doubleday and Co., 74 N.Y.2d 586, 550 N.Y.S.2d 251, 549 N.E.2d 453, cert. den. 495 U.S. 930, 109 L. Ed. 2d 498, 110 S. Ct. 2168).  This is because it cannot be subjected to the test of truth or falsity.  See, McManus v. Doubleday & Co., 513 F.Supp. 1383, 1385.

The proper inquiry, as to whether a particular statement is one of fact, or one of opinion, is whether the reasonable reader could have concluded that the statements

Law Office of Douglas R. Dollinger & Associntes
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

were conveying facts about the plaintiff. See, <u>Gross v. New York Times Co.</u>, 82 N.Y.2d 146, 152, 603 N.Y.S.2d 813, 623 N.E.2d 1163, citing <u>600 West 115th Street Corp. v. Von Gutfeld</u>, 80 N.Y.2d 130, 139, 589 N.Y.S.2d 825, 603 N.E.2d 930).

This inquiry entails an examination of the challenged statement "with a view toward (1)whether this specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to 'signal .... readers or listeners that what is being read or heard is likely to be opinion, not fact'". See, <u>Gross v. New York Times Co.</u>, supra, at 153, citing <u>Steinhilber v. Alphonse</u>, 68 N.Y.2d 283, 292, 508 N.Y.S.2d 901, 501 N.E.2d 550.

In this case there should be little no doubt that the Complaint states a legally sufficient cause of action for deformation per se because it tends to expose the Plaintiffs to public contempt, ridicule, aversion and disgrace.

Moreover, it was stated so as to induce an evil opinion of DOLLINGER-a local Attorney. And, it is clear that the that the words were spoken to deprive him of friendly intercourse in the CITY." See, <u>Sydney v Macfadden Newspaper Pub. Corp.</u>, 242 NY 208, 211-212; <u>Gates v New York Recorder Co.</u>, 155 NY 228, 231, 232.)

Clearly, the statements complained of are defamatory on their face, and as such any motive or meaning other than their natural meaning should be determined by the trier of fact.

**Law Office of Douglas R. Dollinger & Associates**
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

**G.     Plaintiffs State Law Claims**

Again as was the case with the CITY Defendants, as for the sake of brevity alone in relation to each of the state law claims, by Cross-Motion Plaintiffs will be seeking leave to amend their Complaint before the Court.    Although, Plaintiffs do not agree that in any instance the claims are deficient or subject to dismissal for any reason, in the unlikely event the Court deems dismissal is required Plaintiffs believe such dismissal should be without prejudice and subject to the right to file an amended complaint in this action because no prejudice will be had to the Defendants and because Fed Rule of Civ. P. 15(a) provides the right as a matter of right in this instance.

With the foregoing in mind, Plaintiffs will briefly address the claimed deficiency by MR. GABOR:

1. **Common Law Conspiracy-Count V**

This claim is fully supported by the allegations of the Complaint and may be separately pursued as a state law claim co-extensive with Plaintiffs 1983(3) and 1985(3) claims.

2. **Abuse of Process Counts VIII:**

Clearly, the allegations of the Complaint are that the GABOR intended to do harm which caused the CITY to institute the action for an illegitimate purposes by filing their complaint and falsely claiming that the Building Inspector issued the Building Permit by mistake when they each knew otherwise.

Under these circumstances accepting the facts as presented to be true the Court should deny this branch of the GABOR's Motion as he will be jointly and separately liable in the conspiracy.

### 3. <u>Infliction of Emotional Distress-Counts VI and VII</u>

The record in this case establishes that Defendant GABOR in furtherance of the conspiracy to injure Plaintiff DOLLINGER, and intending to oust him from the CITY, has willfully caused the false publication and transmission of false allegations directly related to the moral character of the Plaintiff DOLLINGER in relation to the CITY's former Building Inspector claiming that a bribe was given by Plaintiff DOLLINGER to CUMMINGs for receipt of the Building Permit on behalf of the Plaintiffs, as well as his claiming that DOLLINGER bribed the new CITY Building Inspector Hunter to condemn a building occupied by his so as to force the sale of the same to him.

Plaintiff's emotional injuries are proximately tied to the willful and malicious acts of GABOR on behalf of the Enterprise.

For in excess of 18 months, DOLLINGER has needlessly lived under a cloud of suspicion, enduring depression, anxiety, embarrassment, emotional distress and loss of income, weight gain and loss, caused by the nightmare of the conspiracy to deny him his Constitutional  and civil rights. Under the circumstances presented, plaintiff should be given the opportunity to prove his allegations (see, Prosser, Torts

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

[4th ed], § 54, at 330; see also, <u>Bovsun v. Sanperi</u>, 61 NY2d 219, 231; <u>Battalla v. State of New York</u> 10 NY2d 237, 240-242.

### 4. <u>Libel Slander and defamation Count IX (sic VIII)</u>

Putting aside the argument that "most" of the claims are time barred because they are not, at this time Plaintiffs are asking the Court to dismiss the claims of libel-defamation arising from the 2006 publication involving MR. CUMMINGs without prejudice to raise those claims in any amended complaint the Court may grant Plaintiffs permission to file and serve, and hold that the claims of 2007 involving Mr. Hunter state a valid cause of action and are timely.

### <u>CONCLUSION</u>

For all of the foregoing reason the CITY's Motion should be denied.

**RESPECTFULLY SUBMITTED**, this 31st day of December 2007.

By:_____

DOUGLAS R. DOLLINGER, (DD 5922)

Law Office of Douglas R. Dollinger & Associates
40 Matthews Street, Goshen, New York 10924* Tele. 845.294.2771 Facs. 845.294.2772

Rx Date/Time      FEB-20-2008(WED) 13:08          212 213 0711          P. 001
FEB-20-2008 WED 01:13 PM MALONEY LETOWSKY      FAX NO. 212 213 0711      P. 01

1

2                            **PROOF OF SERVICE**

3    STATE OF NEW YORK    )

4    COUNTY OF NEW YORK)

5        I, **JENNIFER ALTRECHE**, being duly sworn, says; I am not a party to the action, am

6    over 18 years of age and resides at Bronx County.

7        On December 31, 2007, I served the following documents: MEMORANDUM OF LAW
     IN OPPOSITION TO GABOR'S MOTIONS TO DISMISS PURSUANT TO FED RULE

8    CTV.P.12 (b) (6).

9            *** PLEASE SEE ATTACHED SERVICE LIST***

10

     **X   VIA OVERNIGHT MAIL:**

11
         By delivering such documents to an overnight mail service or an authorized courier in a

12   sealed envelope or package designated by the express courier addressed to the person(s) on
     whom it is to be served.

13

14   ___VIA U.S. MAIL:

15       By depositing a sealed envelope containing the above-cited document with the U.S.
     Postal Service on December 31, 2007, with postage thereon fully paid at the local post office in

16   Newburgh, New York.

17   ___VIA PERSONAL DELIVERY:

18       By personally delivering such sealed envelope by hand to the offices of the addressee

19   pursuant to the applicable law

20   ___VIA FACSIMILE:

21       By facsimile transmission where a report was generated indicating that the transmission

22   was completed to the number indicated on the report without error.

23       I declare under penalty of perjury under the laws of the United States of America that the
     above is true ad correct and I declare that I did so at the direction of the member of the bar of

24   this Court at whose direction the service was made.

25       Executed this 31st day of December 2007, City of New York, County of New York, State

26   of New York.

27                              JENNIFER ALTRECHE

28

                              PAUL H. MALONEY IV
                         Notary Public, State of New York
                              No. 02MA4794019
                         Qualified in New York County
                        Commission Expires May 31, 2011